USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/27/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
: 
MARIAH LOPEZ, :
:
                           Plaintiff, :
:     17-CV-3014 (VEC)
              -against- :
:     TEMPORARY RESTRAINING
THE CITY OF NEW YORK, and PROJECT :     ORDER
RENEWAL, INC. :
                         Defendants. :
------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

       On April 25, 2017 Plaintiff, proceeding *pro se*, filed a complaint for preliminary and permanent injunctive relief alleging that Defendants have refused to permit her service animal access to a public accommodation in violation of Title III of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12182(a). Plaintiff concurrently moved for a temporary restraining order ("TRO") pursuant to Rule 65 of the Federal Rules of Civil Procedure. On April 27, 2017 the Court held a conference in respect of Ms. Lopez's application for a temporary restraining order.

       The standard for entry of a TRO in this circuit is the same as for a preliminary injunction. *See Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008). In order to obtain a TRO (or preliminary injunction) a moving party must demonstrate: "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair grounds for litigation and a balance of hardships tipping decidedly in the movant's favor." *MyWebGrocer, L.L.C. v. Hometown Info., Inc.*, 375 F.3d 190, 192 (2d Cir. 2004) (*quoting Merkos L'Inyonei Chinuch, Inc. v. Otsar Sifrei Lubavitch, Inc.*, 312 F.3d 94, 96 (2d Cir. 2002)).

Federal regulations require public accommodations to modify their "policies, practices, or procedures to permit the use of a service animal by an individual with a disability."[1] 28 C.F.R. § 36.302(c)(1). The Court finds that Plaintiff has shown that there are "sufficiently serious questions going to merits" of whether her dog is a service animal within the meaning of federal regulations. *See* 28 C.F.R. § 36.104 ("Service animal means any dog that is individually trained to do work or perform tasks for the benefit of an individual with a disability, including a physical, sensory, psychiatric, intellectual, or other mental disability . . . ."). Plaintiff has provided the Court and Defendants with information relative to the tasks performed by the animal and an unverified letter from a treating psychiatrist as to the animal's role in her care. While the Defendants take the position that the animal is in fact an "emotional support" or a "therapy" dog, which the City is not required to accommodate under the ADA, at this provisional stage, plaintiff's showing is adequate.

The Court further finds that Plaintiff has adequately shown a risk of irreparable harm. Failure to accommodate Plaintiff and the service animal would potentially cause Plaintiff to be without shelter.

Accordingly, IT IS HEREBY ORDERED that the Defendants are provisionally directed to accommodate Plaintiff and her service animal at the "Marsha's House" homeless shelter until 3:00 p.m. on May 1, 2017, unless this Court orders otherwise. This Order is without prejudice to the Defendants' and Marsha's House's right to require Plaintiff to comply with all applicable

---

[1] At this stage, the Court assumes, and Defendants do not appear to dispute, that Plaintiff has a "disability" for purposes of the ADA. This is without prejudice to the City's right to dispute Plaintiff's disability at later stages of the litigation.

shelter rules and City and State regulations.[2] Plaintiff's failure to comply with shelter rules or City and State regulations is grounds to dissolve this TRO.

IT IS HEREBY FURTHER ORDERED that the parties are directed to appear at **3:00 p.m. on May 1, 2017** in Courtroom 443 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York 10007 at which time the Court will hold a hearing in respect of Plaintiff's application for temporary injunctive relief.

**SO ORDERED.**

Date: April 27, 2017
New York, NY
4:00 p.m.

								_____
								**VALERIE CAPRONI**
								**United States District Judge**

---

[2] This temporary restraining order is also without prejudice to the City's resolution of Plaintiff's outstanding application for a reasonable accommodation and the City's administrative procedures concerning placement of Plaintiff in an acceptable shelter. The Court notes that resolution of the accommodation application or a showing that there are new independent grounds for the City's decision to discharge Plaintiff from the Marsha's House shelter may moot this case.