```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X
Mariah Lopez,

                Plaintiff,
                                          17 Civ. 3014
         -against-                        ORDER

NYC Department of Homeless Services,
et al.,

                Defendants.
--------------------------------------X
```
Deborah A. Batts, United States District Judge:

    Plaintiff filed this pro se action on April 25, 2017. On June 15, 2017, Plaintiff filed a Motion seeking a Temporary Restraining Order. In essence, Plaintiff seeks to have the Court order Defendants to transfer her back to Marsha's House, an LGBTQ-focused homeless facility in which she was previously sheltered, from WIN West, a shelter that Plaintiff claims cannot provide her with reasonable accommodations. Plaintiff has removed herself from WIN West and is currently homeless.

    In the Second Circuit, a plaintiff seeking a temporary restraining order must show: "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair grounds for litigation and a balance of hardships tipping decidedly in the movant's favor." <u>Chan v. Chinese-Am. Planning Council Home Attendant</u>

Program, Inc., No. 15-CV-9605 (KBF), 2016 WL 3004516, at *1 (S.D.N.Y. Jan. 21, 2016) (quoting MyWebGrocer, L.L.C. v. Hometown Info., Inc., 375 F.3d 190, 192 (2d Cir. 2004)). The purpose of a temporary restraining order is "to maintain the status quo for a short period of time, usually only until a hearing can be held." Id. "When the movant seeks affirmative and not merely prohibitory relief, the plaintiff must make either a heightened showing on the merits or show that extreme or very serious damage will flow from denial of an injunction." Herrick v. Grindr, LLC, 17-CV-932 (VEC), 2017 WL 744605, at *2 (S.D.N.Y. Feb. 24, 2017) (quotation marks omitted).

Here, Plaintiff seeks reinstatement to her former shelter, and thus requests affirmative, and not prohibitory, relief. However, she has left the custody of the Department of Homeless Services since the date of her transfer, and it is unclear what irreparable harm the current Motion seeks to avoid. In light of the heightened standard governing requests for affirmative emergency relief, the Court is not able to grant a temporary restraining order.

However, the Court interprets Plaintiff's request for a temporary restraining order as incorporating a request for a preliminary injunction. At the Parties' previously scheduled initial pre-trial conference on June 30, 2017, Judge Caproni

2

will set a schedule for a preliminary injunction hearing.

Plaintiff is instructed to serve the moving papers on Defendants by June 23, 2017.

    SO ORDERED.

Dated:    June 15, 2017
           New York, New York

                                            Deborah A. Batts
                                  United States District Judge