UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

MARIAH LOPEZ,

                                      Plaintiff,

                   -against-

THE CITY OF NEW YORK and PROJECT RENEWAL, INC.,

                                   Defendants.

------------------------------------------------------------------- x

**DEFENDANTS' JOINT LETTER AND PROPOSED CASE MANAGEMENT PLAN**

17-CV-3014 (VEC)

Dear Judge Caproni:

      In accordance with Your Honor's Order, dated May 24, 2017 (Dkt No. 21), and in anticipation of the initial pre-trial conference scheduled for June 30, 2017, the Defendants jointly submit this letter and Proposed Case Management Plan in connection with the above-referenced matter. Defendants submitted a draft of this letter and the Proposed Case Management Plan to Plaintiff on Monday June 19, 2017 and requested her input. Defendants have repeated their request for her input on two additional occasions this week. Plaintiff has just advised Defendants that she does not agree with the contents of the letter, that she is attempting to obtain counsel, and that she cannot respond before Monday June 26, 2017.

1. **Nature of the Action:**

      Plaintiff *pro se* filed the instant action on April 25, 2017 seeking "an order which directs NYC Dep of Homeless Services and Project Renewal ("Marsha's House") to allow [her] access to entry with [her] service animal, under Titles II and III of the ADA." Complaint, Paragraph VI (Dkt No. 2).

2. **Procedural History:**

      Plaintiff *pro se* filed the instant complaint on April 25, 2017. Plaintiff then obtained counsel. After hearing argument from Plaintiff, Plaintiff's counsel and attorneys for the City of New York on April 27, 2017, the Court entered a Temporary Restraining Order providing in part "that the Defendants are provisionally directed to accommodate Plaintiff and her service animal at the "Marsha's House" homeless shelter until 3:00 p.m. on May 1, 2017, unless this Court orders otherwise. This Order is without prejudice to the Defendants' and Marsha's House's right to require Plaintiff to comply with all applicable shelter rules and City and State regulations." (Dkt. No. 8). The City subsequently determined that Plaintiff was entitled to have her dog in the City's shelter system as a reasonable accommodation for

Plaintiff's disability, and Plaintiff's counsel advised the Court that in light of the City's determination, Plaintiff did not oppose the dissolution of the TRO. (Dkt No. 14). Plaintiff's counsel then withdrew from the case, and thereafter plaintiff has acted *pro se*.

On May 8, 2017 Defendant City of New York and on May 9, 2017 Defendant Project Renewal respectively received a Statement of Service by Mail and Acknowledgment of Receipt by Mail of Summons and Complaint from the U.S. Marshals Service. The City of New York mailed a completed Acknowledgment of Receipt of Service by Mail to the U.S. Marshals Service on June 2, 2017, and Project Renewal mailed its Acknowledgment of Receipt of Service by Mail to the U.S. Marshals Service on June 5, 2017. As such, under a standing order of the Court, filed December 30, 2013, the City of New York has until August 1, 2017 to respond to the complaint, and Project Renewal has until August 4, 2017, which is sixty days from the date that the defendant mailed its completed Acknowledgment of Receipt of Service by Mail to the U.S. Marshals Service. Based on the claims current alleged in the complaint, the City of New York and Project Renewal each intend to seek leave from the Court to file a motion to dismiss the complaint for failure to plead a prima facie case, and as moot, among other grounds.

On May 30, 2017, Plaintiff sought an emergency order "to stop New York City Department of Homeless Services from moving [her] from Marsha's House shelter, or suspending [her] services there, until this Court determines if the suspensions of services or transfer are retaliatory for the TRO which this Court issued and [she] allowed to dissolve." (Dkt. No. 23) After hearing argument from Plaintiff and attorneys for the City of New York and Project Renewal and taking testimony on May 31, 2017, the Court denied the request for emergency relief.

On June 15, 2017, Plaintiff again sought an emergency order directing the Defendants to transfer Plaintiff back to Marsha's House. (Dkt. No. 31). On June 15, 2017, Judge Batts denied the request for a TRO and noted that at the initial pre-trial conference on June 30, 2017, Judge Caproni will set a schedule for a preliminary injunction hearing. (Dkt. No. 32).

3. **Proposed Case Management Plan:**

- All parties do not consent to conducting further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c).

- Pleadings may not be amended and additional parties may not be joined after **July 15, 2017.**

- Initial disclosure pursuant to Rules 26(a)(1), Fed. R. Civ. P. shall be completed by: **September 8, 2017.**

- All fact discovery shall be completed no later than **December 31, 2017.**

- Discovery:

    o Initial requests for production of documents to be served by: **October 9, 2017.**

- o Interrogatories to be served by: **October 9, 2017.**

- o Requests to Admit to be served by: **November 3, 2017.**

- o Depositions to be completed by: **November 30, 2017.**

- o All expert discovery to be completed no later than **December 15, 2017.**

Dated: New York, New York
June 23, 2017

| | |
|---|---|
| **JACKSON LEWIS P.C.** | **ZACHARY W. CARTER** |
| Attorneys for Defendant | Corporation Counsel of the |
| Project Renewal, Inc. | City of New York |
| 666 Third Avenue | Attorney for Defendant |
| New York, New York 10017 | The City of New York |
| Tel: (212)545-4000 | 100 Church Street |
| Fax: (212)972-3213 | New York, New York 10007-2601 |
| | Tel: (212)356-0872 |

By: _/s/ Kevin P. Connolly_
Richard I. Greenberg, Esq.
Kevin P. Connolly, Esq.

By: _/s/ Thomas B. Roberts_
Thomas B. Roberts, Esq.
Assistant Corporation Counsel