# Exhibit 1

# REQUEST FOR JUDICIAL INTERVENTION
UCS-840 (3/2011)

For Court Clerk's Use Only

IAS Entry Date

**Supreme** COURT, COUNTY OF _NY_

Index No: _100632/17_  Date Index Issued: _5/12/17_

Judge Assigned: _Saffe_

RJI Date

## CAPTION: Enter the complete case caption. Do not use et al or et ano. If more space is required, attach a caption rider sheet.

✗ **Mariah Lopez**

SUPREME COURT
NEW YORK COUNTY
EX-PARTE MOTION PART

Plaintiff(s)/Petitioner(s)

PETITIONER(S)

-against-

**NYC Dep. Homeless Services**

✗ **Project Renewal**

FILED

MAY 12 2017

NEW YORK
COUNTY CLERK'S OFFICE

RESPONDENTS (S)

Defendant(s)/Respondent(s)

## NATURE OF ACTION OR PROCEEDING: Check ONE box only and specify where indicated.

### MATRIMONIAL
- ○ Contested
- ○ Un-contested

NOTE: For all Matrimonial actions where the parties have children under the age of 18, complete and attach the MATRIMONIAL RJI Addendum.

### TORTS
- ○ Asbestos
- ○ Breast Implant
- ○ Environmental: _____
  (specify)
- ◉ Medical, Dental, or Podiatric Malpractice
- ○ Motor Vehicle
- ○ Products Liability: _____
  (specify)
- ○ Other Negligence: _____
  (specify)
- ○ Other Professional Malpractice: _____
  (specify)
- ○ Other Tort: _____
  (specify)

### COMMERCIAL
- ○ Business Entity (including corporations, partnerships, LLCs, etc.)
- ○ Contract
- ○ Insurance (where insurer is a party, except arbitration)
- ○ UCC (including sales, negotiable instruments)
- ○ Other Commercial: _____
  (specify)

NOTE: For Commercial Division assignment requests [22 NYCRR § 202.70(d)], complete and attach the COMMERCIAL DIV RJI Addendum.

### REAL PROPERTY: How many properties does the application include?
- ○ Condemnation
- ○ Foreclosure
Property Address: _____
Street Address   City   State   Zip

NOTE: For Foreclosure actions involving a one- to four-family, owner-occupied, residential property, or an owner-occupied condominium, complete and attach the FORECLOSURE RJI Addendum.
- ○ Tax Certiorari - Section: _____ Block: _____ Lot: _____
- ○ Other Real Property: _____
  (specify)

### OTHER MATTERS
- ○ Certificate of Incorporation/Dissolution  [see NOTE under Commercial]
- ○ Emergency Medical Treatment
- ○ Habeas Corpus
- ○ Local Court Appeal
- ○ Mechanic's Lien
- ○ Name Change
- ○ Pistol Permit Revocation Hearing
- ○ Sale or Finance of Religious/Not-for-Profit Property
- ○ Other: _____
  (specify)

### SPECIAL PROCEEDINGS
- ○ CPLR Article 75 (Arbitration)  [see NOTE under Commercial]
- ○ CPLR Article 78 (Body or Officer)
- ○ Election Law
- ○ MHL Article 9.60 (Kendra's Law)
- ○ MHL Article 10 (Sex Offender Confinement-Initial)
- ○ MHL Article 10 (Sex Offender Confinement-Review)
- ○ MHL Article 81 (Guardianship)
- ○ Other Mental Hygiene: _____
- ○ Other Special Proceeding: _____
  (specify)

## STATUS OF ACTION OR PROCEEDING: Answer YES or NO for EVERY question AND enter additional information where indicated.

| | YES | NO | |
|---|---|---|---|
| Has a summons and complaint or summons w/notice been filed? | ○ | ○ | If yes, date filed: _____ |
| Is this action/proceeding being filed post-judgment? | ○ | ○ | If yes, judgment date: _____ |

[Print in _black_ ink all areas in bold letters. Other spaces are for Court use.]

At I.A.S. Part __12__ of the Supreme
Court of the State of New York, held
in and for the County of New York, at
the Courthouse, thereof, 60 Centre
Street, New York, N.Y., on the __18__
day of __May__ , 20__17__

PRESENT: HON. __JAFFE__

Justice of the Supreme Court

In the Matter of the Application of

__Mariah Lopez__
[fill in name(s)]
                                    - against -                                    Petitioner(s)

__NYC__
__Department of Homeless Services and__
__Project__

[fill in name(s)]                                    Respondent(s)

Index Number

__100632/17__

ORDER TO SHOW CAUSE
IN SPECIAL PROCEEDING

MS#

Upon reading and filing the petition(s) of __Mariah Lopez__

_____ [your name(s)], sworn to on __MAY 11__ , 20__17__

[date Verified Petition notarized] and upon the exhibits attached to the petition,

[Identify Exhibits below. List additional Exhibits on separate page.]

Exhibit A - "_Shelter Client Ref (or) Transfer Referral_
_Form (Form 402B)_"

Let the respondent(s) show cause at I.A.S. Part __12__ , Room __341__ , of this
Court, to be held at the Courthouse, 60 Centre Street, New York, N.Y., on the __31__ day of
__May__ , 20__17__ , at __11:30__ o'clock in the __am__ noon or as soon as the parties
to this proceeding may be heard why an order should not be made, providing the following relief:
[briefly describe what you are asking the Court to do] _Restrain DHS and Project_
_Renewal from carrying out an administrative transfer_

from "Marsha's Place" Shelter located at 480 E 185 St Bronx 10458, until ∞

for the reasons that [*briefly* describe the reasons why you should be granted what you are requesting] Because I have tried to exhaust my administrative remedies (I actually am certain that I have, in fact exhausted all remedies with Department of Homeless Services and Project Renewal) concerning a challenge to the "Administrative Transfer" from Marsha's place, and am still set to be transferred. My safety and wellbeing are in jeopardy if I am transferred. I am disabled, and have unique medical needs as a Trans woman.

Sufficient cause appearing therefore, let personal service of a copy of this order, the petition and all other papers upon which this order is granted, upon all parties to this proceeding, on or before the 17th day of May, 2017 be deemed good and sufficient. A copy of an affidavit or acknowledgment of service shall be filed with the County Clerk (Room 141-B) immediately after service and the original of such proof of service shall be presented to this court on the return date directed in the second paragraph of this order.

ENTER

Pending the determination of this proceeding, respondents are stayed from enforcing the transfer removal of petitioner to the Win West Shelter.

BARBARA JAFFE
J.S.C.

Respondents to appear or answer on or before 5/24 before 5 pm.

This order is conditioned on petitioner complying with respondents' rules & regulations. Respondents' employees are likewise directed to comply with the pertinent law & rules of the facility.

[Print in **black** ink all areas in bold letters.]

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

In the Matter of the Application of ——————————————x          Index Number

Moriah Lopez

[fill in name(s)]

                                              Petitioner(s)          NOTICE OF PETITION

- against -

Department of Homeless Services and
Project Renewal

[fill in name(s)]

                                              Respondent(s)
——————————————————————————————x

PLEASE TAKE NOTICE that upon the verified petition(s) of Moriah
Lopez ——————————, [your name(s)], sworn to on ——————, 200__
[date Verified Petition notarized], and the attached exhibits, petitioner(s) will request this Court,
at 9:30 AM on the ____ day of ———————————, 200 ___, [return date] at the Courthouse, at
60 Centre Street, New York, N. Y., in the Motion Support Courtroom, Room 130, for a judgment,
pursuant to the Civil Practice Law and Rules (CPLR), granting the following relief to the
petitioner(s): [**briefly** describe what you are asking the Court to do] To order NYC Dep.
of Homeless Services to postpone or reverse its decision
to approve Project Renewals request to Transfer me
from Marsha's Place shelter (for Transgender People).

and for such other and further relief as this Court may deem just and proper.

Dated: ———————————, 200___

          [date signed]                              Respectfully submitted,

                                              ——————————————————
                                              ——————————————————
                                              ——————————————————

To: Respondent(s)

——————————————————
——————————————————                              Petitioner(s)
——————————————————                      [your name, address, telephone number ]


——————————————————
[name, address, telephone number]

[Print in _black_ ink to fill in the spaces next to the instructions]

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

In the Matter of the Application of ————————x

Mariah Lopez

[fill in name(s)]

                                Petitioner(s)            Index Number

- against -

NYC Department of Homeless
Services, Project Renewal                    VERIFIED PETITION

[fill in name(s)]

                                Respondent(s)
————————————————————————x

TO THE SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF NEW YORK:

The petition of Mariah Lopez

shows to this Court as follows:                    [your name] respectfully

1. Petitioner resides at 480 E 185 St Bronx 10458

                                [your address]

2. The respondent(s) is/are [identify the respondent(s)] New York City Department
Of Homeless Services and Project Renewal

3. [Describe what you are requesting. Add more pages if needed. If you are appealing
the decision of a government agency, give the date and outcome of the final determination.
Explain why this Court should reverse that decision.] For the Court to order
NYC DHS (1) to stay its decision/approval for
an Administrative Transfer from Project Renewal's
"Marsha's Place" Transgender (GLBTQ) Shelter,
2) NYC DHS and Project Renewal are using an
"Admin Transfer" to move me from Marsha's
Place after a Federal Court issued a TRO against
such a move on April 27th 3) brought a lawsuit
Pro Se against the respondents for refusing
entry of my Service Dog. 4) allowed the TRO

to dissolve after DHS and Project Renewal allowed my dog in. ⑤ Since then, Staff at Marsha's Place have been treating me "different" than other clients. ⑥ Rules are cited and enforced more against me than the other clients, and the apparent "stricter" attitude, in addition to staff seeming to document more of my alleged infractions than other clients have resulted in a "paper trail" and so I am being transferred. ⑦ Under CPLR "78" article 78, I'm challenging the DHS Transfer. ⑧ Project Renewal's Director Seldon Grimell has also shared inappropriate details about his personal life with me, leading me to believe that the Administrative Transfer he personally requested and pushed for is retaliation for my lawsuit and TRO in Federal Court, as well as my confronting him yesterday in a private meeting. The transfer came after an incident where I passionately objected to discrimination I witnessed by Food-Service staff against Trans Clients. The incident is simply an excuse to transfer me.

4. Attached are copies of all relevant documents. [Attach the decision you are asking the court to reverse as Exhibit A. Attach any other documents as Exhibit B, Exhibit C, and so on. List additional Exhibits on separate page.]

Exhibit A -

Exhibit B -

Exhibit C -

Exhibit D -

Exhibit E -

5. A prior application (has not)/ has [circle one] been made for the relief now requested. If you made this application before in this or any other court, describe where, when, the suit and why you are making it again.]

WHEREFORE, your deponent respectfully requests that this Court [*briefly describe what you are requesting*]: That DHS and Project Renewal be barred from Transferring me from Marsha's Place Shelter until this Court determines if retaliation was the main reason behind the request for an "Admin-Transfer."

5/11/17
_____, 200__
[date signed]

Petitioner [sign your name]

Mariah Lopez
[print your name]

480 E 185 Street
Bronx 10458
[your address and telephone no.]

VERIFICATION

STATE OF NEW YORK
COUNTY OF __New York__            ss:

_____Mariah Lopez_____ [your name], being duly sworn, deposes and says that: I am the petitioner in this proceeding; I have read the foregoing petition and know the contents thereof; the same is true to my own knowledge, except as to matters therein stated to be alleged on information and belief; and as to those matters I believe it to be true.

Sworn to before me on
11th day May, 2007

Notary Public

Petitioner [sign your name in front of a Notary]

Mariah Lopez
[print your name]

FRANKIE ALMANZAR
Notary Public, State of New York
Reg. No. 04AL6287906
Qualified in New York County
Commission Expires Sept. 9, 20_17

3

Form 402B
Revised 8/10/98

Division of Adult Services
Department of Homeless Services

# SHELTER CLIENT TRANSFER REFERRAL

| CLIENT'S SURNAME: | FIRST NAME: | H.A. NUMBER: |
|---|---|---|
| Lopez | Mariah | 745918 |

* You are being OFFICIALLY transferred on  05 / 11 / 17  to _____ Win West Shelter _____, because:

Administrative Transfer - Safety Concern

| NAME OF SHELTER REFERRED TO: | ADDRESS OF SHELTER REFERRED TO:: |
|---|---|
| Win West Shelter | 341 W. 51st Street NY NY |
| CONTACT PERSON AT SHELTER REFERRED TO: | DATE REFERRED / TIME OF CALL: |
| Diana Santos | |

* Beginning on  05 / 11 / 2017,  your new shelter is your OFFICIAL SHELTER. You are <u>not</u> eligible to transfer for services at any other DHS or DHS contracted Adult Services shelter. You may <u>not</u> transfer to any other DHS or DHS contracted Adult Services shelter without agency approval.

Your Official shelter will provide the following services to you:

1) bed      3) three meals a day      5) toiletries      7) recreation
2) locker      4) clothing      6) carfare      8) social services

TRANSFER APPROVED BY:   Kaedon Grinnell         5/11/17
                         Print Name                   Signature          Date

[  ] I did NOT request a Supervisory Review and <u>accept</u> the transfer as a change in my official shelter.

Client's Signature (X) _____ Date: _____

[  ] I have had a Supervisory Review on __ / __ / __ and I <u>accept</u> transfer to my new official shelter.

Client's Signature (X) _____ Date: _____

[  ] I have had a Supervisory Review on __ / __ / __ , but continue to <u>disagree</u> with the change in my official shelter.

Client's Signature (X) _____ Date: _____

[  ] Client refused to sign; however, form was explained to client.

WITNESSING WORKER: _____
                     Print Name                  Signature         Date

| Time that client left referring shelter _____ A.M. or P.M. |
|---|

Form 402A
7/98 Revised

Division of Adult Services
Department of Homeless Services

# CLIENT NOTIFICATION OF TRANSFER

Shelter: _Marsha's House - 480 e. 185th St. BX NY_   Date: _05_ / _10_ / _2017_

| CLIENT'S SURNAME: | FIRST NAME: | H.A. NUMBER: |
|---|---|---|
| Lopez | Mariah | 745918 |

You are being OFFICIALLY transferred by _05/ 11 / 2017_ because _____

_Administrative Transfer - Safety Concern_

## Right of Review

Upon receipt of this notice, you are entitled to meet with your caseworker to discuss why you are being transferred. If you disagree with the transfer, you may have a Supervisory Review to respond to the reason(s) for your transfer.

[ ]  I **accept** the reason(s) for transfer and I do NOT request a Supervisory Review.

Client's Signature (X) _____   Date: _____

I **do not** accept the reason(s) for transfer and I request a Supervisory Review.

Client's Signature (X) _____   Date: _____

[ ]  I do **not** accept the reason(s) for transfer and  I do NOT request a Supervisory Review.

Client's Signature (X) _____   Date: _____

[ ]  Client refused to sign;  however, reason(s) for transfer was explained to client.  Supervisory Review mandated.

WITNESSING CASEWORKER: _____

Print Name                          Signature                          Date

SOCIAL SERVICE DIRECTOR/
SHIFT SUPERVISOR: _____

Signature            Date            Print Name

_____  I have scheduled a SUPERVISORY REVIEW with client on  ____ / ____ / ____.

SHELTER DIRECTOR/DEPUTY:  I have reviewed the reasons for transfer with the client, and find that the transfer is:
(  ) Withdrawn; no transfer at this time   (  ) Upheld; transfer will proceed as above   (  ) Revised; new Transfer Shelter and 402A.

Print Name                          Signature                          Date

Distribution:  Original to client, copy to case record.

Form 402B
Revised 8/10/98

Division of Adult Ser
Department of Homeless Se

# SHELTER CLIENT TRANSFER REFERRAL

| CLIENT'S SURNAME: | FIRST NAME: | H.A. NUMBER: |
|---|---|---|
| Lopez | Mariah | 745918 |

* You are being OFFICIALLY transferred on 05 / 11 / 17  to ____Win West Shelter____, becaus

Administrative Transfer - Safety Concern

| NAME OF SHELTER REFERRED TO: Win West Shelter | ADDRESS OF SHELTER REFERRED TO:: 341 W. 51st Street NY NY |
|---|---|
| CONTACT PERSON AT SHELTER REFERRED TO: Diana Santos | DATE REFERRED / TIME OF CALL: |

* Beginning on __05 / 11__ / 2017, your new shelter is your OFFICIAL SHELTER.  You are not eligible to transfer for services at any other DHS or DHS contracted Adult Services shelter.  You may not transfer to any other DHS or DHS contracted Adult Services shelter without agency approval.

Your Official shelter will provide the following services to you:

1) bed          3) three meals a day          5) toiletries          7) recreation
2) locker       4) clothing                   6) carfare             8) social services

TRANSFER APPROVED BY:  Kaedon Grinnell          _signature_          5/11/17
                              Print Name                 Signature              Date

[ ]  I did NOT request a Supervisory Review and accept the transfer as a change in my official shelter.

   Client's Signature (X) _____          Date: _____

[ ]  I have had a Supervisory Review on __ / __ / ___ and I accept transfer to my new official shelter.

   Client's Signature (X) _____          Date: _____

[ ]  I have had a Supervisory Review on __ / __ / ___ , but continue to disagree with the change in my official shelter.

   Client's Signature (X) _____          Date: _____

[ ]  Client refused to sign;  however,  form was explained to client.

WITNESSING WORKER: _____
                              Print Name                 Signature              Date

| Time that client left referring shelter | A.M. or P.M. |
|---|---|

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   4/27/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

MARIAH LOPEZ,

                    Plaintiff,

        -against-

THE CITY OF NEW YORK, and PROJECT
RENEWAL, INC.

                  Defendants.

------------------------------------------------------------ X

17-CV-3014 (VEC)

TEMPORARY RESTRAINING
ORDER

VALERIE CAPRONI, United States District Judge:

      On April 25, 2017 Plaintiff, proceeding *pro se*, filed a complaint for preliminary and

permanent injunctive relief alleging that Defendants have refused to permit her service animal

access to a public accommodation in violation of Title III of the Americans with Disabilities Act

(the "ADA"), 42 U.S.C. § 12182(a).  Plaintiff concurrently moved for a temporary restraining

order ("TRO") pursuant to Rule 65 of the Federal Rules of Civil Procedure.  On April 27, 2017

the Court held a conference in respect of Ms. Lopez's application for a temporary restraining

order.

      The standard for entry of a TRO in this circuit is the same as for a preliminary injunction.

*See Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008).  In order to obtain a TRO (or

preliminary injunction) a moving party must demonstrate: "(1) irreparable harm in the absence of

the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious

questions going to the merits to make them a fair grounds for litigation and a balance of

hardships tipping decidedly in the movant's favor." *MyWebGrocer, L.L.C. v. Hometown Info.,

Inc.*, 375 F.3d 190, 192 (2d Cir. 2004) (*quoting Merkos L'Inyonei Chinuch, Inc. v. Otsar Sifrei

Lubavitch, Inc.*, 312 F.3d 94, 96 (2d Cir. 2002)).

Federal regulations require public accommodations to modify their "policies, practices, or procedures to permit the use of a service animal by an individual with a disability."[1] 28 C.F.R. § 36.302(c)(1). The Court finds that Plaintiff has shown that there are "sufficiently serious questions going to merits" of whether her dog is a service animal within the meaning of federal regulations. *See* 28 C.F.R. § 36.104 ("Service animal means any dog that is individually trained to do work or perform tasks for the benefit of an individual with a disability, including a physical, sensory, psychiatric, intellectual, or other mental disability . . . ."). Plaintiff has provided the Court and Defendants with information relative to the tasks performed by the animal and an unverified letter from a treating psychiatrist as to the animal's role in her care. While the Defendants take the position that the animal is in fact an "emotional support" or a "therapy" dog, which the City is not required to accommodate under the ADA, at this provisional stage, plaintiff's showing is adequate.

The Court further finds that Plaintiff has adequately shown a risk of irreparable harm. Failure to accommodate Plaintiff and the service animal would potentially cause Plaintiff to be without shelter.

Accordingly, IT IS HEREBY ORDERED that the Defendants are provisionally directed to accommodate Plaintiff and her service animal at the "Marsha's House" homeless shelter until 3:00 p.m. on May 1, 2017, unless this Court orders otherwise. This Order is without prejudice to the Defendants' and Marsha's House's right to require Plaintiff to comply with all applicable

---

[1]     At this stage, the Court assumes, and Defendants do not appear to dispute, that Plaintiff has a "disability" for purposes of the ADA. This is without prejudice to the City's right to dispute Plaintiff's disability at later stages of the litigation.

shelter rules and City and State regulations.[2]  Plaintiff's failure to comply with shelter rules or City and State regulations is grounds to dissolve this TRO.

IT IS HEREBY FURTHER ORDERED that the parties are directed to appear at **3:00 p.m. on May 1, 2017** in Courtroom 443 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York 10007 at which time the Court will hold a hearing in respect of Plaintiff's application for temporary injunctive relief.

**SO ORDERED.**

**Date:   April 27, 2017**
**New York, NY**
**4:00 p.m.**

_____
**VALERIE CAPRONI**
**United States District Judge**

---

[2]        This temporary restraining order is also without prejudice to the City's resolution of Plaintiff's outstanding application for a reasonable accommodation and the City's administrative procedures concerning placement of Plaintiff in an acceptable shelter.  The Court notes that resolution of the accommodation application or a showing that there are new independent grounds for the City's decision to discharge Plaintiff from the Marsha's House shelter may moot this case.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

MARIAH LOPEZ,

                          Plaintiff,

          -against-

NYC DEPARTMENT OF HOMELESS
SERVICES, and PROJECT RENEWAL, INC.
                                  Defendants.

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/26/2017

17-CV-3014 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

      WHEREAS on April 25, 2017 Plaintiff filed a complaint for preliminary and permanent

injunctive relief, alleging that Defendants have effectively denied her request for an

accommodation for her service animal, in violation of the Americans with Disabilities Act; and

      WHEREAS Plaintiff alleges that she will be without shelter on April 27, 2017 if the

accommodation is not granted;

      IT IS HEREBY ORDERED that Plaintiff and representatives of defendant Project

Renewal and the Office of the Corporation Counsel of New York City are directed to appear

before the Court in Courtroom 443 of the Thurgood Marshall Courthouse, 40 Foley Square, New

York, New York 10007 **at 1:00 p.m. on April 27, 2017** in order to show cause why Plaintiff's

application for temporary injunctive relief should not be granted;

      IT IS HEREBY FURTHER ORDERED that Plaintiff is directed to immediately notify

the Defendants of this action and her request for provisional relief.

      IT IS HEREBY FURTHER ORDERED that Plaintiff is directed to immediately deliver

to the Defendants copies of her complaint, supporting materials, order to show cause, and this

Order at the following addresses:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────────────┐
│ MARIAH LOPEZ,                                 │
│                            Plaintiff,         │
│                                               │
│            -against-                          │
│                                               │
│ NYC DEP HOMELESS SERVICES;                    │
│ PROJECT RENEWAL, INC.,                        │
│                                               │
│                            Defendants.        │
└─────────────────────────────────────────────┘
```

```
┌─────────────────────────────────────┐
│ USDC SDNY                             │
│ DOCUMENT                              │
│ ELECTRONICALLY FILED                  │
│ DOC #:_____                 │
│ DATE FILED: 4/26/2017                 │
└─────────────────────────────────────┘
```

17-CV-3014 (VEC)

ORDER OF SERVICE

VALERIE CAPRONI, United States District Judge:

Plaintiff, appearing *pro se*, brings this action under the Americans with Disabilities Act of 1990. By order dated April 26, 2017, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. Plaintiff names the New York City Department of Homeless Services ("DHS") and Project Renewal, Inc., as defendants. For the reasons set forth below, the Court dismisses Plaintiff's claims against DHS and adds the City of New York as a defendant. The Court directs service on the City of New York and Project Renewal, Inc.

### STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint, or portion thereof, when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of*

It is Plaintiff's responsibility to ensure that service is made within 90 days of the date the summons is issued and, if necessary, to request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012). Plaintiff also must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court dismisses Plaintiff's claims against the New York City Department of Homeless Services. The Court directs the Clerk of Court to add the City of New York as a defendant in this action. Fed. R. Civ. P. 21. The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for the City of New York and Project Renewal, Inc., and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   April 26, 2017
         New York, New York

_____
VALERIE CAPRONI
United States District Judge

3



**United States District Court**
**Southern District of New York**

# INSTRUCTIONS FOR LITIGANTS WHO DO NOT HAVE ATTORNEYS

| | |
|---|---|
| Case Name: | Lopez v. New York City Dept. Homeless Services & |
| Docket No.: | 17cv03014 |
| District Judge Assigned: | Valerie E. Caproni |
| Magistrate Judge Assigned: | Sarah Netburn |

Your case has been assigned a docket number, a district judge, and a magistrate judge. Everything that you send to the court concerning this case must be labeled with the case name and docket number (including the initials of the district judge and any magistrate judge before whom the case is pending) listed above. You must mail or deliver any papers you file in your case to the Pro Se Intake Unit at 500 Pearl Street, Room 200, New York, New York, 10007, or, if your case is pending in the White Plains Courthouse, at 300 Quarropas Street, White Plains, NY 10601-4150. *Do not send any documents directly to a judge unless ordered to do so.*

If your contact information changes, it is your responsibility to notify the court in writing, even if you are incarcerated and transferred to another facility or released from custody. Fill out the "Notice of Change of Address" form included with this letter (or write a letter asking for your address to be changed) and send it to the Pro Se Intake Unit. It is not sufficient to send an envelope with a new return address or submit a letter with a new address listed without asking for your address to be officially changed. Your case could be dismissed if you do not notify the court of an address change.

Your case has been assigned to a district judge and a magistrate judge. The district judge may handle all matters in your case or may "refer" your case to the magistrate judge for certain pretrial issues. If you and all the other parties in your case agree to have your case proceed before the magistrate judge for *all purposes*, including trial, your case may proceed more quickly. A form for all parties to complete if they agree to have the trial before a magistrate judge is enclosed. For more information, refer to the handout "United States Magistrate Judges: Referrals and Consents."

## ENCLOSED DOCUMENTS

☑ a copy of the order of service or order to answer and any other orders entered to date

☐ a copy of the Mediation Referral Order for Pro Se Employment Discrimination Cases, if one has been issued

☑ the individual practices of the district judge and magistrate judge assigned to your case

☑ Instructions for Litigants Who Do Not Have Attorneys, including:

　☑ Notice Regarding Privacy and Public Access to Electronic Case Files

　☑ a flyer about the free legal assistance clinic located in the Thurgood Marshall Courthouse

　☑ a Motions guide

　☑ a notice that the Pro Se Manual has been discontinued

　☑ a Notice of Change of Address form to use if your contact information changes

　☑ a handout explaining matters handled by magistrate judges and a consent form to complete if all parties agree to proceed for all purposes before the magistrate judge

☑ a form for you to complete if you consent to receive court filings electronically (only in nonprisoner cases)

☐ in social security cases only, a flyer about pro bono attorneys available through the New York County Lawyers' Association

☐ USM-285 forms for you to complete so that the Marshals Service can serve certain defendants, and instructions on how to complete the forms (only for use if the judge has ordered you to submit 285 forms; follow the instructions in the order of service)

☐ one or more summonses (only if you have paid the fee in person or if the judge has ordered that a summons be issued to you)