# Exhibit 15

[Print in *black* ink all areas in bold letters. Other spaces are for Court use.]

At I.A.S. Part ___ of the Supreme
Court of the State of New York, held
in and for the County of New York at
the Courthouse, thereof, 60 Centre
Street, New York, N. Y., on the 29 ᵏ
day of _____ June _____, 2007

PRESENT: HON. Nancy Bannon
Justice of the Supreme Court

Index Number 100871/17

In the Matter of the Application of

Mariah Lopez
[fill in name(s)]                          Petitioner(s)

- against -

NYC Department of Homeless
Services

[fill in name(s)]                          Respondent(s)

~~Amended~~
ORDER TO SHOW CAUSE
WITH T.R.O.
IN SPECIAL PROCEEDING

Upon reading and filing the petition(s) of Mariah Lopez
_____ [your name(s)], sworn to on June 29th, 2007

[date  Verified Petition notarized] and upon the exhibits attached to the petition,

[Identify Exhibits. List additional Exhibits on separate page.]

Exhibit A - Letter from my treating psychiatrist Dr Pierre Arty MD
B- A letter from me, myself, the Petitioner, to the Court
C - DHS denial determination
D Letter to MR Roberts, from Jennie Casciano, expert
E Letter from Sarah Acker, DA

Let the respondent(s) show cause at I.A.S. Part 42, Room 1127 of this Court,
to be held at the Courthouse, 60 Centre Street, New York, N.Y., on the 27th day of
July _____, 2007 at 11:30 o'clock in the fore noon or as soon as the parties to
this proceeding may be heard why an order should not be made, providing the following relief:

[*briefly* describe what you are asking the Court] To order DHS to place
me back at Marsha's shelter temporarily until this

4-06

Court determines if the City's allegations can be proven
via a hearing where witnesses can testify, OR order DHS
to place me in apt or temporary hotel OR other facility where
I can follow the directions of my treatment team.

for the reasons that [briefly describe the reasons why you should be granted what you are

requesting] DHS decision to move me from Marsha's was arbitrary
and capricious, and I face harm that cannot be addressed
through litigation later if DHS decision(s) concerning my
housing and healthcare. I stand a good chance of proving
that I was NOT a danger to a majority of Marsha's staff or
Clients, and that ALL parties who submitted Affidavits in support
of my transfer, are Not credible or have conflict of
interest

Pending the hearing of this motion it is:

ORDERED that [describe what you are asking the court to stay]

_____

( no stay )

_____

Sufficient cause being alleged appearing therefore, let personal service of a copy of this order, and

the petition and other papers upon which this order is granted, upon all other parties to this

proceeding or their attorneys, on or before the ___19___ day of ___July___, 200_7_ be

deemed good and sufficient. A copy of an affidavit or other proof of service shall be filed with the

County Clerk (Room 141-B) immediately after service and the original thereof shall be presented

to this court on the return date directed in the second paragraph of this order.

ENTER

_____ 6/29/17

HON. NANCY M. BANNON

Any responding papers shall be served upon the
court and served upon the respondent by
overnight mail service on or before
July 20, 2017

OSC/TROSpPr4-06

# REQUEST FOR JUDICIAL INTERVENTION
UCS-840 (3/2011)

| | For Court Clerk Use Only |
|---|---|
| Supreme _____ COURT, COUNTY OF _____ | IAS Entry Date 6-28-17 |
| Index No: *100871/17*   Date Index Issued: _____ | Judge Assigned BANNON |
| | RJI Date |

**CAPTION:** Enter the complete case caption. Do not use et al or et ano. If more space is required, attach a caption rider sheet.

*Mariah Lopez* Petitioner (s)

SUPREME COURT
NEW YORK COUNTY
EX-PARTE MOTION PART

Plaintiff(s)/Petitioner(s)

-against-

*New York City Department of Homeless Services*

SUPREME COURT
NEW YORK COUNTY
EX-PARTE MOTION PART

RESPONDENTS (S)

Defendant(s)/Respondent(s)

## NATURE OF ACTION OR PROCEEDING: Check ONE box only and specify where indicated.

**MATRIMONIAL**
- ○ Contested
- ○ Uncontested
  NOTE: For all Matrimonial actions where the parties have children under the age of 18, complete and attach the MATRIMONIAL RJI Addendum.

**TORTS**
- ○ Asbestos
- ○ Breast Implant
- ○ Environmental: _____ (specify)
- ○ Medical, Dental, or Podiatric Malpractice
- ○ Motor Vehicle
- ○ Products Liability: _____ (specify)
- ○ Other Negligence: _____ (specify)
- ○ Other Professional Malpractice: _____ (specify)
- ○ Other Tort: _____ (specify)

**COMMERCIAL**
- ○ Business Entity (including corporations, partnerships, LLCs, etc.)
- ○ Contract
- ○ Insurance (where insurer is a party, except arbitration)
- ○ UCC (including sales, negotiable Instruments)
- ○ Other Commercial: _____ (specify)
  NOTE: For Commercial Division assignment requests (22 NYCRR § 202.70(d)) complete and attach the COMMERCIAL DIV RJI Addendum.

**REAL PROPERTY:** How many properties does the application include? _____
- ○ Condemnation
- ○ Foreclosure
  Property Address: _____ Street Address   City   State   Zip
  NOTE: For Foreclosure actions involving a one- to four-family, owner-occupied, residential property, or an owner-occupied condominium, complete and attach the FORECLOSURE RJI Addendum.
- ○ Tax Certiorari - Section: _____ Block: _____ Lot: _____
- ○ Other Real Property: _____ (specify)

**OTHER MATTERS**
- ○ Certificate of Incorporation/Dissolution  [see NOTE under Commercial]
- ○ Emergency Medical Treatment
- ○ Habeas Corpus
- ○ Local Court Appeal
- ○ Mechanic's Lien
- ○ Name Change
- ○ Pistol Permit Revocation Hearing
- ○ Sale or Finance of Religious/Not-for-Profit Property
- ○ Other: _____ (specify)

**SPECIAL PROCEEDINGS**
- ○ CPLR Article 75 (Arbitration)  [see NOTE under Commercial]
- ○ CPLR Article 78 (Body or Officer)
- ○ Election Law
- ○ MHL Article 9.60 (Kendra's Law)
- ○ MHL Article 10 (Sex Offender Confinement-Initial)
- ○ MHL Article 10 (Sex Offender Confinement-Review)
- ○ MHL Article 81 (Guardianship)
- ○ Other Mental Hygiene: _____ (specify)
- ○ Other Special Proceeding: _____ (specify)

*Art 78*

FILED
JUN 27 2017
NEW YORK
COUNTY CLERK'S OFFICE

## STATUS OF ACTION OR PROCEEDING: Answer YES or NO for EVERY question AND enter additional information where indicated.

| | YES | NO | |
|---|---|---|---|
| Has a summons and complaint or summons w/notice been filed? | ○ | ○ | If yes, date filed: _____ |
| Is this action/proceeding being filed post-judgment? | ○ | ○ | If yes, judgment date: _____ |

[Print in *black* ink all areas in bold letters. Other spaces are for Court use.]

**EX PARTE MOTION OFFICE**

**APPROVED**
**FOR THE PAYMENT**
**OF MOTION FEE**
**ONLY**

At I.A.S. Part____ of the Supreme
Court of the State of New York, held
in and for the County of New York at
the Courthouse, thereof, 60 Centre
Street, New York, N. Y., on the _____
day of _____ 2008 2017

PRESENT: HON._____
_____ Justice of the Supreme Court

In the Matter of the Application of

_____x

**Mariah Lopez**
[fill in name(s)]                     Petitioner(s)

- against -

**New York City Dep. of Homeless Services**

_____

[fill in name(s)]                    Respondent(s)
_____x

Index Number
**100871/2017**

ORDER TO SHOW CAUSE
WITH T.R.O.
IN SPECIAL PROCEEDING

**FILED**

JUN 28 2017

NEW YORK
COUNTY CLERK'S OFFICE

Upon reading and filing the petition(s) of **Mariah Lopez**
_____ [your name(s)], sworn to on **June 28th**, 200**17**,

[date  Verified Petition notarized] and upon the exhibits attached to the petition,

[Identify Exhibits. List additional Exhibits on separate page.]

Exhibit A -

**NO FEE**

Let the respondent(s)/ or counsel show cause at I.A.S. Part _____, Room _____, of this Court,

to be held at the Courthouse, 60 Centre Street, New York, N.Y., on the _____ day of

_____ 200**7** at _____ o'clock in the _____ noon or as soon as the parties to

this proceeding may be heard why an order should not be made, providing the following relief:

[*briefly* describe what you are asking the Court] **Order New York City Dep Homeless**
**Services to provide reasonable accommodations for my disability**

4-06

*by placing me in a shelter based on my medical needs and my doctors recommendations, which exclude "dorm" settings,*

for the reasons that [*briefly* describe the reasons why you should be granted what you are requesting] *DHS cannot justify refusing to follow my doctors recommendations since DHS are the ones who cited my "mental health" needs, as well as allegations about aggressive behavior on my part, as grounds to have me transferred from my last shelter DHS needs to follow the recommendations of my treating psychiatrist and medical surgeon; both doctors' would be against placing me in a dorm*

Pending the hearing of this motion it is:

ORDERED that [describe what you are asking the court to stay]

*To stay a transfer/(re)placement to any facility which goes against the specific recommendation of my current psychiatrist or which does not provide a private room for "medical dilation" as required by my surgeons post surgery orders. and*

*J.S.C.*

*being alleged*

Sufficient cause appearing therefore, let personal service of a copy of this order, and the petition and other papers upon which this order is granted, upon all other parties to this proceeding or their attorneys, on or before the _____ day of _____, ~~200~~ 2017 be deemed good and sufficient. A copy of an affidavit or other proof of service shall be filed with the County Clerk (Room 141-B) immediately after service and the original thereof shall be presented to this court on the return date directed in the second paragraph of this order.

*Respondent*

**ORAL ARGUMENT REQUIRED.**     ENTER

_____
**J.S.C.**

_____
J. S. C.

[Print in _black_ ink to fill in the spaces next to the instructions]

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

In the Matter of the Application of _____x

_Mariah Lopez_
[fill in name(s)]                          Petitioner(s)

Index Number
_100871/2017_

- against -

_NYC Dept. Homeless Services_

VERIFIED PETITION

[fill in name(s)]                          Respondent(s)
_____x

TO THE SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF NEW YORK:

The petition of _Mariah Lopez_ [your name] respectfully
shows to this Court as follows:

1. Petitioner resides at _Homeless_
_____ [your address]

2. The respondent(s) is/are [identify the respondent(s)] _NYC Dept. Homeless_
_Services_

3. [Describe what you are requesting. Add more pages if needed. If you are appealing the decision of a government agency, give the date and outcome of the final determination. Explain why this Court should reverse that decision.] _Because DHS is ignoring my doctors just to "prove a point." DHS was allowed by Judge Jaffe to transfer me based on arguments made concerning my mental health needs. DHS did not speak with my doctors before presenting their case. Even though my lawsuit was dismissed, the letters DHS has from two of my doctors' undermine their arguments and support my position that DHS was never transferring me for my own or others_

4:06

best interest. Their decision was arbitrary and capricious and will cause me irreparable harm.

There were never any ~~hearings~~ (MC) hearings in the case ~~at all~~ (MC) in front of Judge Jaffe, nor were there fair hearings

DHS positions are based on un-proven allegations meant to support ~~their~~ (M) ~~of~~ (ML) my transfer from a specialized facility. DHS should be forced to prove their allegations with me being able to question witnesses or review evidence.

4. Attached are copies of all relevant documents. [Attach the decision you are asking the court to reverse as Exhibit A. Attach any other documents as Exhibit B, Exhibit C, and so on. List additional Exhibits on separate page.]

Exhibit A – Letter from my Psychiatrist
Exhibit B – Letter from me: Addressed to the Court
Exhibit C – DHS Refusal of my Reasonable Accomodation
Exhibit D – Letter from Jennie Cusciano, Expert
Exhibit E –

5. A prior application *has not / has*  [circle one] been made for the relief now requested. If you made this application before in this or any other court , describe where, when, the result and why you are making it again.] I made a request to block DHS from Transferring me previously. But I now how evidence from my doctors that I can be harmed by DHS transfer. Index No. 100632/2017 was previous Article 78

2

WHEREFORE, your deponent respectfully requests that this Court [*briefly describe what you are requesting*]: To Stay any Transfer placement to any DHS facility which goes against the specific recommendations of my current psychiatrist OR which does not provide a private room for my "medical dilation" needs, as required by my surgeons post op instructions

JUN 27 2017 , 200___
[date signed]

Petitioner [sign your name]

_Mariah Lopez_
[print your name]

_____
_____
_____
[your address and telephone no.]

## VERIFICATION

STATE OF NEW YORK
COUNTY OF _New York_ :      ss:

_Mariah Lopez_ [your name], being duly sworn, deposes and says that: I am the petitioner in this proceeding; I have read the foregoing petition and know the contents thereof; the same is true to my own knowledge, except as to matters therein stated to be alleged on information and belief; and as to those matters I believe it to be true.

Sworn to before me on

_27_ day , _June_ , 200_7_

_____
Notary Public

KENNETH CARDEZ
Notary Public, State of New York
Reg. No. 04CA6351839
Qualified in New York County
Commission Expires Dec. 12, 20_20_

Petitioner [sign your name in front of a Notary]

_Mariah Lopez_
[print your name]

3

VerPet4-06

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

—————————————————————————————x

_Mariah Lopez_                          Plaintiff(s)/Petitioner(s)
[fill in name(s)]
                         - against -

_NYC Dep Homeless Services_
[fill in name(s)]                   Defendant(s)/Respondent(s)

—————————————————————————————x

Index Number
_1008 71 / 2017_

UNIFORM RULE SECTION 202.7
AFFIDAVIT OF COMPLIANCE

STATE OF NEW YORK        )
COUNTY OF _____ )   ss:

_Mariah Lopez_ , [your name], being duly sworn, deposes and says:
I am the self represented [circle one] plaintiff / defendant  in this matter. I make this supplemental
affidavit in support of my Order to Show Cause for a Temporary Restraining Order (TRO).

[Check box that applies]

☑ I have made a good faith effort to notify the party against whom the TRO is sought of the date, time and
place that this request will be made in a manner sufficient to permit the party an opportunity to appear in
response to the application as follows:
        On [date] _June 26th_ , 200_7_, at [time] _450_ AM / PM, I contacted by telephone,
the [circle one] plaintiff / plaintiff's attorney / defendant / defendant's attorney / other  named below.

_Tom Roberts_
_City Law Department_

[name, address, telephone number]

I informed the above named party that on [date and time] _____, 200__, at ____ AM / PM,
I will submit the Order to Show Cause to the [name of Judge] Hon. _____
located at [circle one]  60 - 80 - 100 - 111 Centre St. / 71 Thomas St., Part _____ [number],
Room _____ [number], [telephone number] (646) _386 -_ _____
        When informed by the court of the date, time and place the Judge is available to hear argument on
the TRO, I will immediately notify the above named party by telephone.

☐ I have not contacted the party against whom the TRO is sought of the date, time and place this request will
be made. I believe that by giving notice there will be significant prejudice to me for the following reason(s):
[state reasons] _____

Sworn to before me this
_27_ day of _June_, 200_17_

_____
Notary Public

WILLIAM P. BARCENA, JR.
Notary Public, State of New York
No. 03BA6195046
Qualified in New York County
Commission Expires _10-20-2020_

[sign your name in front of a notary]

_Mariah Lopez_
[print your name]

_____
[your address and telephone number]

2-07

Sir/Madam:

Please take notice that the within is a (certified) true copy of a

_____ duly entered in the office of the clerk of the

within named court on the ___ day of _____, 200__

Dated:                                          Yours, etc.
Attorney for:_____          Plaintiff/Petitioner
                                                    Defendant/Respondent

                    _____ Office and Post
                    _____ Office Address

To:
Attorney(s) for _____

****************NOTICE OF SETTLEMENT************
Sir/Madam:

Please take notice that an_____

of which the within is a true copy will be presented for settlement

to the Hon._____, one of the Justices

of the within named court at _____, on

_____, 200__ at _____ AM/PM

Dated: _____, 200____          Yours, etc

Plaintiff/Petitioner          _____
Defendant/Respondent      _____
                                      _____

To:
Attorney(s) for             _____
                                   _____
                                   _____
                                   _____

INDEX NO._____

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

_____

Mariah Lopez
                                                    Plaintiff/Petitioner
                        - against -

New York City Dep of Homeless
Services                        Defendant/Respondent

_____

To the best of my knowledge, information and belief,
formed after an inquiry reasonable under the circumstances,
the presentation of these papers or the contentions therein
are not frivolous as defined in subsection (c) of Section
130-1.1 of the Rules of the Chief Administrator (22NYCRR)

Sign Name: _____

Print Name: _____Mariah Lopez_____

Address: _____Homeless_____
_____

Telephone _____212-470-9687_____

_____

Service of a copy of the within is hereby admitted

Dated: _____, 200__
Attorney for _____

 **HOUSING WORKS** HEALTHCARE   Cylar House Behavioral Health Clinic
743-749 East 9th St., 2nd Floor
NEW YORK, NY 10009-5334
TEL 212-677-7999 x4202 FAX 212-739-0007
WWW.HOUSINGWORKS.ORG

June 20, 2017

Re: Mariah Lopez

To whom it concerns,

Ms. Lopez is requesting to return to Marsha's Shelter. She is currently on SSD, due to her PTSD and gender dysphoria. Mariah is highly distressed with her current living situation in a women's shelter, where it is a dormitory-like set-up. She considers this as a harm setting, that being with a cisgender female population inhibits herself to express her own gender identity, causing her more distress, mood changes.

Presently Ms. Lopez is suffering from active symptoms of PTSD manifested by poor sleep, nightmares, hyper vigilance, volatile moods and being fearful. The location of her shelter is a triggering factor for her PTSD, since she experienced her trauma within the same neighborhood. She reports having flashbacks of traumatic events that she experienced when she was younger in multiple institutions in dormitory settings.

She was provided several alternatives by the City of NY but none of these options are psychologically healthy alternatives for her. Her present living situation has led her to return to prostitution/ being a sex worker, which placed her in a higher distress. Fearing that she could "snap" at her clients due to her instability, I am recommending that Ms. Lopez be transferred back to Marsha's Shelter for her own psychological stability. If this is not an option, this should be an SRO.
All of these stressors clearly makes it difficult for her to comply with her treatment.

Whatever can be done to facilitate and expedite this process would be appreciated.

Sincerely,

*[signature]*                    PIERRE RICHARD ARTY, MD
                                 NYS LIC#194382
Pierre Arty, MD                  DEA BA5426502
Director of Psychiatry
Housing Works
Downtown Brooklyn Health Center
57 Willoughby St

Exhibit A

Mariah Lopez

June 27, 2017

Dear Judge considering my request for a TRO against DHS,

I am writing this letter as an exhibit to my petition in order to provide context on the situation presented before the court. I am in front of this court today seeking to block DHS from blatantly ignoring the law, and the recommendations of my treating doctors; one a psychiatrist the other a renowned surgeon. DHS has made me homeless over the last few weeks by attempting to force me (by providing no appropriate alternative) in to shelter setters and living conditions which would cause me harm, suffering, and lead to worsening in my medical conditions.

I filed a lawsuit in Federal Court in April, because DHS would not allow my Service Animal into a very specialized shelter for GLBTQ people, where I had been accepted. A Federal Judge ordered them to allow the dog to accompany me into the shelter. DHS retaliated by trying to have me transferred to DHS shelters which ignore my special medical and mental health needs. I filed a previous Special Proceeding to block the transfer to a facility that was actual a trigger for my PTSD itself (I was sexually assaulted blocks from the facility as a child). DHS made objective statements on the record and in filings in the case (in front of Judge Jaffe) regarding my mental health needs driving the transfer, without knowing ANY of my medical needs besides needing a Service Animal. I now have proof that those statements were baseless legal arguments, and not based on my actual needs. The facility DHS is now attempting to place me in _is not_ the facility which Judge Jaffe allowed DHS to transfer me to. DHS, on May 31st, played two courts against each other when lawyers for the City and contract agency went before Judge Jaffe first, withholding critical details which they were aware of (including a petition from at least 47 other DHS

Exhibit B

shelter clients who support my allegations of retaliation as witnesses) which may have been a mitigating factor in the judge's decision.

Then, again on May 31ˢᵗ, since I had written to the Judge in the Federal matter, alleging retaliation, DHS and I went in front of Federal Judge Caprioni, where the city lawyers and the lawyers for the contract agency mislead the judge into believing that Judge Jaffe had seen the petition signed by other shelter clients (which would have provided the court with potential proof of the merits of my case and my likelihood of success). DHS also made very specific arguments, which seem to guide the court's decision, which they cannot make anymore, regarding the specific facility WIN West. The Court heard arguments about my potential risk of irreparable harm I may face, but was forced to rule against me since I had no clinical proof of the transfers detriment to my mental health. DHS is now aware of indisputable proof that the transfer is harming me, and that my doctors will not support a transfer to any of the facilities which DHS are telling me to report to.

I am exhausted, and forced to engage in survival sex at night to have somewhere to stay and food to eat. I cannot reside in the shelters DHS is telling me to report to. The accommodations at the facilities do not provide adequate privacy for vaginal dilation, as ordered by my surgeon, and a dorm-style setting is not an option because of my PTSD. DHS has spoken with my psychiatrist and he has expressed this to them.

I believe that DHS is simply treating me this way to prove a point; I am no average pro se litigant, as I have successfully won or was lead plaintiff in three landmark cases against New York City (Joel A v Giuliani, Jean Doe v Bell, Lopez v Mattingly). All of these cases literally created the GLBTQ social service system that exists for GLBTQ people throughout NYC, from ACS to Rikers Island and within the Medicaid program. I was virtually raised by attorneys, judges and activists, and so I have been down this road before with the City Law Department. I also helped pass (through testimony and lobbying) the NYC Human Right Law amendment, known as Local Law 3., which expressly prohibits the government from

doing what DHS is doing. That is, attempting to force a Trans person to identify a certain way, in order to avoid mistreatment. There is no way that DHS could stop anti Trans discrimination from taking place within the shelters which I have been told to report to. I am a Transgender women, and, just as in Joel A v Giuliani, the City cannot ignore a population (in this case "Trans persons over 30, with special medical needs post-surgery). Likewise, like the case I won called Jean Doe v Bell, the City cannot ignore the treatment recommendations for my Gender Identity Disorder. DHS is failing to make "reasonable" accommodations, and is simply trying to treat me as if my conditions don't exist, or, are refusing to make accommodations (like placing me back into the one GLBTQ shelter in the DHS system, or placing me in a SRO or other facility with single person sleeping quarters.) I should not be forced to notify a staff person or a group of dorm mates, when I need to dilate my vagina! Each day I am in the street I risk worsening mental health, the risk of violence in the course of survival sex work, and may be required to have surgery (which comes with a risk of death) to address complications from not being able to follow my surgeon's instructions.

Even though I will be in Federal Court on Friday, I cannot wait, I need this court to act urgently to hold DHS accountable. DHS, including the City Law Department, must respect the recommendations of my surgeon and psychiatrist.

Yours

Mariah Lopez



**Department of
Homeless Services**

## REASONABLE ACCOMMODATION REQUEST DETERMINATION

| | |
|---|---|
| DATE: | June 26, 2017 |
| CLIENT: | Mariah Lopez |
| CARES ID: | 745918 |
| CC (Facility Director): | Park Slope Women's Shelter |

On June 21, 2017, DHS received your request for a reasonable accommodation through the New York City Law Department.

Your request and supporting medical documentation (Letter dated June 20, 2017 from Dr. Pierre Arty, MD) was reviewed by the Program Administrator for Park Slope Women's Shelter, Bill Distefano, in consultation with the DHS Medical Director, Fabienne Laraque, MD.

Based on this review, DHS makes the following determination:

[ X ]   Your request for a reasonable accommodation for a private shelter room and placement at Marsha's House has been denied.

- **Private Room: Your request for assignment to an unshared, single unit in a DHS shelter is denied. We understand the need for privacy for dilation and since your dilation needs can be met by accessing as necessary a private room with a locking door in shelter, the request for an unshared room assignment is denied.**

- **Marsha's House: Your request to reside at Marsha's House is denied as unreasonable due to serious operational and programmatic concerns and the availability of alternative appropriate shelters. Due to prior safety incidents and behavior at Marsha's House, DHS has determined that placing you at Marsha's House would cause an undue burden to DHS as the health and safety of other shelter clients and staff would be at risk. It is further noted that Marsha's House is not a shelter facility solely for transgender clients as it also serves young men and ciswomen, including those who do not identify as Lesbian, Gay, Bisexual, or Questioning. We acknowledge the trauma that you have experienced in the past and understand that, according to your psychiatrist, you suffer from PTSD, and thus we have selected an appropriate shelter with experienced mental health professionals · on-site. We also share your psychiatrist's conclusion that your best interests would be served by working diligently toward appropriate permanent housing. DHS and HRA are willing to assist you in obtaining such permanent housing as soon as possible. Attached is a list of HOMEBASE locations where you can access services to assist you with permanent housing options.**

Exhibit C

[ X ]   Your request for a reasonable accommodation has been granted.

The Department of Homeless Services offers the following accommodation:

- **DHS will accommodate your need for a private room to conduct dilation at the Park Slope Women's Shelter.**
- **Placement in a women's shelter (Park Slope Women's Shelter), in accordance with your self-reported gender identify, experienced in working with transgender clients.**
- **Placement at a shelter with on-site mental health services to assist you with a PTSD diagnosis.**

You or your representative may appeal this Determination by filing an Appeal within **ten (10) business days** of receipt of this Determination.  Appeals should be directed to the Office of Diversity & Equal Opportunity Affairs Office, 33 Beaver Street, New York, New York 10004 or eoa@dhs.nyc.gov, and **must** include:

1.   The client's name, address, and telephone number;
2.   A description of the program, activity, or service that was denied to client;
3.   The date and nature of the alleged denial; and
4.   The signature of the client or his/her authorized designee.

**Upon request, assistance shall be provided by Client Advocacy to file an Appeal.**

2



| Map | Neighborhood | Address (*new office locations) | Telephone | Borough | Community District | Homebase-Provider |
|---|---|---|---|---|---|---|
| 1 | East Harlem | 2276 3rd Avenue | 917-492-1019 | Mn | Manhattan | Palladia Inc |
| 2 | Lower East Side | 265 Henry Street* | 917-492-3019 | | | |
| 3 | Crotona | 775 Crotona Park North | 718-299-8473 | Bx | 203, 206 | HELP USA I |
| 4 | Claremont | 3593 Third Ave (Entrance on 169 St) | 917-801-4512 | | | |
| 5 | Grand Concourse | 1130 Grand Concourse | 718-508-3100 | Bx | 201, 204 | Bronxworks |
| 6 | Mott Haven | 630 Jackson Ave* | 718-993-2032 | | | |
| 7 | Mount Hope | 1780 Grand Concourse, Level 1 | 347-226-4540 | Bx | 205, 207, 208 | HELP USA II |
| 8 | Morris Heights | 1981 Sedgwick Ave* | 718-215-6453 | | | |
| 9 | Unionport | 2155 Blackrock Ave | 718-414-1050 | Bx | 202, 209 | ARCHNY I |
| 10 | Hunts Point | 890 Garrison Ave* | 929-259-9430 | | | |
| 11 | Bronxdale | 2901 Whiteplains Road* | 347-913-4694 | Bx | 210, 211, 212 | ARCHNY II |
| 12 | Woodlawn | 4377 Bronx Boulevard | 347-947-3920 | | | |
| 13 | Crown Heights | 1117 Eastern Parkway | 718-622-7323 | Bk | 303, 308, 309, 317 | CAMBA I |
| 14 | Bedford Stuyvesant | 1958 Fulton Street* | 718-408-5756 EXT. 37100 | | | |
| 15 | Bushwick | 90 Beaver Street | 718-366-4300 | Bk | 301 | RBSCC |
| 16 | Bushwick North | 1475 Myrtle Ave | 347-295-3738 | | 304 | |
| 17 | Brownsville | 145 East 98th Street | 917-819-3200 | | 316 | |
| 18 | East New York | 3060 Fulton Street | 929-234-3036 | Bk | 305, 318 | CCNS II |
| 19 | East New York | 560 Livonia Ave* | 718-408-7181 | | | |
| 20 | Flatbush | 2244 Church Ave | 718-408-5766 | Bk | 302, 306, 307 310, 311, 312 313, 314, 315 | CAMBA II |
| 21 | Staten Island | 120 Stuyvesant Place Suite 413, 4th floor | 718-282-6473 EXT. 75007 | SI | 501, 502, 503 | |
| 22 | Jamaica | 161 - 10 Jamaica Ave 5th Floor | 718-674-1000 | Qns | 401 - 413 414 | CCNS I |
| 23 | Rockaways | 1847 Mott Avenue* | 718-647-1015 | | | |

**NYC**

**Department of
Homeless Services**
www.nyc.gov/dhs

**HOMEBASE**
Homeless Prevention Network

Call **311** for your assigned
office location.

Mr. Roberts,                                                    6/22/17

I was recently made aware that Mariah Lopez was facing housing issues and have read her Psychiatrist's letter (attached), your email to her in reference to "reasonable accommodations" and Mariah's response to your email. Quite honestly, I am confused at how the accommodations being offered are reasonable based on the statements made about her PTSD by Dr. Arty. PTSD that I can personally vouch for. I have known Mariah since she was 12 years old. I was her Guardian ad Litem, her counselor and her advocate for the duration of the abuse and mistreatment she faced while in the foster care and group home system. During her childhood and adolescence Ms. Lopez faced countless abuses in the care of ACS. As a human, I was horrified at what she endured before and after we met. Now, many years later as a parent, I think it is shameful for NYC to think there is no need for accountability to a situation that was perpetrated by people who were supposed to protect children.

When I met Mariah, she was in court for running away from her group home. A group home filled with boys who tortured her on a daily basis. The system of care blamed her for behaviors that are symptomatic of abuse, abuse she suffered as a child in a facility in the care of ACS, yet no one wanted to take responsibility or even attempt to fix a broken system so she fought back. She fought the system and won, not just for herself but for all the other LGBT youth who came after her and benefited from a system that she changed (Joel A v Giuliani).

As Mariah continued to be in crisis through her adolescence I connected her with the late Sylvia Rivera, who took her in and helped guide her anger into passion for Trans rights and she continued to fight. She fought to protect Trans people in treatment (Jean Doe v Bell) and again for medical coverage of essential, life changing and transforming procedures for Trans people (Lopez v Mattingly). Yet still, Ms. Lopez is left fighting the system for a stable and safe place to live and this in unacceptable.

I have one last thing to say and I will let this sit with you. When I was 14, I lost my father to HIV. All I heard as a teen was how much more likely I was to contract HIV but I beat those odds and so has Mariah, even though her odds were so much greater than mine. No one can say she doesn't care about her health or life because if that was the case she would most likely with all her precursors, be HIV+ by now yet she is not. Mariah is the most resilient person I know but she has been fighting the system her whole life and at some point someone needs to step in and say ENOUGH. I am imploring you to help Mariah, to do something to assist someone who has spent her life, her time and far too many times her last dime to help others.

Exhibit D

Sincerely,


Jennie Blakney, MA.Ed

Coordinator, Health Projects 3

Child and Adolescent Health Program
NJ Department of Health
PO Box 364
Trenton, New Jersey 08625-0364
Tel: 609-777-7798
Fax: 609-292-9288

 **HOUSING WORKS**   57 Willoughby St, 2nd Floor, Brooklyn, NY 11201   WWW.HOUSINGWORKS.ORG

June 29, 2017

Re: Mariah Lopez

To whom it may concern:

My patient, Ms. Lopez, a transgender woman, requires a housing situation that allows her complete privacy and agency to dilate her neovagina, due to a vaginoplasty performed in 2009. It is essential that she be able to choose when and where she dilate, as it requires her to focus on erotic thoughts to increase blood flow and decrease pain. She has reported emotional distress to having to ask permission to dilate. If she is forced to ask DHS shelter staff to access a room for dilation, her medical confidentiality is compromised as she must carry medical equipment with her. Furthermore, if she cannot dilate in a safe and comfortable place at her will, she may develop vaginal stenosis that requires treatment by narcotic pain medication to dilate per her surgeon, increasing risk of dependency.

If Ms. Lopez is not able to dilate her neovagina regularly (three times a day for 15 minutes as prescribed by her surgeon), she will have to undergo additional surgery that will put her at risk of complication and serious infection that puts her at risk of mortality. It is imperative that she be moved to a shelter that can fully accommodate her needs.

Ms. Lopez has been under my care since 2016. She has expressed concern about access to safe spaces to dilate to preserve vaginal depth since our first meeting. As her medical provider, I'm aware of the Reasonable Accommodation request made by Ms. Lopez to DHS which was denied. I can consider her medical needs urgent, and any placement in a dorm setting inappropriate and not a reasonable accommodation. Furthermore, from a Women's Health perspective, a woman should not have to seek permission from a governmental agent to care appropriately for her body, which is what the accommodation outlines per DHS. If you have any questions or concerns, please feel free to contact me.

Sincerely,

Sarah Acker, ANP-BC
Nurse Practitioner
T: 347-473-7400 ext. 4101
F: 347-473-7465

Sarah Acker, ANP-BC
Nurse Practitioner
NY Lic. # 307091
DEA # MA 3330266