# Exhibit 17

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------- x

In the Matter of the Application of

MARIAH LOPEZ,

                                      Petitioner,

               -against-

N.Y.C. DEPARTMENT OF HOMELESS SERVICES,

                                   Respondents.

-------------------------------------------------------------------- x

**AFFIDAVIT OF FABIENNE LARAQUE**

Index No. 100871/2017

Motion Seq. No. 1

I.A.S. Part 42 (Bannon, J.)

State of New York  )
                        ) SS.:
County of New York )

       FABIENNE LARAQUE, being duly sworn, makes the following statement:

       1. I am the Medical Director of the New York City Department of Homeless Services ("DHS"). I have served in this capacity since September 2016. I am a licensed medical doctor in New York State and have a Master of Public Health. As DHS' Medical Director, part of my job is to assess the need for DHS to make reasonable accommodations for DHS clients based upon the client's medical condition.

       2. I have personal knowledge of the June 26, 2017 Reasonable Accommodation Request Determination dated June 26, 2017 concerning Mariah Lopez (the "Determination"), which is Exhibit 16 to DHS' Verified Answer. I participated in the formulation of the Determination, and I support the Determination.

       3. I understand that in the wake of Petitioner's refusal to accept shelter at WIN West, DHS reassigned her to the Park Slope Women's shelter at the Park Slope Armory, a safe

location with significant mental health services provided in part by Housing Works Healthcare, which is the same mental health provider Petitioner uses.

4. The Park Slope Women's shelter has beds for approximately 100 women and accommodates transgender women. I understand that currently there are at least two transgender women in residence at the Park Slope Women's shelter.

5. Petitioner has refused this assignment and has apparently asked her doctors to ask DHS to reassign her to Marsha's House and to provide her with a single room to sleep in.

6. On June 7, 2017, Petitioner provided DHS with a letter from Dr. Harold M. Reed, her surgeon, which letter says that Petitioner "needs to maintain the patency of her neo-vagina with dilations for 15 minutes 3 times a day. This cannot easily be done standing or sitting. She needs to be able to have the privacy of lying down during these times, as well as water soluble lubricant such as KY jelly." Dr. Reed's letter is attached as Exhibit 14 to DHS' Verified Answer.

7. Shortly after receiving Dr. Reed's letter, I spoke with Dr. Reed on the phone. He confirmed that he had sent the letter and that it contained his recommendations for Ms. Lopez. Dr. Reed did not assert that Ms. Lopez needed to have erotic thoughts to dilate or that Ms. Lopez could not sleep in a congregate room.

8. On June 20, 2017, Dr. Pierre Arty, a psychiatrist with Housing Works Healthcare, provided DHS with a letter recommending that Petitioner be reassigned to Marsha's House or be provided SRO housing. Dr. Arty's letter is attached as Exhibit 15 to DHS' Verified Answer.

9. Shortly after receiving Dr. Arty's letter, I spoke with Dr. Arty on the phone. He confirmed that he had sent the letter and that it contained his recommendations for Ms. Lopez, based on what she told him. Dr. Arty acknowledged to me that he did not know the conditions at

the DHS shelters, had not seen them, and was making recommendations based on Ms. Lopez's statements. He stated that he did not know the reasons Ms. López could not return to Marsha's House. Dr. Arty also said that the options offered to Ms. Lopez were good and that he tried to convince her to accept them.

10. DHS treated Dr. Reed and Dr. Arty's letters as requests on Ms. Lopez' behalf for reasonable accommodations to be made for her, and I evaluated Ms. Lopez' request for a reasonable accommodation in light of these letters and conversations with Dr. Reed and Dr. Arty.

11. With my participation and approval, on June 26, 2017 DHS issued a "Reasonable Accommodation Request Determination" in response to Dr. Reed and Dr. Arty's letters. The Determination is attached as Exhibit 16 to DHS' Verified Answer.

12. The Determination fully complies with Dr. Reed's recommendations. At the Park Slope Women's shelter, DHS intends to provide Ms. Lopez with access to a medical examination room with an examining table upon which Ms. Lopez can lie down in private, lock the door, and safely perform her dilation three times a day.

13. The Determination, however, does not fully comply with Dr. Arty's recommendations. In the Determination, DHS denied Petitioner's request to return to Marsha's House as unreasonable due to the prior safety incidents and the risk Petitioner presented to the health and safety of other shelter residents and staff at Marsha's House. DHS continued Petitioner's assignment to the Park Slope Women's shelter, and denied Petitioner's request for a private room in a shelter as a habitation. DHS noted that the experienced mental health professionals at the Park Slope Women's shelter were competent to provide treatment for PTSD. As discussed with me, Dr. Arty agreed that permanent housing was the optimal solution for Ms. Lopez and that he was willing to assist in trying to convince her to visit the options offered by

DHS. The Determination also assured Petitioner of DHS' willingness to assist her in finding permanent housing as soon as possible.

14. While Dr. Arty's June 20 letter of recommendation was considered, the overwhelming safety issues at Marsha's House prevented DHS from assigning her to that shelter. Dr. Arty noted that DHS had assigned Petitioner to a "dormitory-like set-up". She considers this a harmful setting, that being with a cisgender female population inhibits herself to express her own gender identity, causing her more distress, mood changes." In fact, Marsha's House is an LGBTQ shelter with both cis- and trans-gender people. In addition, it appears that Dr. Arty mistakenly believed that Petitioner was still assigned to the WIN West shelter, because in the second paragraph of his letter, he asserted that the "location of her shelter is a triggering factor for her PTSD, since she experienced her trauma within the same neighborhood." Dr. Arty correctly noted that DHS had offered Petitioner several alternative shelter locations and asserted in his letter that "none of these options are psychologically healthy alternatives for her." But in my conversation with Dr. Arty we discussed the shelter system, and he stated that the options offered by DHS were reasonable. Lastly, Dr. Arty could not judge whether there was a risk of harm if the recommendations were not implemented and again thought that the other options DHS offered to the Petitioner were good and reasonable.

15. On June 29, 2017, Ms. Lopez submitted an additional letter dated June 29, 2017 to DHS from Sarah Acker, ANP-BC, Nurse Practitioner. Nurse Practitioner Acker's letter is attached as the last page of Exhibit 17 to DHS' Verified Answer.

16. Nurse Practitioner Acker disputed that the accommodation DHS was making for Ms. Lopez to dilate was sufficient.

17. I have reviewed Nurse Practitioner Acker's letter, and it does not change my position as to the reasonableness of DHS' June 26, 2017 Determination. Nurse Practitioner Acker's letter makes assertions that are not supported by Dr. Reed's letter or my conversation with Dr. Reed and good scientific judgment. Specifically, Dr. Reed made no assertion that Ms. Lopez needed to have erotic thoughts to dilate or that Ms. Lopez could not sleep in a congregate room.

18. I continue to believe that the Determination makes reasonable accommodation for Ms. Lopez' conditions.

Dated:    New York, New York
          July 20, 2017

FABIENNE LARAQUE

Sworn to before me this
20 th day of July 2017

NOTARY PUBLIC

SARAH LOUISE BANNISTER
Notary Public, State of New York
No. 01BA6221594
Qualified in New York County
Commission Expires May 10, 20__

| | |
|---|---|
| Index No. 100871/201 | Part 42 (Bannon, J) |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

In the Matter of the Application of

MARIAH LOPEZ,

                                                      Petitioner,

-against-

NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES,

                                                      Respondent.

**AFFIDAVIT OF FABIENNE LARAQUE**

**ZACHARY W. CARTER**
*Corporation Counsel of the City of New York*
*Attorney for Respondent*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Thomas B. Roberts*
*Tel: (212) 356-0872*

SARAH LOUISE BANNISTER
Notary Public, State of New York
No. 01BA6221594
Qualified in New York County
Commission Expires May 10, 20__

*Due and timely service is hereby admitted.*

*New York, N.Y.* .................................................................., 20......

.................................................................., *Esq.*

*Attorney for*..................................................................