# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SDNY PRO

2017 APR 25  PM 4: 40

S.D. OF N.Y.

_Minah Lopez_

_____

Write the full name of each plaintiff.

No. _____

(To be filled out by Clerk's Office)

-against-

_NYC Dep Homeless Services,_
_Project Renewal Inc._

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

**COMPLAINT**
~~(Prisoner)~~

Do you want a jury trial?
☑ Yes   ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/6/16

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a *"Bivens"* action (against federal defendants).

☑ Violation of my federal constitutional rights

☑ Other: *Service Animal denied entry to homeless Shelter*

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

Mariah

~~Lopez~~ M                                                             *Lopez*

First Name                    Middle Initial              Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                                    State                    Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other:

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1: _New York City Dep Homeless Services_

First Name                    Last Name                    Shield #

_____

Current Job Title (or other identifying information)

_____

Current Work Address

_____

County, City                    State                    Zip Code

Defendant 2: _Project Renewal_

First Name                    Last Name                    Shield #

_____

Current Job Title (or other identifying information)

_____

Current Work Address

_____

County, City                    State                    Zip Code

Defendant 3:

_____

First Name                    Last Name                    Shield #

_____

Current Job Title (or other identifying information)

_____

Current Work Address

_____

County, City                    State                    Zip Code

Defendant 4:

_____

First Name                    Last Name                    Shield #

_____

Current Job Title (or other identifying information)

_____

Current Work Address

_____

County, City                    State                    Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

I am legally disabled, diagnosed with "impulse control disorder," "PTSD" and anxiety. I am also at risk of being literally forced into the street (homeless) because NYC (Dep of Homeless Services is requiring me to "prove" my dog is a "Service Animal":

After almost three weeks of back and forth between NYC HRA advocates (in favor of my entry to my shelter of record with Said Service Animal) as well as multiple attempts by myself to either find alternative housing besides NYC DHS shelters, or get DHS officials to provide an expedited process for my entry to "Marsha's House" Shelter. I have no choice but to exit the shelter system tomorrow; or abandon my Service Dog.

Tomorrow the last available alternative option for housing myself and animal together, outside of DHS Shelter System will expire. A friend who has been allowing me and the dog

to sleep on the floor, is moving tomorrow.

I am also engaging in survival sex in order to home to money needed to pay dog walkers or other fees as incurred as a result of my still being obligated to care for my Service Animal, despite her being housed apart from me. I have spent my entire April SSI payment already and fear being accused of neglecting my dog if I'm made homeless tomorrow.

**INJURIES!**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

I'm having severe symptoms of PTSD and anxiety. I'm also being "forced" by the actions of the defendant, to do the only thing possible to keep my animal with me: Engage in sex work in order to pay for actual housing outside of Shelter (hotels, friends houses). I have made NYC Dep of Homeless services officials and Project Renewal Shelter admin. aware as well.

**VI.   RELIEF**

State briefly what money damages or other relief you want the court to order.

I would like an order which directs NYC Dep of Homeless Services and Project Renewal ("Marsha's House") to allow my access to entry with my Service Animal, under Titles II and III of the ADA, given the animal has acceptable proof of health, safety and vaccination, as well as proof of registry and license under NYS and NYC law.

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| 4/25/17 | *Lopez* |
| Dated | Plaintiff's Signature |
| Moriah | Lopez |
| First Name  Middle Initial | Last Name |

~~Prison Address~~  Homeless

| | | |
|---|---|---|
| County, City | State | Zip Code |

IM Homeless if DHS Does

Date on which I am delivering this complaint to prison authorities for mailing: _____

Not Allow Dog/Service

Phone is Best Animal

212 470 9687 -Cell

Mariah Lopez

NYC Dep of Homeless Services
Project Renewal

I make this affidavit on
this day April 25th 2017 under
Penalty of Perjury, I attach the
following

A - NYC DHS Reasonable Accomodation Form
(photo copy)
B - Letter from case manager
C - Print out of emails to NYC Public Advocate
D - Letter from Mental Health Professional regarding
    my disability
E → letter from Lisa Parish, NYC
    ACS

Mariah Lopez



**HOUSING WORKS
COMMUNITY
HEALTHCARE**

57 Willoughby St., Brooklyn, NY 11201
347-473-7417 • www.housingworks.org/heal

April 25, 2017

To Whom It May Concern:

Mariah Lopez DOB April 27, 1985, is an HIV Negative client enrolled in Housing Works Health Home Program. Ms. Lopez signed consent with us on December 22, 2016 and is currently receiving care management services. Her care team is listed below with contact telephone numbers.

Ms. Lopez is currently homeless and has been working with her care team to obtain housing. Currently, Ms. Lopez reports her fear of being homeless and her need to engage in sex work to pay for hotels/housing. She also reports to us that she was accepted to Marsha's Place and cannot stay there because her dog is not allowed. Her care team is actively aware of her homeless status and has been assisting her with housing through her current care plans. Ms. Lopez is consistently engaged with the team. If you have any questions, please feel to reach out to us for assistance.

Care Manager – Dana Bannerman 347-473-1420
Care Navigator – Luvenia Suber 929-251-2052
Unit Supervisor – Andrea Kiliaris 347-473-7479

Sincerely,

Andrea Kiliaris, MSW
Health Home Unit Supervisor
Housing Works

**NYC**

**Department of
Homeless Services**

Gilbert Taylor
Commissioner

*Not Legit*

# REASONABLE ACCOMMODATION REQUEST FORM

**INSTRUCTIONS:** Clients must complete Section I and submit this form along with supporting documentation to the Program/Facility Director, or functional equivalent ("Director"). Any Director receiving a completed form with appropriate medical documentation must complete Section II, return a copy to the client, and immediately transmit by facsimile the request and supporting documents to the appropriate Program Administrator, and the Office of Diversity & Equal Opportunity Affairs.

**Section I:** (This section must be completed by the client.)

Name: _Mariah Lopez_

Address/Facility/Program: _1122 Franklyn Ave, Bronx_

Social Security #: _06570 4753_   Phone: _212 470 9687_

**Describe the Accommodation Requested (attach additional sheets and supporting documentation as appropriate).**

_I need my medical Alert Service Animal with me at ALL TIMES_

**Section II:** (To be completed by the Director or his/her designee.)

Name/Title: _____

Facility/Program: _____

Address: _____

Phone: _____   Date Received: _____

Signature: _____



# Re: I don't want to do SEX WORK: NYC's BIG mistake

### mariah lopez <mariah4change@gmail.com>

Sat 4/22/2017 3:11 PM

To:Julissa Gonzalez <jgonzalez@pubadvocate.nyc.gov>;

Cc:Amanda Masters <amasters@pubadvocate.nyc.gov>; mviverito@council.nyc.gov <mviverito@council.nyc.gov>;
newsroom@dnainfo.com <newsroom@dnainfo.com>; rparascandola@nydailynews.com <rparascandola@nydailynews.com>;
susanmrussell@gmail.com <susanmrussell@gmail.com>; Brettschneider, Eric (ACS) <eric.brettschneider@acs.nyc.gov>; Parrish, Lisa
(ACS) <Lisa.Parrish@acs.nyc.gov>; Bannerman, Dana <D.Bannerman@housingworks.org>; gary english <one.english@gmail.com>;
mrivera@lettire.com <mrivera@lettire.com>; Redfield, Elana <redfielde@hra.nyc.gov>; Melissa <melis0213@aol.com>; Molly Thomas-
Jensen <Mthomas-jensen@pubadvocate.nyc.gov>; Mlopez@helpusa.org <Mlopez@helpusa.org>; rose_weber@juno.com
<rose_weber@juno.com>; Carmen Jack Giordano <carmen@csgiordano.com>; Cdonald@publicadvocate.nyc.gov
<Cdonald@publicadvocate.nyc.gov>; Alexia Lewnes <alexia.lewnes@gmail.com>; Blakney, Jennie <Jennie.Blakney@doh.nj.gov>;
Ashley Sharpton <ashleygsharpton@gmail.com>; Dominique Sharpton <dominiques@nationalactionnetwork.net>; Nathanael Holley
<nate.holley@gmail.com>; MURRAYW@dany.nyc.gov <MURRAYW@dany.nyc.gov>; Doran, Katie <DORANK@dany.nyc.gov>; Paul
Schindler <editor@gaycitynews.com>; Paul Lucas <pklucas@mac.com>; Stephen Marshall <smarshall@nationalactionnetwork.net>;
STRADFORD, WENDELL <wendell.stradford@nypd.org>; news@news10.com <news@news10.com>; Doug ODell <dodell@sco.org>;
NYC NLG Street Law Team <streetlawteam@gmail.com>; Palmer, Steven <sp500@mail.cumc.columbia.edu>;
noah.remnick@nytimes.com <noah.remnick@nytimes.com>; gideon@gideonlaw.com <gideon@gideonlaw.com>; Kaedon Grinnell
<Kaedon.Grinnell@projectrenewal.org>; Jim Fouratt <Jim.fouratt@gmail.com>; Erykah Ramdass <cunty10011@yahoo.com>;
btorres@aliforneycenter.org <btorres@aliforneycenter.org>; Chadwick Mills <Chadwick.mills@gmail.com>; Chanel Lopez
<Clopez@avp.org>;

🖉   2 attachments (1 MB)

IMG_1067.PNG; IMG_1068.PNG;

"A public entity may **ask** if the animal is required because of a disability and what work or task the animal has been
trained to perform. A public entity shall not require **documentation**, such as proof that the animal has been certified,
trained, or licensed as a **service** animal."

Julissa (see above and attached),

The failure of the Public Advocate to act in the affirmative to assure that I, as a vulnerable person with a disability
am housed and safe, when the law is clear on this matter is disturbing and  represents a failure to fulfill the duties of
the office. The inaction of Miss James office, via expedited court proceedings or extra judicial remedies, to act
(outside of sending emails) is shameful and contributes to the disenfranchisement of disabled New Yorkers, many of
whom are ex-foster kids, or have PTSD or other conditions which do not render them obviously disabled.

Virtually EVERY public accommodation I have tried to acces with my service animal makes the illegal and
prohibited request that I "prove" my animal is a service animal. As someone with PTSD related to abuses by NYC
Police and Corrections officers, I find it unacceptable (and sadly ironic) that the office of the Public Advocate
is allowing both myself and thousands of other New Yorkers to be abused and denied access to safe housing or
other public accommodations because Service Animal cases don't seem urgent enough.

If Kalif Browder was alive, and still suffering from PTSD from undue trips to Rikers or misconduct by police (like
myself...ask Mrs Masters), he would have to right under federal law to bring his service animal with him
EVERYWHERE; stores, restaurants, hospitals, NYC shelters (direct or contracted) and anywhere else he'd be
traveling. He'd like daily encounter discrimination and confrontation by employees of some kind or another, making
erroneous request for "proof" or "certification" of his animals training and legality. He'd be alone, without the aid of
public officials he swear to uphold and protect the law.

NYC's abysmal record of educating the public around the ADA, NYS and NYC human rights laws, WOULD PUT HIM IN DIRECT CONTACT WITH NYPD (the direct catalyst for his PTSD) OVER and OVER again. The first thing that ignorant people do in response to someone defending their rights under Title's II and III of the ADA is to call the police and allege criminal trespass.

Store clerks, MTA workers, NYC Hospital and even NYS Court officers who operate or Courts (ironically) would turn him away, threaten to arrest him, and create conflict where NONE MUST/SHOULD exist under Federal State and Local law. Kalif too, would probably be thrust deeper into his emotions and also feel isolated, victimized and without a public advocate in HIS HOME CITY. As someone who has sued "NYC" and won or settled with the result being tax payers footing the bill for the ignorance bureaucrats multiple times, I urge the public advocate to stop standing idol and move swiftly and urgently to correct this embarrassing and harmful disregard for well established law and precedent. The Public Advocates roles of protector are and defender are three fold in this matter; She must advocate for the rights of the disabled person, the uniformed general public, as well as City agencies with illegal or archaic policies which result in unnecessary litigation and the squanderance of tax payers dollars. This issue should be a no brainer to resolve in a forward thinking town like the big apple. Yet I have been chronically homeless for years because apathy and ignorance, having to have sex to survive or not leave my birthplace.

PTSD is a serious life threatening condition and Public Advocate James should be ashamed of herself for not taking up the plight of those who use Service Animals to aid their heal. She seems either unaware of the general issue of NYs ignorance around Service Animals (specifically the prohibition of public accommodations asking for documented proof or certification of an animal's authenticity as a service animal), or is too busy trying to find big ticket campaign platform issues to champion as she mulls a run for her next public job, to utilize her unique powers under the law to bring relief to potentially tens of thousands of New Yorkers or visitors to this City. Either way, the issue of ADA Service Animal noncompliance is SERIOUS AND URGENT. City Officials MUST act without further delay to ensure that New York isn't lying to the world when it claims to be safe and welcoming to all, even the disabled.

IF Kalif were alive and tried to use an animal to treat and aid his condition, he might very well have been pushed deeper into depression, his anxiety and increased startle response to increasingly limit his fair and reasonable access to literally tens of thousands of places of public accommodations across the five boroughs. I know this from first hand experience. Every mom and pop store, City run place, or wealthy chain business would confront him upon entry and demand imaginary "papers" for his animal. His youth, race, and appearance of not generally presenting as a "disabled" person wouldn't help the matter either.

I hope Miss James reflects on Mr Browder every time his name crosses her path of vision, when she hears his name, or when she uses her dreadful plans to rename his hell on earth in his dishonor. I hope Mr Browder's PTSD and his connection to this City's history, as well as the use of Service Animals as legitimate tools for treating many conditions, is something that forces the Public Advocate to act holistically.

Not addressing this issue pits New Yorkers against each other unnecessarily, costs the City money, and also leaves out huge potential for thousands of NYC Animal Care & Control dogs to be destroyed and not saved for their potential functional value and place in society.

It is my hope that Miss James, despite her apparent sluggish or nonexistent response to the issues described above, act immediately to educate the public and City agencies of the law concerning Service Animals. I also insist that she use the unique powers of her office to defend every single New York resident or visitor who is denied their rights under the law, instead of making what are most like administrative decisions to only bring "good cases" with outcomes expected to boost her public profile. People are suffering and in danger because of the Public Advocates inaction.

As the activist granddaughter of one of Miss James most cherished mentors (Edward Carter), I plan on taking her on personally until she fulfills her duties. I've had the City Law department on its toes and reeling from the mistakes of those in public office before. I always win in the end.

Hopefully, the Public Advocate will step in and stop the City from having to pay a hefty price for the ignorance and apathy of those sworn to uphold the law and protect the public coffers.
If not, I will seek the absolute maximum monetary penalty under the law for my years of suffering. My grandfather, as well as activist Trans mother, would be outraged at my situation, but would also have it NO zither way: I'm standing up for what's right, and I will win again! Whether the current local law needs to be changed or the existing legislation needs enforcing. Either way I'm pissed, and the City is failing to do the act in the interest of justice.

This will be my last attempt at convincing the City of New York (officials or its law departments) that what's happening to me is not legal, ethical, or moral. Next stop............a "courtroom", where the law, for the most part, is adhered to, honored and defended. I will use part of any money I receive to honor Mr Browder and many other New Yorkers with PTSD from either the NYPD or Rikers, the right way. That's a promise.

Yours in earnest

Mariah Lopez
Lifelong New Yorker and Activist

P.S.
Please tell the Public Advocate "Carter here!"

On Friday, April 21, 2017, Julissa Gonzalez <jgonzalez@pubadvocate.nyc.gov> wrote:
    Mariah,

    I have been following up with DHS regarding their policies and ADA compliance. DHS' response to our request was as follows:

    "DHS is working with the provider and the client to address her concern. We are working with the client to determine what specific task the animal is trained to perform, if the animal is a service animal. Or, if the animal is an emotional support animal, staff will guide the client to obtain the proper documentation from a medical provider to substantiate the reasonable accommodation request. The DHS Legal team has been made aware of the situation and will review documents on this case as soon as they are received.

    I will provide you with an update once all the documents have been reviewed and a decision has been made."

    Our General Counsel has reviewed their written policies and their response to our office. After reviewing all correspondence as well as the letter you provided us from Housing Works mental health provider, we have determined that they are able to require you to make a formal request for a reasonable accommodation if you wish to have an emotional support animal. They are also able to request documentation from your medical provider if you're making a request for reasonable accommodation . According to our General Counsel the letter you provided us from Housing Works should fulfill their request for documentation from a medical provider. We cannot submit the letter you provided our office to DHS without your written consent. If you respond to this email granting me permission to share the letter with DHS, I will do so and continue following up on this matter. You may also choose to submit it directly to the provider on your own if you prefer.

    I will await your response before proceeding.

    Sincerely,

    Julissa Gonzalez Santiago

    Director of Constituent Services

    NYC Public Advocate Letitia James

    **Julissa Gonzalez**
    Director of Constituent Services

Office of the Public Advocate Letitia James
1 Centre Street, 15th Floor, New York, NY 10007
Direct Line: (212) 669-4892
Fax: (212) 669-4701
jgonzalez@pubadvocate.nyc.gov


On Fri, Apr 21, 2017 at 8:11 PM, mariah lopez <mariah4change@gmail.com> wrote:
The City not following the ADA Service Animal Provisions is WHY IM FORCED TO DO SEX WORK. I will not abandon my dog.

Simple.

 **HOUSING WORKS**

Downtown Brooklyn Health Center
57 Willoughby Street
Brooklyn, NY 11201
TEL 347-473-7400 FAX 212-229-2178

April 6, 2017

TO WHOM IT MAY CONCERN:

Ms. Mariah Lopez (DOB: 4/27/1985) is currently under our professional care for treatment for a mental illness defined by the DSM-V. Her mental impairment substantially limits one or more major life activities. I have prescribed an emotional support animal as part of the treatment program developed for Mariah. The presence of this emotional support animal, particularly her dog, is necessary for Mariah's mental health.

I am familiar with the voluminous professional literature concerning the therapeutic benefits of assistance animals for people with disabilities such as that experienced by Mariah. Upon request, I will share citations to relevant studies, and would be happy to answer other questions you may have concerning my recommendation that Ms. Lopez have an emotional support animal. Should you have additional question, please do not hesitate to contact me.

I am licensed by the state of New York to practice in Psychiatry. My license number is 401561.

Please allow Ms. Mariah Lopez to keep and maintain her emotional support animal in her place of residence and to be accompanied by her emotional support animal elsewhere as allowed.

Sincerely,

JESSICA PACANNUAYAN, NP
LICENSE # 401561

Jessica Pacannuayan, NPP
Housing Works Inc.
57 Willoughby street, LL
Brooklyn, NY
(347) 473- 7400



**Administration for Children's Services**

**David A. Hansell**
Commissioner

**Andrew White**
Deputy Commissioner

**Lisa Parrish**
Senior Advisor
**Office of LGBTQ Policy & Practice**
**Division of Policy, Planning and Measurement**
150 William Street
19th Floor
New York, NY 10038
212-341-3103 (o)

April 6, 2017

To: PACT Reviewer, NYC Human Resources Administration (HRA)

From: Lisa Parrish, Senior Advisor

Re: Mariah Lopez, Client ID # 116101, 2010e Supportive Housing Application

Mariah Lopez (DOB April 27, 1985) was in the custody of ACS when she tuned 21 years old and aged out of care. Since that time she has periodically contacted ACS for assistance and consistently reported that she has been chronically homeless.

When I met with her on Friday, December 23, 2016, she reported that she was temporarily staying with an aunt in Brooklyn. She told me that for many years she had been "hotel hopping and couch surfing." She also said that she periodically reaches out to former foster parents for help. She reported that she had applied for SEPS through HRA. She told us by phone on January 7, 2016 that the Aunt's house where she was staying had no heat and needed a new boiler. She called me in March and reported that she had to leave the Aunt's house at the end of January when her Aunt's son came home, and that her Aunt had passed away in February. When I met with her today, she says that she has been staying with a friend who is moving out next week and that she needs supportive housing immediately.

I am copying Ms. Lopez' case manager, Dana Bannerman, at Housing Works in the hope that this information will help with the 2010e application, and Elana Redfield, the Director of LGBTQI Affairs within the Office of Advocacy and Outreach at HRA in the NYC Department of Social Services (DSS), who is also in contact with Ms. Lopez.

Please feel free to reach out to me at 212-341-3103 if I can be of any further assistance.

C: Dana Bannerman, Housing Works
   Elana Redfield, Esq., HRA, DSS
   Mariah Lopez

# EXHIBIT B

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _4/27/2017_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
                                                             :
MARIAH LOPEZ,                                                :
                                                             :
                              Plaintiff,                     :
                                                             :          17-CV-3014 (VEC)
                -against-                                     :
                                                             :          TEMPORARY RESTRAINING
THE CITY OF NEW YORK, and PROJECT                            :          ORDER
RENEWAL, INC.                                                :
                              Defendants.                    :
------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

On April 25, 2017 Plaintiff, proceeding *pro se*, filed a complaint for preliminary and

permanent injunctive relief alleging that Defendants have refused to permit her service animal

access to a public accommodation in violation of Title III of the Americans with Disabilities Act

(the "ADA"), 42 U.S.C. § 12182(a).  Plaintiff concurrently moved for a temporary restraining

order ("TRO") pursuant to Rule 65 of the Federal Rules of Civil Procedure.  On April 27, 2017

the Court held a conference in respect of Ms. Lopez's application for a temporary restraining

order.

The standard for entry of a TRO in this circuit is the same as for a preliminary injunction.

*See Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008).  In order to obtain a TRO (or

preliminary injunction) a moving party must demonstrate: "(1) irreparable harm in the absence of

the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious

questions going to the merits to make them a fair grounds for litigation and a balance of

hardships tipping decidedly in the movant's favor."  *MyWebGrocer, L.L.C. v. Hometown Info.,

Inc.*, 375 F.3d 190, 192 (2d Cir. 2004) (*quoting Merkos L'Inyonei Chinuch, Inc. v. Otsar Sifrei

Lubavitch, Inc.*, 312 F.3d 94, 96 (2d Cir. 2002)).

Federal regulations require public accommodations to modify their "policies, practices, or procedures to permit the use of a service animal by an individual with a disability."[1]  28 C.F.R. § 36.302(c)(1).  The Court finds that Plaintiff has shown that there are "sufficiently serious questions going to merits" of whether her dog is a service animal within the meaning of federal regulations.  *See* 28 C.F.R. § 36.104 ("Service animal means any dog that is individually trained to do work or perform tasks for the benefit of an individual with a disability, including a physical, sensory, psychiatric, intellectual, or other mental disability . . . .").  Plaintiff has provided the Court and Defendants with information relative to the tasks performed by the animal and an unverified letter from a treating psychiatrist as to the animal's role in her care.  While the Defendants take the position that the animal is in fact an "emotional support" or a "therapy" dog, which the City is not required to accommodate under the ADA, at this provisional stage, plaintiff's showing is adequate.

The Court further finds that Plaintiff has adequately shown a risk of irreparable harm.  Failure to accommodate Plaintiff and the service animal would potentially cause Plaintiff to be without shelter.

Accordingly, IT IS HEREBY ORDERED that the Defendants are provisionally directed to accommodate Plaintiff and her service animal at the "Marsha's House" homeless shelter until 3:00 p.m. on May 1, 2017, unless this Court orders otherwise.  This Order is without prejudice to the Defendants' and Marsha's House's right to require Plaintiff to comply with all applicable

---

[1]     At this stage, the Court assumes, and Defendants do not appear to dispute, that Plaintiff has a "disability" for purposes of the ADA.  This is without prejudice to the City's right to dispute Plaintiff's disability at later stages of the litigation.

shelter rules and City and State regulations.[2]  Plaintiff's failure to comply with shelter rules or

City and State regulations is grounds to dissolve this TRO.

IT IS HEREBY FURTHER ORDERED that the parties are directed to appear at **3:00**

**p.m. on May 1, 2017** in Courtroom 443 of the Thurgood Marshall Courthouse, 40 Foley Square,

New York, New York 10007 at which time the Court will hold a hearing in respect of Plaintiff's

application for temporary injunctive relief.

**SO ORDERED.**

**Date:  April 27, 2017         VALERIE**
       **New York, NY**
       **4:00 p.m.**

**VALERIE CAPRONI**
**United States District Judge**

---

[2]      This temporary restraining order is also without prejudice to the City's resolution of Plaintiff's outstanding application for a reasonable accommodation and the City's administrative procedures concerning placement of Plaintiff in an acceptable shelter.  The Court notes that resolution of the accommodation application or a showing that there are new independent grounds for the City's decision to discharge Plaintiff from the Marsha's House shelter may moot this case.

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIAH LOPEZ,

                Plaintiff,

                v.

THE CITY OF NEW YORK and PROJECT
RENEWAL, INC.

                Defendants.

RESPONSE TO ORDER TO SHOW CAUSE
(D.I. 11)

1:17-CV-03014-VEC

       Plaintiff Mariah Lopez herein responds to the Court's May 1, 2017 Order to Show

Cause (D.I. 11).  Ms. Lopez does not oppose the dissolution of the Temporary Restraining

Order entered on April 27, 2017 provided that (1) Defendants continue to accommodate

Ms. Lopez by allowing her service animal to remain with her in the homeless shelter

system and (2) she is not transferred or otherwise removed from Marsha's House because

of her service animal.  Ms. Lopez expressly reserves her right to seek further preliminary

relief if the Defendants cease to accommodate her and her support animal.

       Ms. Lopez also hereby notifies the Court of her intent to amend her Complaint to

seek, in addition to injunctive relief, damages under, *inter alia*, the Americans with

Disabilities Act.

Dated:  May 1, 2017

                        Respectfully submitted,
                        By: */s/ Miles D. Freeman*
                             Miles D. Freeman

                        Miles D. Freeman
                        QUINN EMANUEL URQUHART &
                        SULLIVAN, LLP
                        51 Madison Avenue, 22nd Floor
                        New York, New York 10010
                        Telephone:  (212) 849-7000
                        Facsimile:  (212) 849-7100
                        milesfreeman@quinnemanuel.com

# EXHIBIT D

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:    5/2/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIAH LOPEZ,

               Plaintiff,

               v.

THE CITY OF NEW YORK and PROJECT
RENEWAL, INC.

               Defendants.

RESPONSE TO ORDER TO SHOW CAUSE
(D.I. 11)

1:17-CV-03014-VEC

       Plaintiff Mariah Lopez herein responds to the Court's May 1, 2017 Order to Show

Cause (D.I. 11).  Ms. Lopez does not oppose the dissolution of the Temporary Restraining

Order entered on April 27, 2017 provided that (1) Defendants continue to accommodate

Ms. Lopez by allowing her  service animal  to remain with her in the ho  meless shelter

system and (2) she is not transferred or otherwise removed from Marsha's House because

of her service animal.  Ms.  Lopez expressly reserves her right to seek further preliminary

relief if the Defendants cease to accommodate her and her support animal.

       Ms. Lopez also hereby notifies the Court of her intent to amend her Complaint to

seek, in addition to inj  unctive relief, damages under,  *inter alia* , the  Americans with

Disabilities Act.

The Court finds that, in light of the City's
agreement to house Plaintiff and her animal,
and Plaintiff's submission in response to the Court's
order to show cause, the Court's
temporary restraining order is no longer necessary
to avoid an irreparable harm.  The TRO is hereby
dissolved and the parties' May 3, 2017 conference
is adjourned sine die.

SO ORDERED.

*Valerie Caproni* (signature)

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

5/2/2017

Respectfully submitted,
By: */s/ Miles D. Freeman*
      Miles D. Freeman

Miles D. Freeman
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone:  (212) 849-7000
Facsimile:  (212) 849-7100
milesfreeman@quinnemanuel.com

# EXHIBIT E

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  5/23/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIAH LOPEZ,

    Plaintiff,

v.

THE CITY OF NEW YORK and PROJECT
RENEWAL, INC.

    Defendants.

**MOTION TO WITHDRAW APPEARANCE
OF LIMITED *PRO BONO* COUNSEL
MILES D. FREEMAN**

1:17-CV-03014-VEC

To the Clerk of this Court and all parties of record:

Pursuant to Local Civil Rule 1.4, Miles D. Freeman respectfully requests the

withdrawal of his appearance on behalf of Plaintiff Mariah Lopez.

On May 1, 2017, Mr. Freeman entered a Notice of Limited Appearance of *Pro*

*Bono* Counsel on behalf of Plaintiff Mariah Lopez for the limited purpose of representing

Ms. Lopez during the April 27, 2017 hearing on her request for preliminary relief and the

now-adjourned May 3, 2017 hearing on the same. With those hearings now resolved, Mr.

Freeman's representation has ended and Ms. Lopez will resume her *pro se* representation

in this case. Accordingly, Mr. Freeman respectfully requests that the Court permit him to

withdraw.

Application GRANTED.  The Court thanks
the Quinn Emanuel firm and Mr. Freeman for their
pro bono contributions to this case and their willingness
to represent Ms. Lopez on short notice.

SO ORDERED.

*Valerie Caproni*

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE
5/23/2017

Respectfully submitted,

By: */s/ Miles D. Freeman*
        Miles D. Freeman

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone:  (212) 849-7000
Facsimile:  (212) 849-7100
milesfreeman@quinnemanuel.com

# EXHIBIT F

**USM-285 is a 5-part form. Fill out the form and print 5 copies. Sign as needed and route as specified below.**

U.S. Department of Justice
United States Marshals Service

# PROCESS RECEIPT AND RETURN
*See "Instructions for Service of Process by U.S. Marshal"*

| PLAINTIFF<br>Mariah Lopez | COURT CASE NUMBER<br>17-cv-03014-VEC |
|---|---|
| DEFENDANT<br>New York City Dept. Homeless Services et al | TYPE OF PROCESS<br>Service of Summons & Complaint |

**SERVE AT** {

NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
The City of New York at NYC Law Department

ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*
100 Church Street, NY, NY 10007

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | |
|---|---|
| PRO SE: Mariah Lopez<br>Homeless (Shelter of Record is at 480 East 185th Street<br>Bronx, NY 10450 | Number of process to be served with this Form 285 |
| | Number of parties to be served in this case |
| | Check for service on U.S.A. |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):*

Fold / Fold

| Signature of Attorney other Originator requesting service on behalf of: | ☒ PLAINTIFF<br>☐ DEFENDANT | TELEPHONE NUMBER<br>(212)- 805 - 0175 | DATE<br>4/28/17 |
|---|---|---|---|

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated.<br>*(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process<br>P2 | District of Origin<br>No.054 | District to Serve<br>No.054 | Signature of Authorized USMS Deputy or Clerk<br>D. M. Foster | Date<br>5/1/17 |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served, ☒ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| Name and title of individual served *(if not shown above)*<br>Thomas B. Roberts, attorney | ☐ A person of suitable age and discretion then residing in defendant's usual place of abode | |
|---|---|---|
| Address *(complete only different than shown above)* | Date<br>6/2/17 | Time<br>☐ am<br>☐ pm |
| | Signature of U.S. Marshal or Deputy<br>D. M. Foster 2708604 | |

| Service Fee<br>$8 | Total Mileage Charges including *endeavors*<br> | Forwarding Fee<br> | Total Charges<br>$8 | Advance Deposits<br> | Amount owed to U.S. Marshal* or (Amount of Refund*)<br>$0.00 |
|---|---|---|---|---|---|

REMARKS:
5/1/17 set up for mail sv.
6/9/17 set up for personal service

PRINT 5 COPIES:
1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

17-3014-1

Form USM-285
Rev. 12/80

U.S. Department of Justice

United States Marshals Service

Southern District of New York



---

500 Pearl Street, Suite 400, New York, NY  10007

## STATEMENT OF SERVICE BY MAIL AND ACKNOWLEDGMENT
## OF RECEIPT BY MAIL OF SUMMONS AND COMPLAINT

A.      STATEMENT OF SERVICE BY MAIL

United States District Court

for the

Southern District of New York

Civil File Number 17 Civ 3014

May 2, 2017

Mariah Lopez vs.

NYC Dep Homeless Services, et al

TO:     The City of New York at NYC Law Department
        100 Church Street
        New York, NY 10007

The enclosed summons and complaint are served pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure and section 312-a of the New York Civil Practice Law and Rules.

To avoid being charged with the expense of service upon you, you must sign, date, and complete the acknowledgment part of this form and mail or deliver this original completed form to the U.S. Marshals Service within 30 days from the date you receive this form. A self-addressed envelope has been included for your convenience. You should keep a copy for your records or for your attorney.

If you do not complete and return the form to the U.S. Marshals Service within 30 days, you (or the party on whose behalf you are being served) may be required to pay expenses incurred in serving the summons and complaint in any other manner permitted by law, and the cost of such service as permitted by law will be entered as a judgment against you.

The return of this statement and acknowledgment does not relieve you of the necessity to answer the complaint or petition.

Under a standing order of the Court, filed December 30, 2013, if a defendant or defendant's agent returns the acknowledgment form within 30 days of receipt, the defendant will have 60 days from the date the defendant or defendant's agent mails or delivers to the U.S. Marshals Service the completed Acknowledgment of Receipt of Service by Mail to file and serve an answer or other responsive pleading. If you wish to consult with an attorney, you should do so as soon as possible before the 60 days expire.

If you are served on behalf of a corporation, unincorporated association, partnership or other entity, you must indicate under your signature your relationship to the entity.  If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

It is a crime to forge a signature or to make a false entry on this statement or on the acknowledgment

OVER>

CIVIL ACTION FILE NUMBER:   <u>17 Civ 3014</u>

<u>Mariah Lopez</u>   vs.   <u>NYC Dep Homeless Services, et al</u>

B.   **ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT OR PETITION**

I received a summons and complaint.   PLEASE CHECK ONE OF THE FOLLOWING:

IF 2 IS CHECKED, COMPLETE AS INDICATED:

    1.   ____ I am not in military service.

    2.   ____ I am in military service, and my rank, serial number and branch of service are as follows:

Rank:_____
Serial Number:_____
Branch of Service:_____

TO BE COMPLETED REGARDLESS OF MILITARY STATUS:

Date: <u>JuNE 2, 2017</u>
       (Date this acknowledgment is executed)

I affirm the above as true under penalty of perjury

_____
Signature

THOMAS B. ROBERTS
Print Name

ATTORNEY FOR DEFENDANT   City OF NEW YORK.
Relationship to Entity/Authority to Receive Service
of Process (i.e., self, officer, attorney, etc.)

USMS OFFICIAL: <u>KATRINA FOSTER</u>

# EXHIBIT G

**USM-285 is a 5-part form. Fill out the form and print 5 copies. Sign as needed and route as specified below.**

**U.S. Department of Justice**
United States Marshals Service

# PROCESS RECEIPT AND RETURN
*See "Instructions for Service of Process by U.S. Marshal"*

| PLAINTIFF  Mariah Lopez | COURT CASE NUMBER  17-cv-03014-VEC |
|---|---|
| DEFENDANT  New York City Dept. Homeless Services et al | TYPE OF PROCESS  Service of Summons & Complaint |

**SERVE AT** {

NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
Project Renewal Inc., Administrative Offices

ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*
200 Varick Street, 9th Floor, NY, NY 10014

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | |
|---|---|
| PRO SE: Mariah Lopez  Homeless (Shelter of Record is at 480 East 185th Street  Bronx, NY 10450 | Number of process to be served with this Form 285 |
| | Number of parties to be served in this case |
| | Check for service on U.S.A. |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):*

Fold                                                                                              Fold

| Signature of Attorney other Originator requesting service on behalf of: | ☒ PLAINTIFF  ☐ DEFENDANT | TELEPHONE NUMBER  (212)- 805 - 0175 | DATE  4/28/17 |
|---|---|---|---|

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process  P2 | District of Origin  No. 054 | District to Serve  No. 054 | Signature of Authorized USMS Deputy or Clerk | Date  5/1/17 |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served ☒ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual , company, corporation, etc., at the address shown above on the on the individual , company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| Name and title of individual served *(if not shown above)*  Donna Connaly, Attorney | ☐ A person of suitable age and discretion then residing in defendant's usual place of abode |
|---|---|
| Address *(complete only different than shown above)* | Date  W 5/17 | Time | ☐ am  ☐ pm |
| | Signature of U.S. Marshal or Deputy  D. M. Foster 2708604 | |

| Service Fee  #8 | Total Mileage Charges including *endeavors* | Forwarding Fee | Total Charges  #8 | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*)  $0.00 |
|---|---|---|---|---|---|

REMARKS:
5/1/17- Setup for mail srv.
6/9/17- Set up for personal service

**PRINT 5 COPIES:**
1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

17-3014-2

Form USM-285
Rev. 12/80

U.S. Department of Justice

United States Marshals Service

Southern District of New York



500 Pearl Street, Suite 400, New York, NY  10007

### STATEMENT OF SERVICE BY MAIL AND ACKNOWLEDGMENT
### OF RECEIPT BY MAIL OF SUMMONS AND COMPLAINT

A.    STATEMENT OF SERVICE BY MAIL

United States District Court

for the

Southern District of New York

Civil File Number <u>17 Civ 3014</u>

May 2, 2017

<u>Mariah Lopez</u> vs.

<u>NYC Dep Homeless Services, et al</u>

TO:    Project Renewal Inc, Administrative Offices
200 Varick Street
9th Floor
New York, NY 10014

The enclosed summons and complaint are served pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure and section 312-a of the New York Civil Practice Law and Rules.

To avoid being charged with the expense of service upon you, you must sign, date, and complete the acknowledgment part of this form and mail or deliver this original completed form to the U.S. Marshals Service within 30 days from the date you receive this form. A self-addressed envelope has been included for your convenience. You should keep a copy for your records or for your attorney.

If you do not complete and return the form to the U.S. Marshals Service within 30 days, you (or the party on whose behalf you are being served) may be required to pay expenses incurred in serving the summons and complaint in any other manner permitted by law, and the cost of such service as permitted by law will be entered as a judgment against you.

The return of this statement and acknowledgment does not relieve you of the necessity to answer the complaint or petition.

Under a standing order of the Court, filed December 30, 2013, if a defendant or defendant's agent returns the acknowledgment form within 30 days of receipt, the defendant will have 60 days from the date the defendant or defendant's agent mails or delivers to the U.S. Marshals Service the completed Acknowledgment of Receipt of Service by Mail to file and serve an answer or other responsive pleading. If you wish to consult with an attorney, you should do so as soon as possible before the 60 days expire.

If you are served on behalf of a corporation, unincorporated association, partnership or other entity, you must indicate under your signature your relationship to the entity.  If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

It is a crime to forge a signature or to make a false entry on this statement or on the acknowledgment

OVER>

CIVIL ACTION FILE NUMBER:   <u>17 Civ 3014</u>

<u>Mariah Lopez</u>   vs.   <u>NYC Dep Homeless Services, et al</u>

B.    ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT OR PETITION

I received a summons and complaint.  PLEASE CHECK ONE OF THE FOLLOWING;

IF 2 IS CHECKED, COMPLETE AS INDICATED:

        1.    X  I am not in military service.

        2.    ____ I am in military service, and my rank, serial number and branch of service
are as follows:

Rank:_____
Serial Number:_____
Branch of Service:_____

TO BE COMPLETED REGARDLESS OF MILITARY STATUS:

      Date: 6|5|17_____
          (Date this acknowledgment is executed)

I affirm the above as true under penalty of perjury

_____
Signature

Kevin Connolly
Print Name

Attorney for Project Renewal
Relationship to Entity/Authority to Receive Service
of Process (i.e., self, officer, attorney, etc.)

USMS OFFICIAL: <u>KATRINA FOSTER</u>

# EXHIBIT H

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___5/30/17___

RECEIVED
SDNY PRO SE OFFICE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

2017 MAY 30 PM 3: 54

S.D. OF N.Y.

Mariah Lopez
_____
Write the full name of each plaintiff or petitioner.

Case No. 17 cv 3014

-against-

NYC Dep Homeless Services

NOTICE OF MOTION

Emergency Relief
(To get back in Shelter)
Requested

_____
Write the full name of each defendant or respondent.

PLEASE TAKE NOTICE that _____    _____
                        plaintiff or defendant   name of party who is making the motion

requests that the Court: Intervene to stop New York City Department of Homeless Services from moving me from Marsha's Shelter, or suspending them my Services there, until this Court determines if the suspensions of Services or transfers are retaliation for the TRO which this Court issued and I allowed to dissolve.

Briefly describe what you want the court to do. You should also include the Federal Rule(s) of Civil Procedure or the statute under which you are making the motion, if you know.

In support of this motion, I submit the following documents (check all that apply):

☐ a memorandum of law

☐ my own declaration, affirmation, or affidavit

☐ the following additional documents:

Alternative Number
646 294 0767

(Angela Carter)

5/30/17
_____
Dated

_____
Signature

_____
Name

_____
Prison Identification # (if incarcerated)

(Homeless) 480 185 St
_____
Address

Bronx
_____
City

NY
_____
State

10458
_____
Zip Code

_____
Telephone Number (if available)

_____
E-mail Address (if available)

SDNY Rev: 5/24/2016