17 CV 3014 (VEC)(AJP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIAH LOPEZ,

                                            Plaintiff,

-against-

NEW YORK CITY and PROJECT RENEWAL, Inc.,

                                            Defendants.

**NEW YORK CITY'S OBJECTIONS TO THE REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE PECK DATED SEPTEMBER 28, 2017**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for New York City*
*100 Church Street – Room 2-110*
*New York, NY 10007*

*Of Counsel: Thomas B. Roberts*
*Tel: (212) 356-0872*
*Matter #: 2017-018545*

## PRELIMINARY STATEMENT

Plaintiff sued both New York City and Project Renewal, Inc. in this court and in the Supreme Court of New York State, County of New York, seeking identical relief based upon identical factual allegations. Justice Barbara Jaffe of the state court issued a decision and judgment on the merits of Lopez' Article 78 proceeding that holds (i) that the New York City Department of Homeless Services ('DHS") made a lawful, reasonable and appropriate decision to transfer Plaintiff from the Marsha's House shelter in the Bronx; (ii) that DHS did not make the transfer in retaliation for Plaintiff having filed this action or for Plaintiff's speech at Marsha's House; (iii) that DHS made the transfer due to Plaintiff's threats against and physical attacks upon the staff at Marsha's House, and (iv) that plaintiff had failed to exhaust available administrative remedies.

Based upon Justice Jaffe's prior judgment, New York City and Project Renewal separately moved to dismiss this federal action because the state judgment must be given *res judicata* effect and because the findings of the state court are entitled to collateral estoppel. (Dkt No. 44-46 & 49-51) By Report and Recommendation ("R&R") dated September 28, 2017, Magistrate Judge Peck recommended that the City's motion be denied. (Dkt No. 58) Pursuant to F.R.C.P. 72(b)(2), and for the reasons set forth set below and in the City's motion to dismiss, the City hereby respectfully objects to those portions of the R&R that recommend denial of the City's motion to dismiss.

## STANDARD OF REVIEW

Where a party makes specific and timely objections to a magistrate's findings, the court must apply a *de novo* standard of review. *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997); 28 U.S.C. 636(b)(1). The court may then "accept, reject, or modify, in whole or

in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions" *Id.*

## STATEMENT OF FACTS

The City incorporates herein by reference the Statement of Facts set forth in the Declaration of Thomas B. Roberts filed in support of its motion to dismiss. (Dkt No. 46)

## ARGUMENT

### POINT I

### THE R&R MISCONSTRUED JUSTICE JAFFE'S DECISION, WHICH WAS NOT LIMITED TO A DETERMINATION THAT PLAINTIFF HAD FAILED TO EXHAUST ADMINISTRATIVE REMEDIES.

Magistrate Peck interpreted Justice Jaffe's June 14, 2017 decision as making only two determinations: that "(1) Lopez did not exhaust her administrative remedies with DHS; and (2) no preliminary injunction was warranted because Lopez did not demonstrate, among other thing, 'a likelihood of success on the merits.'" (R&R at 18)  With respect, we believe this constitutes a misreading of Justice Jaffe's decision.

Justice Jaffe accurately summarized Lopez' contentions in the first page of her decision dismissing the Article 78 proceeding: "[Lopez] alleges that the transfer [from Marsha's House] constitutes a retaliatory measure against her for having obtained an order from the Southern District of New York enjoining respondents from refusing the entry of her service dog into Marsha's Place. Since then, she contends, she has been treated differently by staff in that they document her alleged infractions more than they do of other clients, resulting in a 'paper trail' and her transfer out of Marsha's Place, which transfer she claims resulted from her objection to the mistreatment of transgender clients by food service staff." Justice Jaffe went on

to dismiss the proceeding on the merits. Fairly read, Justice Jaffe's decision determined (i) that DHS made a lawful, reasonable and appropriate decision to transfer Plaintiff from Marsha's House; (ii) that DHS did not make the transfer in retaliation for Plaintiff having filed this action or for Plaintiff's speech at Marsha's House; and (iii) that DHS made the transfer due to Plaintiff's threats against and physical attacks upon the staff at Marsha's House.

The City detailed Lopez' threats against and physical attacks upon the staff at Marsha's House in its answer and other submissions in the Article 78 proceeding. Lopez did not dispute that the threats and attacks occurred, and in her decision Justice Jaffe acknowledged the accuracy of the City's description of Lopez's actions. After reciting Lopez' history of threats and attacks, Justice Jaffe at page 6 of her decision stated that she lifted her stay temporarily enjoining DHS from transferring Lopez from Marsha's House in part because of "the incidents that preceded those allegedly precipitating petitioner's arrest, which were essentially uncontested except to the extent that petitioner sought to excuse them." At page 7 of her decision, Justice Jaffe observed that "[Lopez'] attempt to minimize the impact of her threats is unpersuasive." At page 8 of her decision, Justice Jaffe observed that the fact "[t]hat [Lopez] cannot control her impulses does not entitle her to relief." And in the Conclusion of the decision at pages 9-10, Justice Jaffe found that "[t]o the extent that [Lopez'] conduct may be characterized as civil disobedience, under the circumstances presented here, she is herself to blame for the consequences of her conduct."

Particularly this finding in the Conclusion of the decision concerning the consequences of Lopez' conduct demonstrates that Justice Jaffe's decision to dismiss the case was not limited to Lopez' failure to exhaust. Instead, Justice Jaffe determined on the extensive record submitted by the City that Lopez had repeatedly threatened the safety of Marsha's

House's staff and had physically assaulted Marsha's House staff members, which actions caused DHS to transfer Lopez to another facility. As Justice Jaffe correctly noted, Lopez did not contest that she had committed the serious misconduct that resulted in her transfer. And Lopez provided no evidence to support her contention that DHS made the transfer from Marsha's House in retaliation for Lopez having filed this federal action. Indeed, the Justice's findings refute the premise of Lopez' federal action – that Lopez was transferred in retaliation for having filed this federal action and for complaints she made about Marsha's House. Magistrate Peck ignored these findings of Justice Jaffe and took no account of them.

These finding, however, are important and warrant a determination that in dismissing the Article 78 proceeding, Justice Jaffe necessarily concluded that (i) DHS made a lawful, reasonable and appropriate decision to transfer Plaintiff from Marsha's House; (ii) DHS did not make the transfer in retaliation for Plaintiff having filed this action or for Plaintiff's speech at Marsha's House; and (iii) DHS made the transfer due to Plaintiff's threats against and physical attacks upon the staff at Marsha's House. As argued at length in the City's Memorandum of Law in support of its motion to dismiss, such conclusions warrant dismissal of this action based upon *res judicata* and collateral estoppel.

## POINT II

### THE TIME FOR LOPEZ TO SEEK TO EXHAUST HER ADMINISTRATIVE REMEDIES HAS EXPIRED, AND JUSTICE JAFFE'S DECISION HAS THEREFORE BECOME A DETERMINATION ON THE MERITS.

Magistrate Judge Peck's recommendation that the City's motion be denied flowed from his conclusion that Justice Jaffe dismissed the Article 78 proceeding exclusively on the ground that Lopez had not exhausted the administrative remedies available to her. Even if Magistrate Peck's narrow interpretation of Justice Jaffe's decision were correct, this federal

action must be dismissed because Lopez' failure to exhaust has become final on the merits and is therefore entitled to *res judicata* effect.

Magistrate Judge Peck correctly noted that dismissals for failure to exhaust are presumed to be without prejudice, and that *res judicata* only applies to judgments on the merits issued with prejudice. (R&R p. 18 n.11) Magistrate Peck also correctly noted that once the time to exhaust has expired and the defect can no longer be cured, a dismissal for failure to exhaust becomes one on the merits. (R&R p. 19 n. 13) As held in *Witchard v. Montefiore Med. Ctr.*, 05 Civ 5957, 2006 WL 2773870 at *7 (S.D.N.Y. Sept. 26, 2006), "[a] dismissal is considered to be on the merits where it is no longer possible to properly exhaust administrative remedies." *See also, Berry v. Kerik*, 345 F.3d 126, 128 (2d Cir. 2003) (holding that lawsuit brought under § 1983 alleging mistreatment while incarcerated was properly dismissed with prejudice for failure to exhaust administrative remedies, where administrative remedies had become unavailable); *Cordoba v. Beau Dietl & Assocs.*, 2003 U.S. Dist. LEXIS 22033, No. 02 Civ. 4951 (MBM), 2003 WL 22902266, at *11 (S.D.N.Y. Dec. 8, 2003) (dismissing Title VII and ADEA retaliation claims with prejudice where Plaintiff had failed to exhaust administrative remedies, and the time to cure the defect had expired).

Lopez was transferred out of Marsha's House on or about May 31, 2017. Title 18 New York C.R.R. §358-3.5(b)(1) provides in pertinent part that "A request for a fair hearing must be made within 60 days after the social services agency's determination, action, or failure to act about which you are complaining ..." Pursuant to this provision, Lopez was entitled to file an administrative appeal challenging DHS' decision within 60 days of May 31, 2017, which was Monday July 31, 2017. At the time Justice Jaffe issued her decision on June 14, 2017, Lopez still had approximately six weeks in which she could file an administrative appeal. She did not

- 6 -

file an administrative appeal, as established by the October 20, 2017 declaration of Tonie Baez accompanying this Objection. As such, it is no longer possible for Lopez to cure by exhausting her administrative remedies, and Justice Jaffe's decision has become a determination on the merits that is entitled to *res judicata* effect.

## CONCLUSION

For the foregoing reasons, the City objects to those portions of the Report and Recommendation of Magistrate Judge Andrew Peck dated September 28, 2017 that recommended denial of the City's motion to dismiss, and respectfully request that the Court dismiss the Amended Complaint in its entirety and grant the City of New York such other and further relief as may be just.

Dated:   New York, New York
         October 23, 2017

                                    _____
                                    THOMAS B. ROBERTS
                                    Assistant Corporation Counsel