UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

MARIAH LOPEZ,

                                 Plaintiff,

           -against-

NEW YORK CITY and PROJECT RENEWAL, Inc.,

                                Defendants.

------------------------------------------------------------------x

DECLARATION OF TONIE BAEZ IN SUPPORT OF THE OBJECTIONS OF THE CITY OF NEW YORK TO THE SEPT. 28, 2017 REPORT AND RECOMMENDATION OF MAGISTRATE PECK

17 Civ. 3014 (VEC)(AJP)

       **TONIE BAEZ** declares, pursuant to 28 U.S.C. §1746, under penalty of perjury, that the following is true and correct:

       1.     I am an Assistant General Counsel in the Office of Legal Affairs in the New York City Department of Social Services. As such, I am familiar with the facts and circumstances of this action. I submit this declaration in support of the City's objections to the Report and Recommendation ("R&R") of Magistrate Judge Peck dated September 28, 2017, which recommended denial of the City's motion to dismiss this action as to New York City.

       2.     Magistrate Judge Peck recommended that the City's motion be denied on the basis that Justice Jaffe dismissed the Article 78 proceeding exclusively on the ground that plaintiff Mariah Lopez ("Lopez") had not exhausted her administrative remedies and that dismissals for failure to exhaust are presumptively without prejudice and therefore not entitled to *res judicata* effect. (R&R p. 18 n.11)

       3.     Magistrate Peck correctly observed that once the time to exhaust administrative remedies has expired and the defect of failure to exhaust can no longer be cured, a

dismissal for failure to exhaust becomes one on the merits that is entitled to *res judicata* effect. (R&R p. 19 n. 13) See, *Witchard v. Montefiore Med. Ctr.*, 05 Civ 5957, 2006 WL 2773870 at *7 (S.D.N.Y. Sept. 26, 2006), "[a] dismissal is considered to be on the merits where it is no longer possible to properly exhaust administrative remedies." *See also*, <u>Berry v. Kerik</u>, 345 F.3d 126, 128 (2d Cir. 2003) (holding that lawsuit brought under § 1983 alleging mistreatment while incarcerated was properly dismissed with prejudice for failure to exhaust administrative remedies, where administrative remedies had become unavailable); <u>Cordoba v. Beau Dietl & Assocs.</u>, 2003 U.S. Dist. LEXIS 22033, No. 02 Civ. 4951 (MBM), 2003 WL 22902266, at *11 (S.D.N.Y. Dec. 8, 2003) (dismissing Title VII and ADEA retaliation claims with prejudice where Plaintiff had failed to exhaust administrative remedies, and the time to cure the defect had expired).

4. DHS assigned Lopez to Marsha's House on or about April 20, 2017 and transferred her out of Marsha's House on or about May 31, 2017.

5. Title 18 New York C.R.R. §358-3.5(b)(1) provides in pertinent part that "A request for a fair hearing must be made within 60 days after the social services agency's determination, action, or failure to act about which you are complaining …"

6. Pursuant to 18 N.Y.C.R.R. §358-3.5(b)(1), Lopez was entitled to file an administrative appeal challenging DHS' decision transferring her out of Marsha's House within 60 days of May 31, 2017, which was Monday July 31, 2017.

7. At the time Justice Jaffe issued her decision on June 14, 2017, Lopez still had approximately six weeks in which she could file an administrative appeal.

8. If Lopez (or any other client of DHS) files an administrative appeal pursuant to 18 N.Y.C.R.R. §358-3.5(b)(1) challenging a DHS determination, action or failure to act, the

administrative appeal would be logged by and addressed by the Fair Hearings Unit of the Department of Social Services.

9. I have asked the administrative staff of the Fair Hearings Unit of the Department of Social Services to determine whether, at any time on or prior to July 31, 2017, Lopez filed an administrative appeal challenging her transfer out of Marsha's House on or about May 31, 2017 or challenging any other decision of DHS arising from or related to Lopez' residence and/or conduct at Marsh's House.

10. The administrative staff determined that there was no record in the Fair Hearings Unit of Lopez having filed any administrative appeal, at any time on or prior to July 31, 2017, challenging her transfer out of Marsha's House on or about May 31, 2017 or challenging any other decision of DHS arising from or related to Lopez' residence and/or conduct at Marsh's House.

11. Accordingly, Lopez did not cure her failure to exhaust by filing an administrative appeal on or before Monday July 31, 2017.

12. It is no longer possible for Lopez to cure by exhausting her administrative remedies, and Justice Jaffe's decision has accordingly become a determination on the merits that is entitled to *res judicata* effect.

**WHEREFORE,** those portions of the R&R that recommended denial of the City's motion to dismiss because the state court judgment was not final and was not on the

merits should be rejected, and the Court should dismiss the Amended Complaint as to the City in its entirety.

Dated:    New York, New York
          October 20, 2017

                              _____
                              TONIE BAEZ
                              Assistant General Counsel
                              Office of Legal Affairs
                              N.Y.C. Department of Social Services

Sworn to me before this 20th day of October 2017

PAUL LIGRESTI
Notary Public, State of New York
No. 02LI6021802
Qualified in Kings County
Commission Expires May 12, 20__
7/31/19