USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/15/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARIAH LOPEZ,                               :
                                            :
                          Plaintiff,        :
                                            :          17-CV-3014 (VEC)
             -against-                      :
                                            :          ORDER
THE CITY OF NEW YORK and PROJECT            :
RENEWAL, INC.,                              :
                                            :
                          Defendants.       :
------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

    *Pro se* plaintiff Mariah Lopez ("Lopez") brought this action against the New York City Department of Homeless Services ("DHS") and Project Renewal, Inc. ("Project Renewal"). Project Renewal runs Marsha's House, a shelter serving exclusively LGBTQ clients, pursuant to a DHS contract. Aff. of Thomas B. Roberts (Dkt. 46) ("Roberts Aff.") ¶ 6. Lopez asserts claims under the Americans with Disabilities Act ("ADA") for failure to accommodate and for retaliation. Am. Compl. (Dkt. 31) at 1-2. Pursuant to 28 U.S.C. § 636(b), the Court referred this action to Magistrate Judge Andrew Peck for preparation of a report and recommendation on any dispositive motions. Dkt. 47. Defendants moved to dismiss. Dkts. 44, 49. On September 28, 2017, Judge Peck recommended that this Court deny the City's motion in its entirety, grant Project Renewal's motion to dismiss Lopez's failure to accommodate claim and any claim under Title II of the ADA, and deny Project Renewal's motion to dismiss her retaliation claim. Report and Recommendation (Dkt. 58) ("R&R") at 32. The Defendants objected to the R&R, Dkts. 61, 63; Plaintiff filed no objections and did not respond to Defendants' objections. Upon careful review of the R&R, the Defendants' objections, and the record, the R&R is ADOPTED IN

1

FULL. The City of New York's Motion to Dismiss is DENIED. Project Renewal's Motion is DENIED, except as to Lopez's failure to accommodate claim and any claims under Title II of the ADA. Plaintiff is granted leave to file a Second Amended Complaint against Project Renewal with regard to her failure to accommodate claim.

## BACKGROUND

In April 2017, Lopez, a transgender woman, asked DHS to place her in Marsha's House. Roberts Aff. ¶ 6. Marsha's House is operated by defendant Project Renewal under contract with DHS and is the only shelter in the DHS system designed exclusively for LGBTQ individuals. Roberts Aff. ¶ 6.

Lopez filed this action against the City of New York and Project Renewal on April 25, 2017. Lopez alleged in her initial complaint that Defendants violated the ADA by requiring Lopez "to 'prove' [her] dog is a 'service [a]nimal,'" and that Lopez was facing removal from Marsha's House because of the dog. Compl. (Dkt. 2) at 4. On April 27, 2017, the Court entered a temporary restraining order (the "TRO") requiring the City to permit Lopez's service animal into Marsha's House. Dkt. 8. The City has since conceded that Lopez may bring the dog into the DHS system, and this issue is now moot. Dkt. 15.

On May 10, 2017, Dean Uetake, the DHS Program Administrator responsible for Marsha's House, decided to transfer Lopez to a shelter with greater mental health services and permanent DHS police. Roberts Aff. ¶ 18. Lopez was notified of the transfer on May 11, 2017. Roberts Aff. ¶ 20. That same day, Lopez filed an Article 78 petition in New York Supreme Court against DHS and Project Renewal. Roberts Aff. Ex. 1 (Dkt. 46-1) at 3.[1] Lopez alleged in her petition that the transfer from Marsha's House was retaliatory and intended to punish her for

---

[1] Because various exhibits attached to the Roberts Affidavit do not have page numbers or include documents without page numbers, the page numbers cited refer to the ECF page number.

2

filing this lawsuit and for a later incident in which she protested what she perceived as discrimination against a transgender individual at Marsha's House. *Id.* at 7. On June 14, 2017, the New York Supreme Court ruled that Lopez had not exhausted her administrative remedies and denied Lopez's motion for a preliminary injunction. Roberts Aff. Ex. 10 (Dkt. 46-13) at 9-11.

Meanwhile, Lopez sought substantially the same relief in federal court. On May 30, 2017, she wrote an emergency letter to the Court requesting that the Court enjoin the City's attempt to transfer her from Marsha's House. Dkts. 22, 23. The Court denied Lopez's request the next day. On June 15, 2017, Lopez filed a motion for another temporary restraining order, claiming that DHS placed her in a facility that could not accommodate her disabilities in order to retaliate against her for filing this lawsuit. Once again, Lopez asked to be placed back in Marsha's House. Am. Compl. at 1, 7. That motion was denied. Dkt. 32. On June 30, 2017, with the consent of the parties, the Court deemed the June 15 application for a temporary restraining order to be an amended complaint (the "Amended Complaint"). Dkt. 39. Liberally construed, the Amended Complaint alleges claims under the ADA for failure to accommodate and for retaliation.

The City and Project Renewal moved to dismiss the Amended Complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Dkts. 44, 49. The Defendants contend that Lopez's claims were heard and decided by the New York Supreme Court and are, therefore, barred by res judicata or collateral estoppel. Dkts. 45, 50. They also argue that the Amended Complaint should be dismissed because the factual allegations are implausible.

The Court referred the motions to Magistrate Judge Peck for a report and recommendation. Dkt. 47. On September 28, 2017, Judge Peck recommended that the Court

3

deny the City's motion in its entirety, grant Project Renewal's motion as to the failure to accommodate claim and any claim pursuant to Title II of ADA, and deny Project Renewal's motion as to Lopez's retaliation claim. R&R at 32. The Defendants filed timely objections. Dkts. 61, 63.

## DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The standard of review employed by the district court in reviewing an R&R depends on whether any party makes timely and specific objections to the report. *Williams v. Phillips*, No. 03-CV-3319 (KMW), 2007 WL 2710416, at *1 (S.D.N.Y. Sept. 17, 2007). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *King v. Greiner*, No. 02-CV-5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (quoting *Wilds v. United Parcel Service, Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)). The Court also reviews objections that are "conclusory or general" for clear error. *See Pineda v. Masonry Const., Inc.*, 831 F. Supp. 2d 666, 671 (S.D.N.Y. 2011). Where, however, specific objections to the R&R have been made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38-39 (2d Cir. 1997). The Court need not consider arguments and factual assertions that were not raised initially before the magistrate judge. *Robinson v. Keane,* No. 92-CV-6090 (CSH), 1999 WL 459811 at *4 (S.D.N.Y. June 29, 1999) ("These issues were not raised before the Magistrate Judge and therefore were not addressed by him; accordingly, they may not properly be deemed 'objections' to any finding or recommendation made in the Report and

4

Recommendation."); *see also Abu–Nassar v. Elders Futures, Inc.,* No. 88-CIV-7906 (PKL), 1994 WL 445638 at *4 n.2 (S.D.N.Y. Aug. 17, 1994) ("If the Court were to consider [new arguments in an objection], it would unduly undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a report is issued to advance additional arguments.").

### a. The City's Objections

The City contends that Judge Peck erred when he determined that the New York Supreme Court decision was not a final judgment on the merits. The R&R concluded that Lopez's claims in this case are not precluded because the New York Supreme Court's decision in the Article 78 proceeding was not a final judgment on the merits. R&R at 18-20. Reviewing the report *de novo*, the Court agrees with Judge Peck's conclusion. The New York Supreme Court considered only whether Lopez had exhausted her administrative remedies and, assuming *arguendo* that she had, whether she was entitled to a preliminary injunction. Roberts Aff. Ex. 10 at 9, 11. To the extent the Supreme Court considered the merits of Lopez's claims, it did so only in connection with her motion for a preliminary injunction. The City concedes that a ruling on a preliminary injunction is not entitled to preclusive effect.

Next, the City argues that the New York Supreme Court's decision has now become final because Lopez's time to exhaust her administrative remedies has expired. City Obj. (Dkt. 63) at 4. The City did not raise this argument before Judge Peck, even though it was aware that Lopez had not filed an administrative appeal. Roberts Aff. ¶ 56. The City's motion to dismiss was filed just two days before Lopez's time to exhaust her administrative remedies appears to have run. Declaration of Tonie Baez (Dkt. 64) ("Baez Declr.") ¶ 6. Yet, as Judge Peck noted, the City did not argue that Lopez was unable to exhaust her administrative remedies. R&R at 19

5

n.13.² Judge Peck assumed, because the parties did not argue otherwise, that Lopez was still able to exhaust her remedies. *Id.* Although the City may now be correct that she is foreclosed from pursuing any administrative remedy, because this is a new argument that should have been raised before the Magistrate, the Court will not consider it in the first instance. *See Robinson*, 1999 WL 459811, at *4.

The City's objections are OVERRULED.

### b.     Project Renewal's Objections

Project Renewal moved to dismiss on the grounds that the Amended Complaint does not name Project Renewal as a defendant. It is true that the Amended Complaint does not name Project Renewal, but the Amended Complaint is also not captioned as an Amended Complaint. After discussions with the parties, including Project Renewal, the Court deemed Lopez's June 15, 2017 filing, which was styled "Letter re: Emergency request for TRO," Dkt. 31, to be an amended complaint. Dkt. 33. Because Plaintiff is proceeding *pro se*, the Court must "construe[] [her] [Complaint] liberally and interpret[ ] [it] to raise the strongest arguments that [it] suggest[s]." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir.2013) (quoting *Triestman v. Fed. Bureau of Prisons,* 470 F. 3d 471, 474 (2d Cir. 2006)) (internal quotation marks omitted); *see also Farzan v. Wells Fargo Bank, N.A.*, No. 12-CV-1217 (RJS), 2013 WL 6231615, at *12 (S.D.N.Y. Dec. 2, 2013) (same). Construing Lopez's complaint liberally and considering the emergency letter in the context of Lopez's other filings and factual circumstances, it is clear that Lopez had no intention of dismissing Project Renewal from this lawsuit. Insofar as Project

---

² This was presumably a tactical decision by the City as it filed its motion days before Lopez's time would run to pursue an administrative appeal. Nevertheless, because an extended period of briefing followed, there was more than sufficient time for the City to notify the Magistrate Judge that the Supreme Court decision was final because Lopez's time to file an administrative appeal had lapsed.

6

Renewal was named in Lopez's first complaint and referenced in nearly all of Lopez's letters to the Court, the Court is hard-pressed to see how Project Renewal has been prejudiced.[3]

Project Renewal also argues that its motion should be granted because Lopez did not oppose the motion. Given her *pro se* status, Lopez's failure to oppose the motion is not fatal. *See Leach v. City of New York*, No. 12-CV-2141 (AJN), 2013 WL 1683668, at *2 (S.D.N.Y. Apr. 17, 2013) ("failure to oppose Defendant's [M]otion to [D]ismiss does not, by itself, require the dismissal of [Plaintiff's] claims."); *Maggette v. Dalsheim,* 709 F.2d 800, 802-03 (2d Cir. 1983) (failure to oppose motion to dismiss for failure to state a claim does not, in itself, justify dismissal; justice is better served by advising *pro se* litigant of consequences of failure to oppose and giving opportunity to respond).

Lastly, Project Renewal argues that the decision to transfer Lopez was a medical one and therefore cannot be an "adverse action" for purposes of a ADA retaliation claim. *See* Project Renewal Obj. (Dkt. 61) at 9 (citing *Smith v. City of New York,* No. 15-CV-4493 (RJS), 2016 WL 4574924, at *39-41 (S.D.N.Y. Sept. 1, 2016) ("[I]t is well established that complaints about medical treatments are generally insufficient to state a claim under the ADA.")). Like the City, Project Renewal appears to have saved its best arguments for its objections, rather than presenting them to the Magistrate Judge as is required. Judge Peck applied the proper definition of adverse action and concluded that Lopez had plausibly alleged that the decision to transfer her was retaliatory. While a transfer decision might be for medical purposes, and therefore not retaliatory, Lopez contends that the decision to transfer her was made in bad faith, and she

---

[3] Had Project Renewal truly felt it was in the dark as to Lopez's claims, it could have filed a motion for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure or perhaps a motion to strike. But Project Renewal was present at the June 30, 2017, conference held by the Court to clarify Lopez's claims, and it did not object to the Court treating Lopez's letter as an amended complaint, even though it was given a week after the conference in which to lodge such an objection. *See* June 30, 2017 Hr'g Tr. (Dkt. 42) at 8; Dkt. 39.

7

provided various exhibits to support her claim.  Even if Project Renewal had properly raised this issue, the motivation for transferring Lopez is not an issue the Court can resolve at this stage in the proceedings.

Project Renewal's objections are OVERRULED.

### c. Failure to Accommodate and ADA Art. II Claims

The R&R recommends that Lopez's claims for failure to accommodate and pursuant to Article II of the ADA against Project Renewal be dismissed.  The R&R further recommends that the Court grant Lopez leave to amend her failure to accommodate claim.  Lopez has not objected to the R&R so a review for clear error is appropriate.  *De los Santos v. New Atlantis Management Corp.,* No. 07-CIV-9731 (PAE), 2012 WL 3683543 at *2 (S.D.N.Y. Aug. 24, 2012).  Judge Peck cited the appropriate factors to determine whether Lopez had sufficiently alleged a failure to accommodate claim under Title III of the ADA and applied the proper definition of "reasonable accommodation," *see Kennedy v. Dresser Rand Co.,* 193 F. 3d 120, 122 (2d Cir. 1999) ("an accommodation, the costs of which, facially, do not clearly exceed its benefits").  R&R at 25. Judge Peck concluded that Lopez's demand of permanent residency at Marsha's House, even though she was in violation of shelter rules, was not a "facially reasonable" accommodation request under the law.  *Id*.  As such, Project Renewal did not violate the ADA by failing to comply with Lopez's unreasonable request.  *Id*.  The Court finds no clear error in the Magistrate Judge's conclusion.  The Court similarly finds no error in Judge Peck's application of the definition of "public entity" under the ADA or in his conclusion that Project Renewal is not a public entity in the ADA context and hence not subject to Title II of the ADA.  R&R at 31, 32.

## CONCLUSION

The report is ADOPTED IN FULL.  The City of New York's motion to dismiss is DENIED.  Project Renewal's motion to dismiss is DENIED, except as to Lopez's failure to

8

accommodate claim and any claims under Title II of the ADA. Plaintiff is granted leave to file a second amended complaint to name Project Renewal as a defendant and to add facts to support her Title III failure to accommodate claim against Project Renewal, if she so chooses. Any such second amended complaint must be filed by **April 16, 2018.** The Clerk of the Court is respectfully directed to close the open motions at docket entries 44 and 49, mail a copy of this order to Plaintiff, and note mailing on the docket.

**SO ORDERED.**

**Date: March 15, 2018**                      **VALERIE CAPRONI**
      **New York, NY**                        **United States District Judge**