UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

MARIAH LOPEZ,

Plaintiff,

-against-

NEW YORK CITY and PROJECT RENEWAL, Inc.,

Defendants.

-------------------------------------------------------------------------x

**THE CITY OF NEW
YORK'S ANSWER TO
THE AMENDED
COMPLAINT**

17 Civ. 3014 (VEC)

Defendant, the CITY OF NEW YORK, by its attorney, Zachary W. Carter,

Corporation Counsel of the City of New York, hereby answers the Amended Complaint, which

was filed by Plaintiff as an "Emergency Request for TRO" dated June 15, 2017 (dkt # 31) and

which the Court has deemed an Amended Complaint by order dated July 5, 2017 (dkt # 39), as

follows:[1]

1.      Denies knowledge or information sufficient to form a belief as to the truth

of the allegations concerning Plaintiff's motivation for writing the Court, but denies the truth of

the remaining allegations set forth in paragraph "1" of the Amended Complaint.

2.      Denies knowledge or information sufficient to form a belief as to the truth

of the allegations concerning Plaintiff's belief concerning the motivation for the decision of the

Department of Homeless Services ("DHS"), but denies the truth of the remaining allegations set

---

[1] The Amended Complaint (dkt # 31), with the sentences numbered and without its exhibits, is
attached hereto as Exhibit A.  The paragraphs of this Answer correspond to the numbered
paragraphs in Exhibit A hereto.

forth in paragraph "2" of the Amended Complaint and specifically denies that DHS' action constituted illegal retaliation or a failure to make a reasonable accommodation.

3.      Denies the truth of the allegations set forth in paragraph "3" of the Amended Complaint and specifically denies that DHS' action was capricious, that DHS' action was taken to silence Plaintiff, and that Plaintiff's actions at Marsha's House constituted whistleblowing.

4.      Denies the truth of the allegations set forth in paragraph "4" of the Amended Complaint.

5.      Denies the truth of the allegations set forth in paragraph "5" of the Amended Complaint.

6.      Denies the truth of the allegations set forth in paragraph "6" of the Amended Complaint and specifically states that Plaintiff's allegations have been previously adjudicated against Plaintiff by Justice Barbara Jaffe in the Special Proceeding, *Lopez v. DHS & Project Renewal*, 100632/2017, Supreme Court of the State of New York, County of New York.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Amended Complaint.

8.      Denies the truth of the allegations set forth in paragraph "8" of the Amended Complaint.

9.      Denies the truth of the allegations set forth in paragraph "9" of the Amended Complaint.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Amended Complaint.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Amended Complaint.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Amended Complaint, except denies that Plaintiff's service animal's utility is impacted by Plaintiff's shelter placement.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's concerns set forth in paragraph "13" of the Amended Complaint that she will be hurt or will hurt someone else, and specifically denies Plaintiff's contention that DHS has failed to provide her reasonable accommodations.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Amended Complaint.

15.     Denies the truth of the allegations set forth in paragraph "15" of the Amended Complaint.

16.     Denies the truth of the allegations set forth in paragraph "16" of the Amended Complaint.

17.     Denies the truth of the allegations set forth in paragraph "17" of the Amended Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Amended Complaint, except admits Plaintiff's identity as a transsexual/transgender woman.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Amended Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Amended Complaint.

21.     Paragraph "21" of the Amended Complaint is a legal contention that requires no response, but if a response is required denies the truth of the allegations set forth therein.

22.     Denies the truth of the allegations set forth in paragraph "22" of the Amended Complaint, and respectfully refers the Court to the documents attached as Exhibits F and G to the Amended Complaint for an accurate statement of their contents.

23.     Denies the truth of the allegations set forth in paragraph "23" of the Amended Complaint, and respectfully refers the Court to the document attached as Exhibit E to the Amended Complaint for an accurate statement of its contents.

24.     Denies the truth of the allegations set forth in paragraph "24" of the Amended Complaint, and respectfully refers the Court to the document attached as Exhibit H to the Amended Complaint for an accurate statement of its contents.

25.     Denies the truth of the allegations set forth in paragraph "25" of the Amended Complaint, and respectfully refers the Court to the documents attached to the Amended Complaint for an accurate statement of their contents.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Amended Complaint, and respectfully refers the Court to the document attached as Exhibit C to the Amended Complaint for an accurate statement of its contents.

27.     Paragraph "27" of the Amended Complaint is a legal contention that requires no response, but if a response is required denies the truth of the allegations set forth therein.

28.     Paragraph "28" of the Amended Complaint is a legal contention that requires no response, but if a response is required denies the truth of the allegations set forth therein.

29.     Paragraph "29" of the Amended Complaint is a legal contention that requires no response, but if a response is required denies the truth of the allegations set forth therein.

30.     Paragraph "30" of the Amended Complaint is a legal contention that requires no response, but if a response is required denies the truth of the allegations set forth therein.

31.     Paragraph "31" of the Amended Complaint is a legal contention that requires no response, but if a response is required denies the truth of the allegations set forth therein.

32.     Denies the truth of the allegations set forth in paragraph "32" of the Amended Complaint.

33.     Denies the truth of the allegations set forth in paragraph "33" of the Amended Complaint.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Amended Complaint.

35.     Denies the truth of the allegations set forth in paragraph "35" of the Amended Complaint and respectfully refers he Court to the transcript of the proceedings on May 31, 2017 for an accurate statement of those proceedings.

36.     Denies the truth of the allegations set forth in paragraph "36" of the Amended Complaint but admits that Plaintiff sought the relief specified therein.

## FIRST DEFENSE

48.     The Amended Complaint fails to state a claim against the City of New York upon which relief can be granted.

## SECOND DEFENSE

49.     The City of New York has not violated any rights, privileges, or immunities under the United States Constitution or the laws of the United States, the State of New York, or any political subdivision thereof.

## THIRD DEFENSE

50.     To the extent Plaintiffs' claims are based on the doctrine of respondeat superior, such claims are barred because the doctrine of respondeat superior is not a basis for recovery under 42 U.S.C. section 1983.

## FOURTH DEFENSE

51.     The City of New York at all times acted reasonably and in good faith and did not act with deliberate indifference to Plaintiff's alleged disabilities.

## FIFTH DEFENSE

52.     Plaintiff failed to exhaust administrative remedies with respect to some or all of her claims.

## SIXTH DEFENSE

53.     Plaintiff's claims are barred in whole or in part by res judicata and collateral estoppel.

## SEVENTH DEFENSE

54.     The City of New York is not responsible for the actions or inactions of the employees of Project Renewal, Inc.

## EIGHTH DEFENSE

55.     To the extent Plaintiff was injured, her injuries resulted from her own negligent and culpable conduct, solely and/or jointly with other persons not under the control of the City of New York, and any recovery must accordingly be eliminated or reduced to reflect Plaintiff's negligent and culpable conduct.

## NINTH DEFENSE

56.     Plaintiff failed to mitigate and/or reduce her damages and losses, if any, as alleged in the Amended Complaint.

## TENTH DEFENSE

57.     Plaintiff did not file a Notice of Claim or otherwise comply with the requirements of General Municipal Law section 50.

## ELEVENTH DEFENSE

58.     Plaintiff has a housing residence that obviates her need for temporary housing assistance provided by the City of New York.

**WHEREFORE**, the City of New York requests judgment dismissing the Amended Complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         April 30, 2018

                                        ZACHARY W. CARTER
                                        Corporation Counsel of the
                                          City of New York
                                        Attorney for Defendant the City of New York
                                        100 Church Street, Room 2-110
                                        New York, New York 10007
                                        (212) 356-0872

                              By:       _____
                                        Thomas B. Roberts
                                        Assistant Corporation Counsel

TO:     **BY ECF and EMAIL**
        Mariah Lopez
        Mariah4change@gmail.com
        *Plaintiff, pro se*

        **BY ECF**
        Richard Greenberg, Esq.
        Jackson Lewis P.C.
        666 Third Avenue, 29th Floor
        New York, NY 10017
        *Counsel for Defendant Project Renewal, Inc.*

8