17 CV 3014 (VEC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIAH LOPEZ,

                              Plaintiff,

-against-

NEW YORK CITY and PROJECT RENEWAL, Inc.,

                              Defendants.

**MUNICIPAL DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for New York City*
*100 Church Street – Room 2-110*
*New York, NY 10007*

*Of Counsel: Thomas B. Roberts*
*Tel: (212) 356-0872*
*Matter #: 2017-018545*

**PRELIMINARY STATEMENT**

Plaintiff brings this motion seeking a preliminary injunction ordering "DHS to find me immediate housing which does not force me into a shelter not originally designed for transgender identified individuals with severe disabilities; or in an SRO or similar placement by myself; not a dorm setting against my mental health providers advice." (Plaintiff's Order to Show Cause with T.R.O. in 100556/2018, which is Exhibit C to the Notice of Removal filed May 14, 2018 in 18 cv 4293).

The most recent action, initiated in State Court as 100556/2018 and removed as 18 cv 4293, is the fourth proceeding in which Plaintiff has challenged her placements by the New York City Department of Homeless Services ("DHS") within DHS' shelter system.[1]  In each of these proceedings, Plaintiff has sought to be reassigned to the Marsha's House shelter in the Bronx, where she was assigned during April and May 2017.  Plaintiff has also requested preliminary relief enjoining DHS from assigning her to other shelters.

Since removing Plaintiff from Marsha's House on or about May 31, 2017, DHS has reassigned her to two different women's shelters, first to the WIN West women's shelter in Manhattan.  When Plaintiff refused that assignment, DHS reassigned Plaintiff to the women's shelter at the Park Slope Armory.  The Park Slope Women's shelter, which has services that are appropriate for Plaintiff, is among the best operated and safest DHS shelters for single women, and DHS has made reasonable accommodations at the Park Slope Women's shelter for Plaintiff's disabilities.  Plaintiff has also refused that assignment, and Plaintiff has not spent a

---

[1] The most recent action, 18 cv 4293, has been consolidated with the above captioned action and the complaint in 18 cv 4293 has been deemed a second amended complaint in the above captioned action. (Dkt # 78)

night in the DHS shelter system since leaving Marsha's House near the end of May 2017, more than a year ago.

Since May 31, 2017, five justices or judges have rejected Plaintiff's motions for a T.R.O. Your Honor has twice denied Plaintiff's motions for a T.R.O., on May 31, 2017 and again recently on March 30, 2018. Judge Batts, who heard one of Plaintiff's emergency motions while Your Honor was unavailable, has denied that motion on June 15, 2017. (Dkt # 32). In State court, Justice Jaffe of the Supreme Court of New York, County of New York, denied Plaintiff's motion for temporary relief and dismissed Plaintiff's Article 78 proceeding in her June 14, 2017 decision and judgment in <u>Lopez v. New York City Department of Homeless Services & Project Renewal</u>, 100632/2017, which decision is attached as Exhibit 14 to the Declaration of Thomas Roberts dated June 15, 2018. Next Justice Bannon of the Supreme Court of New York, County of New York, denied Plaintiff's motion for similar temporary relief on June 29, 2017 and dismissed Plaintiff's Article 78 proceeding in her October 3, 2017 order in <u>Lopez v. New York City Department of Homeless Services</u>, 100871/2017, which is attached as Exhibit 21 to the Declaration of Thomas Roberts dated June 15, 2018. Most recently, Justice James E. d'Auguste of the Supreme Court of New York, County of New York, denied Plaintiff's motion for temporary relief in his May 11, 2018 decision in <u>Lopez v. New York City Department of Homeless Services, et al</u>, 100556/2018, which is attached as Exhibit 22 to the Declaration of Thomas Roberts dated June 15, 2018.[2]

In the present preliminary injunction motion, Plaintiff raises the same arguments and seeks essentially the same relief that has been repeatedly rejected. Plaintiff again fails to

---

[2] The Municipal Defendants removed the case assigned to Justice d'Auguste on May 14, 2018, and the preliminary injunction motion that is presently before this Court is based upon the same papers that were before Justice d'Auguste.

demonstrate a likelihood of success on the merits, that she will be irreparably harmed, that the equities tip in her favor or any other requirement for the grant of preliminary relief. Far from seeking to preserve the status quo, Plaintiff seeks the ultimate relief and a change in the status.

Accordingly, the motion for a preliminary injunction should be denied.

### STANDARD FOR PRELIMINARY INJUNCTIVE RELIEF

A preliminary injunction "constitutes an extraordinary remedy which should not be routinely granted." *Med. Soc'y of N.Y. v. Toia*, 560 F.2d 535, 538 (2d Cir. 1977). In this circuit, a plaintiff seeking a preliminary injunction must establish the following: (i) irreparable harm in the absence of the injunction, and (ii) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation, and a balance of hardships tipping decidedly in the movant's favor. *Cnty. Of Nassau v. Leavitt*, 524 F.3d 408, 414 (2d Cir. 2008)( internal quotations and citations omitted).

However, where a party "seeks a preliminary injunction that will affect 'government action taken in the public interest pursuant to a statutory or regulatory scheme, the injunction should be granted only if the moving party meets the more rigorous likelihood-of-success standard [under (ii)(a) above]." *Id*. (quoting *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000)); *Beal v. Stern*, 184 F.3d 117, 122 (2d Cir. 1999). In addition, a heightened standard must be applied where the injunction sought is mandatory in nature, *i.e.*, where the injunction will alter, rather than maintain, the status quo. *Beal*, 184 F.3d at 122-23. Under this heightened standard, Plaintiff must demonstrate that she has a <u>clear or substantial</u> likelihood of success on the merits. *Id*.

Here, the requested preliminary injunction will affect government action taken in the public interest pursuant to a statutory and regulatory scheme, i.e., the operation of the City's

shelter system as required by regulation and consent decrees. To the extent Plaintiff seeks an order returning her to Marsha's House or mandating her placement in a single room, the requested injunction will alter the status quo. Plaintiff therefore must show that (i) she faces irreparable harm if the preliminary injunction does not issue, and (ii) that there is a clear or substantial likelihood that she will succeed on the merits of her case.

## POINT I

### PLAINTIFF HAS FAILED TO DEMONSTRATE IRREPARABLE HARM

Plaintiff presents the same evidence concerning harm that has been evaluated previously and found to be inadequate to establish irreparable harm. DHS continues to offer Plaintiff shelter in the Park Slope Women's shelter, which is a safe shelter that has experience with transsexual women and is located in a safe neighborhood. As explained in detail in paragraphs 60 through 72 of the Declaration of Thomas Roberts dated June 15, 2018, Plaintiff submitted letters to DHS from medical professionals concerning Plaintiff's needs in the summer of 2017, and DHS' Medical Director, Fabienne Laraque, MD, MPH evaluated these letters, spoke to the authors several of the letters, and concluded that the Park Slope Women's shelter could reasonably accommodate Plaintiff. Plaintiff has submitted nothing additional to the Court or DHS. It is law of the case that Plaintiff has failed to establish irreparable harm.

## POINT II

### PLAINTIFF CAN NOT ESTABLISH THAT THERE IS A CLEAR OR SUBSTANTIAL LIKELIHOOD THAT SHE WILL SUCCEED ON THE MERITS.

There are multiple defenses that will result in Municipal Defendants prevailing in this case. First, DHS has reasonably accommodated Plaintiff and is in compliance with the requirements of the ADA and other statutes protecting individuals with disabilities from

discrimination.  Second, Plaintiff has failed to exhaust available administrative remedies.  She could have requested a Fair Hearing challenging both her transfer out of Marsha's House and Dr. Laraque's determination that the Park Slop[e Women's shelter could reasonable accommodate Plaintiff's needs.  Temporary housing assistance, which DHS has offered Plaintiff, is a public assistance benefit, and public assistance recipients have the right to a fair hearing to challenge the adequacy of their services. 18 N.Y.C.R.R. §§ 352.35(b)(4), 358-3.1(b)(6) & 358-5.9.  State regulations provide priority in fair hearing scheduling and determination to those public assistance recipients requesting hearings to challenge the adequacy or appropriateness of their shelter placement. 18 N.Y.C.R.R. § 358-3.2(b)(3).  Emergency hearings are generally scheduled within 48 hours of the request.  State regulations therefore explicitly provided Plaintiff with the right to request a fair hearing to challenge DHS' June 26, 2017 Reasonable Accommodation Request Determination and to challenge DHS' decision to assign her to the Park Slope Women's shelter.  Plaintiff has not availed herself of these administrative remedies within the required time limits and cannot skip them in favor of Court.  Third, to the extent Plaintiff seeks to challenge DHS' determination to transfer her out of Marsha's House and to assign her to another location in DHS' shelter system, that issue is precluded from further review by the June 14, 2017 decision and judgment of Justice Jaffe in Lopez v. DHS & Project Renewal, 100632/2017. Fourth, DHS' actions were in all respects legal, proper, reasonable, and in conformity with all applicable laws and regulations.  Under New York law, DHS has broad discretion in assigning Temporary Housing Assistance recipients to specific shelters.  The administrative directive promulgated by OTDA to advise local districts of their responsibilities in providing temporary housing explicitly states that "[h]omeless persons do not have the right to choose their own temporary placements." 94 ADM-20(V)(D)(3); see also McCain v. Koch, 117 A.D.2d 198, 218

(1st Dep't 1986) ("Emergency shelter residents do not have a due process right to be housed in any particular neighborhood or type of housing."), rev'd on other grounds, 70 N.Y.2d 109 (1987).

Most significantly, DHS' June 26, 2017 Reasonable Accommodation Request Determination is reasonable and appropriate. By assigning Petitioner to the Park Slope Women's shelter, DHS has assigned Petitioner to an appropriate shelter that will make reasonable accommodations for Petitioner's disabilities.

**WHEREFORE**, Municipal Defendants respectfully request that Plaintiff's motion for a preliminary injunction be denied.

Dated:    New York, New York
            June 15, 2018

ZACHARY W. CARTER
Corporation Counsel of the City of New York
Attorney for Municipal Defendants
100 Church Street, Room 2-110
New York, New York 10007
(212) 356-0872
throbert@law.nyc.gov

By: _____
THOMAS B. ROBERTS
Assistant Corporation Counsel