UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

MARIAH LOPEZ,

                                        Plaintiff,

                    -against-

NEW YORK CITY, et al.,

                                        Defendants.

------------------------------------------------------------------------x

**THE MUNICIPAL
DEFENDANTS'
ANSWER TO THE
SECOND AMENDED
COMPLAINT**


17 CV 3014 (VEC)(OTW)

Municipal Defendants, the City of New York, New York City Department of Homeless Services ("DHS"), and New York City Human Resources Administration ("HRA") (collectively "Municipal Defendants"), by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, hereby answer the Second Amended Complaint, which was filed as the complaint in <u>Lopez v. NYC Dept of Homeless Services, et al.</u>, Index No. 100556/2018 in the Supreme Court of the State of New York, County of New York; removed to this Court as <u>Lopez v. NYC Dept of Homeless Services, et al.</u>, 18 cv 4293 ("<u>Lopez II</u>"); and consolidated with the above captioned matter and deemed the Second Amended Complaint in the above captioned matter (dkt # 78), as follows:[1]

      1.    Deny the truth of the allegations set forth in paragraph "1" of the Second Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's residence, and admit that Plaintiff communicated

---

[1] The Second Amended Complaint, with the sentences numbered, is attached hereto as Exhibit A. The paragraphs of this Answer correspond to the numbered paragraphs in Exhibit A hereto.

with employees of DHS, HRA and Project Renewal, Inc. ("Project Renewal") in April 2017 concerning shelter services.

2.      Deny the allegations set forth in paragraph "2" of the Second Amended Complaint and respectfully refer the Court to the New York City Charter and Laws and to all applicable laws and regulations for a full and accurate statement of DHS' status within New York City government and its programmatic activities.

3.      Deny the truth of the allegations set forth in paragraph "3" of the Second Amended Complaint and respectfully refer the Court to the New York City Charter and Laws and to all applicable laws and regulations for a full and accurate statement of HRA's status within New York City government and its programmatic activities.

4.      Deny the truth of the allegations set forth in paragraph "4" of the Second Amended Complaint, except admit that Project Renewal contracts with the City of New York to provide shelter services.

5.      Deny the truth of the allegations set forth in paragraph "5" of the Second Amended Complaint, except admit on information and belief that Project Renewal contracted with QPS Security, Inc. ("QPS") to provide security services at Marsha's House.

6.      Deny the truth of the allegations set forth in paragraph "6" of the Second Amended Complaint, except admit that Women In Need, Inc. ("WIN") contracts with the City of New York to provide shelter services.

7.      Deny the truth of the allegations set forth in paragraph "7" of the Second Amended Complaint, except admit that Christine C. Quinn is currently the President and Chief Executive Officer of WIN.

8.     Deny the allegations set forth in the first sentence of paragraph "8" of the Second Amended Complaint, except admit that DHS has assigned Plaintiff to the Park Slope Women's shelter, DHS refuses to assign Plaintiff to the Marsha's House shelter, and Plaintiff has chosen not to accept shelter in the Park Slope Women's shelter.  The allegations set forth in the second sentence of paragraph "8" of the Second Amended Complaint are contentions of law that do not require a response, but to the extent a response is required, those allegations are denied.

9.     Deny the truth of the allegations set forth in paragraph "9" of the Second Amended Complaint, except admit that in April 2017 Plaintiff communicated with Elana Redfield, the Department of Social Services Director of LGBTQI Affairs concerning shelter and that Plaintiff claimed the need for several accommodations based upon conditions or disabilities, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's prior residence, Plaintiff's aunt or Plaintiff's homeless status at that time.

10.     Deny the truth of the allegations set forth in paragraph "10" of the Second Amended Complaint, except admit that Plaintiff saw Dr. Pierre Arty of Housing Works, Inc. in or around the first half of 2017, and respectfully refer the Court to Dr. Arty's letters concerning Plaintiff and the letter of Dr. Reed concerning Plaintiff for a true and accurate statement of their contents, and further admit that Dr. Laraque, the DHS Medical Director, communicated with Dr. Arty and with Dr. Reed concerning Plaintiff.

11.     Deny the truth of the allegations set forth in paragraph "11" of the Second Amended Complaint, except admit that Elana Redfield has known Plaintiff and was previously employed by the Sylvia Rivera Law Project ("SRLP").

12.     Deny the truth of the allegations set forth in paragraph "12" of the Second Amended Complaint, except admit that Elana Redfield supported DHS assigning Plaintiff to

Marsha's House, a shelter for LGBTQI clients age 30 or younger operated by Project Renewal that was opening in the Bronx.

13.     Deny the truth of the allegations set forth in paragraph "13" of the Second Amended Complaint, except admit that Plaintiff communicated with Kaedon Grinnell, an employee of Project Renewal and the director of Marsha's House, prior to residing in Marsha's House.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Second Amended Complaint.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Second Amended Complaint.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Second Amended Complaint.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Second Amended Complaint.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Second Amended Complaint.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Second Amended Complaint.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Second Amended Complaint.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Second Amended Complaint.

22.     Deny the truth of the allegations set forth in paragraph "22" of the Second Amended Complaint, except admit that DHS transferred Plaintiff's shelter assignment from Marsha's House, the only shelter specifically designated for LGBTQI clients in DHS' system, to women's shelters that accommodate cisgender women and transgender women.

23.     The allegations set forth in paragraph "23" of the Second Amended Complaint are arguments and contentions of law that do not require a response, but to the extent a response is required, those allegations are denied.

24.     Deny the truth of the allegations set forth in paragraph "24" of the Second Amended Complaint and respectfully refer the Court to the transcript of the April 27, 2017 argument for a full and accurate statement of those proceedings.

25.     Deny the truth of the allegations set forth in paragraph "25" of the Second Amended Complaint concerning DHS and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Project Renewal and QPS.

26.     Deny the truth of the allegations set forth in paragraph "26" of the Second Amended Complaint, except admit that Plaintiff returned to Marsha's House after the April 27, 2017 hearing and admit that DHS police were assigned to provide security at Marsha's House.

27.     Deny the truth of the allegations set forth in paragraph "27" of the Second Amended Complaint concerning the actions of the DHS police officers, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

28.     Deny the truth of the allegations set forth in paragraph "28" of the Second Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning residents of Marsha's House calling the police and pressing charges.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Second Amended Complaint.

30.     Deny the truth of the allegations set forth in paragraph "30" of the Second Amended Complaint, except admit that DHS transferred Plaintiff from Marsha's House, the only DHS shelter designated for LGBTQI clients, to the WIN West shelter, operated by WIN, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's professional contact with Christine Quinn.

31.     The allegations set forth in paragraph "31" of the Second Amended Complaint are arguments and contentions of law that do not require a response, but to the extent a response is required, those allegations are denied, except admit that Ms. Quinn was involved in the passage of Local Law 3 and respectfully refer the Court to that law for a true and accurate statement of its contents and purport.

32.     The allegations set forth in paragraph "32" of the Second Amended Complaint are arguments and contentions of law that do not require a response, but to the extent a response is required, those allegations are denied, and respectfully refer the Court to that law and guidelines for a true and accurate statement of its contents and purport.

33.     The allegations set forth in paragraph "33" of the Second Amended Complaint are arguments and contentions of law that do not require a response, but to the extent a response is required, those allegations are denied, and respectfully refer the Court to that law and to any agency policies for a true and accurate statement of their contents and purport.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Second Amended Complaint.

35.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Second Amended Complaint.

36.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the Second Amended Complaint.

37.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Second Amended Complaint.

38.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Second Amended Complaint.

39.      The allegations set forth in paragraph "39" of the Second Amended Complaint are arguments and contentions of law that do not require a response, but to the extent a response is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations.

40.      The allegations set forth in paragraph "40" of the Second Amended Complaint are arguments and contentions of law that do not require a response, but to the extent a response is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations.

41.      The allegations set forth in paragraph "41" of the Second Amended Complaint are arguments and contentions of law that do not require a response, but to the extent a response is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations.

42.      Deny the truth of the allegations set forth in paragraph "42" of the Second Amended Complaint.

43.     Deny the truth of the allegations set forth in paragraph "43" of the Second Amended Complaint, except admit that DHS received letters from Dr. Pierre Arty, Dr. Reed and Sarah Acker, ANP-BC, Nurse Practitioner concerning Plaintiff, and further admit that Dr. Laraque, the DHS Medical Director, communicated with Dr. Arty and with Dr. Reed concerning Plaintiff and determined that the Park Slope Women's shelter provided a reasonable accommodation for Plaintiff's conditions and disabilities.

44.     The allegations set forth in paragraph "44" of the Second Amended Complaint are arguments and contentions of law that do not require a response, but to the extent a response is required, those allegations are denied.

45.     The allegations set forth in paragraph "45" of the Second Amended Complaint are arguments and contentions of law that do not require a response, but to the extent a response is required, those allegations are denied.

46.     The allegations set forth in paragraph "46" of the Second Amended Complaint are arguments and contentions of law that do not require a response, but to the extent a response is required, those allegations are denied.

47.     Deny the truth of the allegations set forth in paragraph "47" of the Second Amended Complaint.

48.     Deny the truth of the allegations set forth in paragraph "48" of the Second Amended Complaint, except admit that DHS received letters from Dr. Pierre Arty, Dr. Reed and Sarah Acker, ANP-BC, Nurse Practitioner concerning Plaintiff, and that Dr. Laraque, the DHS Medical Director, communicated with Dr. Arty and with Dr. Reed concerning Plaintiff and determined that the Park Slope Women's shelter provided a reasonable accommodation for Plaintiff's conditions and disabilities, and deny knowledge or information sufficient to form a

belief as to the truth of the allegations concerning Plaintiff's motivation for entering the shelter system.

49.     The allegations set forth in paragraph "49" of the Second Amended Complaint are arguments and contentions of law that do not require a response, but to the extent a response is required, those allegations are denied.

50.     The allegations set forth in paragraph "50" of the Second Amended Complaint are arguments and contentions of law that do not require a response, but to the extent a response is required, those allegations are denied.

51.     Deny the truth of the allegations set forth in paragraph "51" of the Second Amended Complaint to the extent they concern DHS and deny knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they concern Project Renewal and QPS.

52.     The allegations set forth in paragraph "52" of the Second Amended Complaint are arguments and contentions of law that do not require a response, but to the extent a response is required, those allegations are denied.

53.     The allegations set forth in paragraph "53" of the Second Amended Complaint are contentions of law that do not require a response, but to the extent a response is required, those allegations are denied.

54.     The allegations set forth in paragraph "54" of the Second Amended Complaint are contentions of law that do not require a response, but to the extent a response is required, those allegations are denied.

55.     The allegations set forth in paragraph "55" of the Second Amended Complaint are contentions of law that do not require a response, but to the extent a response is required, those allegations are denied.

56.     The allegations set forth in paragraph "56" of the Second Amended Complaint are contentions of law that do not require a response, but to the extent a response is required, those allegations are denied.

57.     The allegations set forth in paragraph "57" of the Second Amended Complaint are contentions of law that do not require a response, but to the extent a response is required, those allegations are denied.

## FIRST DEFENSE

58.     The Second Amended Complaint fails to state a claim against the Municipal Defendants upon which relief can be granted.

## SECOND DEFENSE

59.     The Municipal Defendants have not violated any rights, privileges, or immunities under the United States Constitution or the laws of the United States, the State of New York, or any political subdivision thereof.

## THIRD DEFENSE

60.     To the extent Plaintiffs' claims are based on the doctrine of respondeat superior, such claims are barred because the doctrine of respondeat superior is not a basis for recovery under 42 U.S.C. section 1983.

## FOURTH DEFENSE

61.     The Municipal Defendants at all times acted reasonably and in good faith and did not act with deliberate indifference to Plaintiff's alleged disabilities.

## FIFTH DEFENSE

62.     Plaintiff failed to exhaust administrative remedies with respect to some or all of her claims.

## SIXTH DEFENSE

63.     Plaintiff's claims are barred in whole or in part by res judicata and collateral estoppel.

## SEVENTH DEFENSE

64.     The Municipal Defendants are not responsible for the actions or inactions of the employees of Project Renewal and/or QPS.

## EIGHTH DEFENSE

65.     To the extent Plaintiff was injured, her injuries resulted from her own negligent and culpable conduct, solely and/or jointly with other persons not under the control of Municipal Defendants, and any recovery must accordingly be eliminated or reduced to reflect Plaintiff's negligent and culpable conduct.

## NINTH DEFENSE

66.     Plaintiff failed to mitigate and/or reduce her damages and losses, if any, as alleged in the Second Amended Complaint.

## TENTH DEFENSE

67.     Plaintiff did not file a Notice of Claim or otherwise comply with the requirements of General Municipal Law section 50.

## ELEVENTH DEFENSE

68.     Plaintiff has a housing residence that obviates her need for temporary housing assistance provided by the City of New York.

11

        **WHEREFORE**, Municipal Defendants request judgment dismissing the Second

Amended Complaint and denying all relief requested therein, together with such other and

further relief as the Court deems just and proper.

Dated:   New York, New York
          June 27, 2018

                    ZACHARY W. CARTER
                    Corporation Counsel of the
                      City of New York
                    Attorney for Municipal Defendants
                    100 Church Street, Room 2-110
                    New York, New York 10007
                    (212) 356-0872

              By:

                    Thomas B. Roberts
                    Assistant Corporation Counsel

TO:    **BY ECF and EMAIL**
         Mariah Lopez
         Mariah4change@gmail.com
         *Plaintiff, pro se*

         **BY ECF**
         Richard Greenberg, Esq.
         Jackson Lewis P.C.
         666 Third Avenue, 29th Floor
         New York, NY 10017
         *Counsel for Defendant Project Renewal, Inc.*