UNITED STATES DISCTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIAH LOPEZ,<br><br>                      Plaintiff,<br><br>    -against-<br><br>THE CITY OF NEW YORK, et al.,<br><br>                    Defendants. | 17-CV-3014 (VEC)<br><br>**DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |

Defendant Project Renewal, Inc., (hereafter "Defendant Project Renewal"), by and through its undersigned counsel, Jackson Lewis P.C., respectfully submits its Answer and Defenses to Plaintiff Mariah Lopez's Second Amended Complaint and states as follows:[1]

    1.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph "1". Defendant denies the remaining allegations set forth in Paragraph "1".

    2.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "2", except avers that Defendant Project Renewal contracts with the New York City Department of Homeless Services ("DHS") and Quality Protection Services Inc.

    3.    No response is required to the allegations set forth in Paragraph "3" of Plaintiff's Second Amended Complaint to the extent that they call for a legal conclusion. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "3".

---

[1] Attached hereto as Exhibit A is a copy of the Second Amended Complaint with the paragraphs numbered. The paragraphs contained in this Answer correspond to the numbered paragraphs in Exhibit A.

4. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "4".

5. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "5".

6. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "6".

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "7".

8. Defendant denies each and every allegation set forth in Paragraph "8", except avers that DHS assigned Plaintiff to Marsha's House.

9. Defendant denies each and every allegation set forth in Paragraph "9".

10. Defendant denies each and every allegation set forth in Paragraph "10".

11. Defendant denies each and every allegation set forth in Paragraph "11".

12. Defendant denies each and every allegation set forth in Paragraph "12".

13. Defendant denies each and every allegation set forth in in Paragraph "13".

14. Defendant denies each and every allegation set forth in Paragraph "14".

15. Defendant denies each and every allegation set forth in Paragraph "15".

16. Defendant denies each and every allegation set forth in Paragraph "16".

17. Defendant denies each and every allegation set forth in Paragraph "17".

18. No response is required to the allegations set forth in Paragraph "18" of Plaintiff's Second Amended Complaint to the extent that they call for a legal conclusion. To the extent a response is required, Defendant denies knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph "18", except avers that Plaintiff identifies as transgender.

19. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "19".

20. Defendant denies each and every allegation set forth in Paragraph "20".

21. Defendant denies each and every allegation set forth in Paragraph "21".

22. Defendant denies each and every allegation set forth in Paragraph "22".

23. Defendant denies each and every allegation set forth in Paragraph "23".

24. Defendant denies each and every allegation set forth in Paragraph "24".

25. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "25", except avers that Plaintiff was transferred to shelter WIN West.

26. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "26".

27. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "27".

28. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "28".

29. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "29".

30. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "30".

31. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "31".

32. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "32".

33. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "33".

34. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "34".

35. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "35".

36. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "36".

37. Defendant denies each and every allegation set forth in Paragraph "37".

38. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "38".

39. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "39".

40. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "40".

41. No response is required to the allegations set forth in Paragraph "41" of Plaintiff's Second Amended Complaint to the extent that they call for a legal conclusion. To the extent a response is required, Defendant denies the allegations set forth therein.

42. Defendant denies each and every allegation set forth in Paragraph "42".

43. Defendant denies it ignored Plaintiff's needs as set forth in paragraph "43". Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph "43".

44. Defendant denies each and every allegation set forth in Paragraph "44".

45. Defendant denies each and every allegation set forth in Paragraph "45".

46. Defendant denies each and every allegation set forth in Paragraph "46".

47. Defendant denies each and every allegation set forth in Paragraph "47".

### AS TO "CLAIMS"

48. Defendant denies each and every allegation set forth in Paragraph "48".

49. Defendant denies each and every allegation set forth in Paragraph "49".

50. Defendant denies each and every allegation set forth in Paragraph "50".

51. Defendant denies each and every allegation set forth in Paragraph "51".

52. Defendant denies each and every allegation set forth in Paragraph "52".

### AS TO "PRAYER FOR RELIEF"

53. Defendant denies each and every allegation set forth in Paragraph "53" including subparagraphs "1" through "5".

54. Defendant denies each and every allegation set forth in Paragraph "54".

### STATEMENT OF AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following defenses without assuming any burden of production or proof that it would not otherwise have:

### AS AND FOR DEFENDANT'S FIRST DEFENSE

55. Plaintiff's Second Amended Complaint fails, in whole or in part, to state a claim upon which relief may be granted or for which the damages sought can be awarded.

### AS AND FOR DEFENDANT'S SECOND DEFENSE

56. At all times relevant hereto, Defendant Project Renewal, Inc. acted reasonably and in good faith and has not violated any rights which may be secured to Plaintiff under any federal, state or local law, rule, regulation or guideline or under common law.

### AS AND FOR DEFENDANT'S THIRD DEFENSE

57. All of Defendant Project Renewal Inc.'s actions were taken for legitimate non-retaliatory reasons and would have been taken regardless of any alleged protected activity in which Plaintiff engaged.

### AS AND FOR DEFENDANT'S FOURTH DEFENSE

58. Plaintiff's claims are barred, in whole or in part, because Plaintiff did not suffer any damages attributable to any allegedly wrongful conduct by Defendant Project Renewal Inc. and/or any damage or injuries were caused by Plaintiff's own conduct or third parties.

59. In addition to the foregoing defenses, Defendant Project Renewal Inc. retains the right to amend its answer to raise additional affirmative defenses and other defenses or pursue any available counterclaims against Plaintiff as those claims become known during this litigation.

**WHEREFORE**, Defendant respectfully requests that the Court:

A. Dismiss Plaintiff's Second Amended Complaint in its entirety, with prejudice;

B. Deny each and every demand, claim and prayer for relief contained in Plaintiff's Second Amended Complaint;

C. Award Defendant the reasonable attorneys' fees and costs it incurs in defending this action; and

D. Grant Defendant such other and further relief as the Court deems just and proper.

Dated: June 27, 2018
      New York, NY

                              Respectfully submitted,
                              JACKSON LEWIS P.C.
                              666 3rd Avenue, 29th Floor,
                              New York, NY 10017
                              *Telephone: 212-545-40*

                              */s/ Nidhi Srivastava*
                              Richard I. Greenberg, Esq.
                              Nidhi Srivastava, Esq.

                              ATTORNEYS FOR DEFENDANT PROJECT RENEWAL, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on **June 27, 2018** the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*s/ Nidhi Srivastava*

ATTORNEYS FOR DEFENDANTS

4820-5357-4762, v. 1