# EXHIBIT A

REQUEST FOR JUDICIAL INTERVENTION

UCS-840 (3/2011)

| | RJI Assigned Date: | 5-10-18 |
|---|---|---|

Supreme COURT, COUNTY OF _New York_

Index No: _100856/2018_   Date Index Issued: _4/27/2018_

Judge Assigned: D'Auguste

RJI Date:

**CAPTION:**

Mariah Lopez

PETITIONER (S)

X

Plaintiff(s)/Petitioner(s)

**SUPREME COURT
NEW YORK COUNTY
EX-PARTE MOTION PART**

-against-

NYC Dept Homeless Services, NYC Human Resource Administration,
Project Renewal Inc. GPS Security Services Inc. WIN Inc,
X Christine C. Quinn (PI)

RESPONDENTS (S)

Defendant(s)/Respondent(s)

**FILED MAY 10 2018 NEW YORK COUNTY CLERKS OFFICE**

**NATURE OF ACTION OR PROCEEDING:** (OTH)

**MATRIMONIAL**
- ○ Contested
- ○ Uncontested

NOTE: For all Matrimonial actions where the parties have children under the age of 18, complete and attach the MATRIMONIAL RJI Addendum.

**TORTS**
- ○ Asbestos
- ○ Breast Implant
- ○ Environmental: _____

- ○ Medical, Dental, or Podiatric Malpractice
- ○ Motor Vehicle
- ○ Products Liability: _____ (specify)

- ○ Other Negligence: _____ (specify)

- ○ Other Professional Malpractice: _____ (specify)

- ○ Other Tort: _____ (specify)

**COMMERCIAL**
- ○ Business Entity (including corporations, partnerships, LLCs, etc.)
- ○ Contract
- ○ Insurance (where insurer is a party, except arbitration)
- ○ UCC (including sales, negotiable instruments)
- ○ Other Commercial: _____ (specify)

NOTE: For Commercial Division assignment requests [22 NYCRR § 202.70(d)], complete and attach the COMMERCIAL DIV RJI Addendum.

**REAL PROPERTY**
- ○ Condemnation
- ○ Foreclosure

Property Address: _____ Street Address / City / State / Zip

NOTE: For Foreclosure actions involving a one- to four-family, owner-occupied, residential property, or an owner-occupied condominium, complete and attach the FORECLOSURE RJI Addendum.
- ○ Tax Certiorari - Section: _____ Block: _____ Lot: _____
- ○ Other Real Property: _____ (specify)

**OTHER MATTERS**
- ○ Certificate of Incorporation/Dissolution [see NOTE under Commercial]
- ○ Emergency Medical Treatment
- ○ Habeas Corpus
- ○ Local Court Appeal
- ○ Mechanic's Lien
- ○ Name Change
- ○ Pistol Permit Revocation Hearing
- ○ Sale or Finance of Religious/Not-for-Profit Property
- ◉ Other: _____ (specify)

**SPECIAL PROCEEDINGS**
- ○ CPLR Article 75 (Arbitration)   [see NOTE under Commercial]
- ○ CPLR Article 78 (Body or Officer)
- ○ Election Law
- ○ MHL Article 9.60 (Kendra's Law)
- ○ MHL Article 10 (Sex Offender Confinement-Initial)
- ○ MHL Article 10 (Sex Offender Confinement-Review)
- ○ MHL Article 81 (Guardianship)
- ○ Other Mental Hygiene: _____
- ○ Other Special Proceeding: _____

**NO FEE**

**STATUS OF ACTION OR PROCEEDING:** Answer YES or NO for EVERY question AND enter additional information where indicated.

| | YES | NO | |
|---|---|---|---|
| Has a summons and complaint or summons w/notice been filed? | ○ | ○ | If yes, date filed: _____ |
| Is this action/proceeding being filed post-judgment? | ○ | ○ | If yes, judgment date: _____ |

## NATURE OF JUDICIAL INTERVENTION    (Check ONE box only AND enter additional information where indicated.)

- ○ Infant's Compromise
- ○ Note of Issue and/or Certificate of Readiness
- ○ Notice of Medical, Dental, or Podiatric Malpractice     Date Issue Joined: _____
- ○ Notice of Motion          Relief Sought: _____          Return Date: _____
- ○ Notice of Petition         Relief Sought: _____          Return Date: _____
- ● Order to Show Cause        Relief Sought: _____          Return Date: _____
- ○ Other Ex Parte Application  Relief Sought: _____
- ○ Poor Person Application
- ○ Request for Preliminary Conference
- ○ Residential Mortgage Foreclosure Settlement Conference
- ○ Writ of Habeas Corpus
- ○ Other  (specify): _____

### RELATED CASES

| Case Title | Index/Case No. | Court | Judge (if assigned) | Relationship to Instant Case |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

| | Last Name | Last Name | First Name | ○ YES |
|---|---|---|---|---|
| ☐ | First Name Primary Role: | Firm Name | | |
| | Secondary Role (if any): | Street Address          City          State          Zip | | ○ NO |
| | | Phone          Fax          e-mail | | |

| | Last Name | Last Name | First Name | ○ YES |
|---|---|---|---|---|
| ☐ | First Name Primary Role: | Firm Name | | |
| | Secondary Role (if any): | Street Address          City          State          Zip | | ○ NO |
| | | Phone          Fax          e-mail | | |

| | Last Name | Last Name | First Name | ○ YES |
|---|---|---|---|---|
| ☐ | First Name Primary Role: | Firm Name | | |
| | Secondary Role (if any): | Street Address          City          State          Zip | | ○ NO |
| | | Phone          Fax          e-mail | | |

| | Last Name | Last Name | First Name | ○ YES |
|---|---|---|---|---|
| ☐ | First Name Primary Role: | Firm Name | | |
| | Secondary Role (if any): | Street Address          City          State          Zip | | ○ NO |
| | | Phone          Fax          e-mail | | |

I AFFIRM UNDER THE PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION OR PROCEEDING.

Dated: X 5/10/2018          X _____
                                        SIGNATURE

_____          X  Mariah Lopez
ATTORNEY REGISTRATION NUMBER          PRINT OR TYPE NAME

[ Print Form ]

At I.A.S. Part _____ of the Supreme
Court of the State of New York held
in and for the County of New York at
the Courthouse, thereof, 60 Centre
Street, New York, N.Y., on the _____
day of _____ , 200___

PRESENT: HON._____

_____
Justice of the Supreme Court

_____x

*Mariah Lopez*

[fill in name(s)]
Plaintiff(s)

- against -

*NYC Dept of Homeless Services, NYC HRA, Project*
*Renewal Inc, GPS Security Services Inc, WIN Inc*
*Christine Cousins*

[fill in name(s)]
Defendant(s)
_____x

MS# 001 : PI

**Index Number**

*100556/2018*

**ORDER TO SHOW CAUSE
WITH T.R.O.
IN CIVIL ACTION**

Upon reading and filing the affidavit(s) of *Mariah Lopez*

_____ [your name(s)] swom to on *5/10* , 200*18*,

[date Affidavit in Support notarized] and upon the exhibits attached to the affidavit,

[identify Exhibits below. List additional exhibits on a separate page.]

Exhibit A - *Summons with Notice*
*B complaint*

_____

_____

_____

Let the party or attorney in opposition show cause at I.A.S. Part _____, Room _____,
of this Court, to be held at the Courthouse, 60 Centre Street, New York, N.Y., on the _____ day of
_____ , 200___, at _____ o'clock in the _____noon or as soon as such party or
attorney may be heard why an order should not be made, providing the following relief:

[briefly describe what you are asking the Court to do] *ORDERING - Department*
*of Homeless Services to immediately place me at a NYC*

4-06

DHS facility which ~~this~~ (my) is consistent with my Gender Identity and the recommendations of my current Medical and Mental Health Team.

for the reasons that [*briefly* describe the reasons why you should be granted what you are requesting] Plaintiff states that: DHS is the only NYC agency which will not honor the legal and medical requests of Transgender People to NOT be forced into cisgender gender segregated environments. DHS actions are keeping me homeless, I stand a high ~~likelyhood~~ ~~of~~ of succeeding on the Factual and Legal merits.

Pending the hearing of this motion it is

ORDERED that: [describe what you are asking the court to stay]

DHS to find me immediately (M) housing which does not force me into a shelter not originally designed for Transgender identified individuals with severe disabilities; or an an against SRO or similar placement by myself; NOT a Dorm setting my mental health providers advice.

Sufficient cause appearing therefore, let personal service of a copy of this order, the affidavit in support and all other papers upon which this order is granted, upon all parties to this action or their attorneys, who have appeared in this action, on or before the _____ day of _____, 200___ be deemed good and sufficient. An affidavit or other proof of service shall be presented to this Court on the return date directed in the second paragraph of this order.

ENTER

_____
J. S. C.

OSC/TRO/Action4-06                    2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

——————————————————————x

Mariah Lopez

[fill in name(s)]                    Plaintiff(s)/Petitioner(s)

                    - against -

NYC Department of Homeless Services, NYC
Human Resource Administration, Project Renewal/
APS Security Services, Christine Quinn, W/N Inc.

[fill in name(s)]              Defendant(s)/Respondent(s)

——————————————————————x

**Index Number**

10556/2018

**AFFIDAVIT
IN SUPPORT**

STATE OF NEW YORK
COUNTY OF New York          ss.:

_____Mariah Lopez_____  [your name], being duly

sworn, deposes and says:

1. I am the plaintiff / petitioner / defendant / respondent  [circle one] in this matter. I make this affidavit in support of this motion for an order [Describe what you are asking the Court to do. This relief must also be stated in the Notice of Motion or Order to Show Cause.] DHS to be ordered to find me immediate housing within the shelter system which does not force me into a shelter environment which is not designed for Transgender Identified individuals w/ severe disabilities such as myself, OR man in a SRO or similar placement temporarily where I can be by myself; NOT in a Dorm setting against my mental health providers advice.

2. I believe the Court should grant this motion because [Explain why you should be granted what you are requesting. Explain any Exhibits (documents) you submit. Add more pages if needed.] Without an order from this court DHS will not adhere to my mental health providers advice and place me Somewhere besides a dorm style shelter not designed for Transgender individuals with severe PTSD and other disabilities. I have been homeless (doing sex work) to the care of myself and my Service Dog. I have been in treatment For my PTSD despite being homeless. My provider is a well respected expert in my conditions and their treatment. He recommends immediate, minimally stressful housing in a shelter as the next step to treat my symptoms.

-06

...... how much talk therapy and/or medication I recieve from mental health providers WITHOUT housing within a DHS shelter that takes my med' needs into consideration and provides appropriate relief from avoidable triggers, I will continue to suffer, my life at risk.

The second half of my arguments against DHS (disregarding my right to assert my transgender ID as a reason why I cannot be forced into a cisgender sex segregated shelter environment) should also move this court. Until this court issues a final ruling at the end of this case, this court should not ignore over a decade of New York Law and legal developments favoring the protection of Trans individuals and Rights as a protected class. As such, the legal trend is to NOT force Trans people to live in gender segregated facilities if they do not so choose. Rather to create and EXPAND programs and availability of BEDS.

3. A prior application ~~has not~~ / has   [circle one] been made for the relief now requested.

[If you made this application before in this or any other court, describe where, when, the result and why you are making it again.  Attach copies of previous decisions.]

N/A

_____

_____

_____

    WHEREFORE, I respectfully request that this motion be granted, and that I have such other and further relief as may be just and proper.

Sworn to before me on the
10th day of   MAY   , 20 18

_Tiffany M. White_
Notary Public

TIFFANY M. WHITE
Notary Public - State of New York
Reg. No. 04WH6363039
Qualified in New York County
Commission Expires 08/14/20 21

[sign your name in front of a Notary]

_Mariah Lopez_
[print  your name]

2

Mariah Lopez
[fill in name(s)]                              Plaintiff(s)/Petitioner(s)

Index Number

10556/2018

- against -

NYCDHS, NYCHRA, Project Renewal Inc.
Qps security services Inc Christine Quinn WIN Inc
[fill in name(s)]                Defendant(s)/Respondent(s)

UNIFORM RULE SECTION 202.7

AFFIDAVIT OF COMPLIANCE

STATE OF NEW YORK,                              )
COUNTY OF New York                         )  ss:

Mariah Lopez, [your name], being duly sworn, deposes and says:

I am the self represented [circle one] plaintiff / defendant in this matter. I make this supplemental affidavit in support of my Order to Show Cause for a Temporary Restraining Order (TRO).

[Check box that applies]

☑ I have made a good faith effort to notify the party against whom the TRO is sought of the date, time and place that this request will be made in a manner sufficient to permit the party an opportunity to appear in response to the application as follows:   over the course of several hows today
On [date] May 10Th , 2018, at [time] _____ AM/PM, I contacted by telephone, the [circle one] plaintiff / plaintiff's attorney / defendant / defendant's attorney / other named below.
I have spoken w/ Counsel for NYC Dept of Homeless Services,
called offices of counsel for Project Renewal and have
contacted WIN Inc.

_____
[name, address, telephone number]

I informed the above named party that on [date and time] May 10Th , 2018 at 150 AM / PM,
I will submit the Order to Show Cause to the [name of Judge] Hon,
located at [circle one]  60 - 80 - 100 - 111 Centre St. / 71 Thomas St., Part _____ [number],
Room _____ [number], [telephone number] (646) 386 -
When informed by the court of the date, time and place the Judge is available to hear argument on the TRO, I will immediately notify the above named party by telephone.

☐ I have not contacted the party against whom the TRO is sought of the date, time and place this request will be made. I believe that by giving notice there will be significant prejudice to me for the following reason(s): [state reasons] _____

_____

_____

Sworn to before me this
10th day of May , 2018

_____
Notary Public

[sign your name in front of a notary]

Mariah Lopez
[print your name]

TIFFANY M. WHITE
Notary Public - State of New York
Reg. No. 04WH6363039
Qualified in New York County
Commission Expires 08/14/2021

_____
[your address and telephone number]

Exhibit A

[Print in black ink all areas in bold letters.  A complaint must be served in response to a demand or notice of appearance (CPLR 3012(b))]

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------------x

*Mariah Lopez* ,

[your name(s)]                                      Plaintiff(s),

- against-

*NYC Dept. of Homeless Services, NYC Human Resources Administration, Project Renewal Inc, QPS Security Inc, WIN Inc, Christine Quinn* ,

[name(s) of party being sued]                    Defendant(s).

--------------------------------------------------------------------x

**SUMMONS WITH NOTICE**

Index Number

*100556/2018*

Date Index Number Purchased

_____ , 20___

To the Person(s) Named as Defendant(s) above:

   PLEASE TAKE NOTICE THAT YOU ARE SUMMONED and required to serve upon plaintiff, at the address stated below, a notice of appearance or demand for a complaint within 20 days after service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the Summons is not delivered personally to you within the State of New York.

   YOU ARE HEREBY NOTIFIED THAT should you fail to serve a notice of appearance or demand for a complaint, a judgment will be entered against you by default for the relief demanded herein.

Dated: *4/26/18* , 20___
       [date of summons]

[sign your name]

*Mariah Lopez*
[print your name]

Defendant(s)   *NYC Dept Homeless Services (AND NYC HRA)*
*Project Renewal Inc.*
*QPS Security*
*WIN Inc*

[your address(es), telephone number(s)]

*100 Church Street, NY 10007*
*200 Varick St 10014*
*801 2nd Avenue 10017*
*115 West 31 Street NY 10001*

[address(es) of party being sued]

CommenceAction - 1/2014

Printed: 8/10/201·

Notice: The nature of this action is [briefly describe the nature of your case against the defendant(s), such as, breach of contract, negligence]:

*Among other Claims: discrimination based on Gender Identity and expression; harassment (including sexual harassment)*

The relief sought is [briefly describe the kind of relief you are asking for, such as money damages of $25,000] *Seeking money damages among other relief.*

Should defendant(s) fail to appear herein or demand a complaint, judgment will be entered by default for the sum of *$250,000 ($250,000)* [amount of money demanded] with interest from the date of _____ [date from which interest on the amount demanded is claimed] and the costs of this action.

Venue:

Plaintiff(s) designate New York County as the place of trial.  The basis of this delegation is [check box that applies]:

☐  Plaintiff's(s') residence in New York County

☑  Defendant's(s') residence in New York County

☐  Other [See CPLR Article 5]: _____

2

Exhibit B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

**MARIAH LOPEZ**

Index Num. 100556/2018

V

*COMPLAINT*

**NYC DEPT OF HOMELESS SERVICES,
NYC HUMAN RESOURCES ADMINISTRATION,
PROJECT RENEWAL INC, QPS SECURITY INC, WIN INC,
CHRISTINE C. QUINN**

---

## PARTIES

### Plaintiff

I Mariah Lopez, am the plaintiff and a lifelong New Yorker. I began communicating with

HRA/DHS, Project Renewal last April in order to be assessed for and receive safe

housing/shelter and other services. I experienced pain, suffering and other measurable and

documented damages as a result of the past and continued actions of the defendants.

### Defendants

NYC DEPARTMENT OF HOMELESS SERVICES runs the NYC shelter system.

NYC HUMAN RESOURCES ADMINISTRATION, operates closely with DHS and is designed

provide social services and advocacy for NYC's most needy and vulnerable populations.

PROJECT RENEWAL INC, operates a number of shelters under contract with NYC DHS;

QPS SECURITY INC is contracted under Projection Renewal Inc and DHS to provide security

services at multiple DHS shelters;

WIN INC operates a number of shelters under contract with NYC DHS;

CHRISTINE C. QUINN runs WIN Inc.

### COMPLAINT.

**NYC Department of Homeless Services is still (as of May 9th 2018) refusing to place me**

**in shelter for Transgender individuals and; is attempting to house me in shelter designed**

**for cisgender individuals (females) despite my repeated refusal to accept this placement**

**based on my medical needs and doctors recommendations and, based on my gender**

**identity and the protections I have as a private citizen who identifies as Transgender; Not**

**just 'female'. DHS refusal to place me somewhere other than the Brooklyn Park Slope**

**Armory Women's Shelter, is in contradiction to multiple local, state and federal laws, and**

**the documented recommendations of multiple healthcare experts who are treating me or**

**have treated me (under NYS law Trans individuals under a doctors care, with diagnosis**

**of Gender Identity Disorder are entitled to Trans specific reasonable accommodations**

**based on treatment outlined by their doctors. *Jean Doe v Bell, 2002*)**


In April 2017 I entered into conversations with NYC DHS GLBTQ Liaison Elana Redfield about

my need for shelter as a personal as well as medical need. She and I began communicating

after I reached out  because I was homeless, in need of shelter through DHS HRA and I could

not simply walk into a female intake shelter to receive services, as I have several conditions that

require (minimal) accommodations as per my treatment (need for a service animal; private room, not a dorm setting, minimal environmental triggers (such as dorm settings) or cisgender sex segregated facilities). I was homeless after just having lost an aunt to AIDS. I had been living with this aunt for some time, and was put into a housing crisis by her passing away.

During this time I was also undergoing treatment for PTSD, major depression, anxiety and insomnia. I needed somewhere safe to live ( I needed housing) in order to minimize symptoms of my conditions (suffering), and to promote the effectiveness of the treatment I was receiving under doctors from Housing Works Inc. My housing was a part of my healthcare, essentially, since quiet, privacy and sleep were all a fundamental part of my treating doctors instructions and directives. My doctors made themselves available via phone if DHS/HRA administrators needed to confirm my needs and their recommendations. The team of staff/providers involved in my case at Housing Works, and later my personal surgeon who performed revision of my GRS, provided letters eventually, creating a collective criteria for what is and is not acceptable in terms of housing placements and accomodations.

Elana Redfield has a unique awareness of my needs and my gender identity and expression since she was once my attorney; she worked at SRLP, and provided legal advice to me on multiple occasions as part of her work there.

2

After her and I began communicating about how to get me housing, she and I agreed that the only appropriate place within the DHS system would be a new shelter within the DHS system that was newly created to meet the needs of the Transgender population of DHS.

Elana Redfield then connected me to Kaedon Grinnell via email and phone as part of the initial screening process.

Kaedon Grinnell seemed very polite and appeared to be very interested in helping me. He claimed to know who I was (referring to my activism and connection to Marsha P Johnson, the person who the shelter was named for, pioneer of the Gay and Trans rights movements). He said he had looked me up, including viewing my social media pages. These pages contain images of me that are highly sexually charged.

Beginning last year in late April Project Renewal shelter director Kaedon Grinnell did make sexual advances towards me; with body language (an erect penis under his clothing which was clearly visible while in my presence, along with facial expressions and gestures such as licking his lips), and by initiating sexually charged conversation during a closed door interview he and I had before I entered in the DHS system.

He texted and called me on several occasions after hours, but before I was even in the DHS system. He also helped my organization secure an event space for a town hall last minute,

3

which was something completely outside his role as shelter director. Something of a personal favor to me. Which struck me as odd.

Once at the facility (Marsha's Shelter) I experienced what I can only describe as a nightmare. Project Renewal staff did call me names such as faggot, a 'Man' and referred to me as 'he/it/him', and saying that I could not be an activist because I am a prostitute. Starting the last week of April last year, male Project Renewal staff under Kaedon Grinnell flirted with me, and asked questions about my genitals (lemme see what a sex change looks like"). I informed Kaedon Grinnell of these incidents. Out of fear of retaliation I reciprocated their advances and engaged in sexual intercourse with Project Renewal shelter staff.

Employees of the security company within the shelter, QPS, constantly harassed me verbally calling me him/he/it. Male QPS staff did bring myself and other shelter residents illegal drugs (including opiates, marijuana and cocaine), and did engage in prostitution and other sexual contact with shelter residents openly. A QPS staff named "Brandon" engaged in several relationships with male residents.

During my time at the shelter QPS employees openly harrassed and mistreated myself and other Transgender clients (usually Trans females), choosing to enforce strict security protocol for less passable Transgender residents or, outspoken individuals such as myself. I witnessed this discrimination first hand on numerous occasions. Some male QPS employees openly

4

engaged in gossip between themselves and other clients about medically/legally sensitive information about shelter clients openly (including HIV status and Hormone replacement/surgery status). Both male and female QPS staff engaged in threatening shelter residents with physical violence or systematic retaliation via shelter write-up or transfer or worse; arrest by QPS calling the NYPD and allowing them into the shelter. Many of the shelter residents are afraid of the police for one reason or another, and the threat of the police being called erroneously was a scare tactic often used by QPS staff. I am in touch with dozens of current and former shelter residents who will testify as witnesses to these actions and behavior by QPS staff.

Project Renewal staff also called me names such as faggot, transvestite, she-he, It, shim; and referred to me using inaccurate pronouns such as he/him on purpose. Staff at Project Renewal did threaten to physically assault me if I attempted to bring my service animal into the shelter as per the ADA. Other staff did engage in fabricating lies about me in an attempt to damage my reputation and character publicly (as I was using my Facebook vlog to document the misconduct of many staff, giving staff the motive to damage how I viewed in the public's eye). These lies were also intended to impede and damage my credibility as a victim (civilly or criminally) should I report these behaviors and actions to authorities or bring legal action.

These lies were spread verbally staff to staff, and through/within documents and communication between Project Renewal/QPS as well as with NYC DHS.

5

DHS used these lies as the basis to attempt to have me transferred from the one and only

shelter for Transgender individuals within the DHS system, to a non transgender specific

placement.


I have repeatedly maintained in writing, emails and through verbal assertions to the defendants

that I identify as Transgender; a Transgender female. This is not the same as identifying as a

"female", while existing as a Transgender person. Some individuals transition and choose to go

"stealth" and shed their Trans identity, and some do not. This decision is linked to an individual's

medical treatment. It is inappropriate and against the law for cisgender individuals to assume or

operate as if surgery is a final or determining factor in legal status of trans individuals, or, that

once an individual has surgery, they are no longer transgender. Legally DHS cannot force me

into a 'non Transgender specific' shelter. Also, harassment on the basis of my identifying as a

transgender female is prohibited under the law. In placing myself and other transgender

individuals in cisgender shelters, the defendants are unable to eliminate harassment and conflict

that is otherwise avoidable.


DHS attorneys stated that there was "no room" at the shelter as early as April 27th of 2017,

even though I had slept there the previous night and there were more than a dozen beds

available.

6

This attempt to have me transferred revealed mechanizations of DHS, QPS and Project

Renewal to have me transferred as a way of keeping mismanagement and potential crimes by

Project Renewal and QPS staff under wraps.


When confronted with photos taken seconds previously showing actual open beds at the

shelter, DHS/Project Renewal soon relented and agreed that there was room, and I returned to

the shelter. Staff soon began treating me different than other residents; DHS police were placed

at the shelter to intimidate myself and other residents (which triggered my PTSD.


One morning while I was staying at the shelter in May of 2017, a man approached and

threatened myself, and four other Transgender residents of the shelter who were outside in front

of the facility. He called us derogatory names based on our appearing to be transgender, and

claimed he had a firearm, pointing to his waistband. This caused a physical altercation between

the individual attacker and the group of Trans residents. DHS police  responded by coming

outside, blindly entering the commotion seemingly targeting the residents as the aggressors,

and bringing the attacker (a person off of the street) inside the facility, unsearched!


DHS police then aided the individual in leaving out a side entrance, once residents called the

police and were insistent on pressing charges. DHS police presence at the facility was clearly

not about creating a more safe environment, and their aiding the individual who threatened

myself.

For several weeks in early May of 2017 I experienced constant harassment and retaliation from

Project Renewal staff, QPS staff and shelter director kaedon Grinnell (I had informed him I

would be going public with his flirting and late night texts/calls when he threatened to have me

transferred using an Administrative Transfer.

Eventually I was transferred from the facility, the only Transgender shelter in New York to "WIN

West"; shelter run by former New York City Council woman and Speaker Christine Quinn, who I

have known professionally for over decade.

Christine Quinn was a leading architect of New York's first legislation to protect Transgender

individuals against private citizens or the government forcing individuals into gender segregated

facilities, called "local law 3" (which added Transgender and gender fluid individuals to the NYC

HUman Rights Law).

Unlike other amendments of it's kind, NYC (under HRC and the direction of then Mayor

Bloomberg) took the unusual step of issuing guidelines to go along with local law 3 in order to

expressly outline how the city should function post local law 3, using guidelines to educate the

public and government entities alike. This law made clear NYC's acceptance, on a legal level, of

more than just 'male' and 'female', as valid gender options with protection under the NYC

Human Rights Law. The law addressed 'exclusion' policies, as much as it did forcibly imposing

8

gender roles or labels on individuals; and prohibits forcing people into one gender segregated facility, or the next, against their gender identity. These guidelines were created with input from Trans legal advocates and law makers.

The flip side of denying access to Trans people to gender segregated facilities, is refusing to acknowledge the uniqueness of being Transgender as the key reason Trans persons can refuse placement at sex segregated facilities designed for cisgender individuals. Most of NYC agencies (from ACS to DOC) have policies which mandate services and protections for Transgender identified individuals, and create specific beds and facilities apart from traditional 'cisgender, hetero' facilities to accommodate transgender individuals.

During at least two seperate phone call last June between Christine Quinn and myself,  I expressed that I identified as Transgender, could not accept a placement at a cisgender female shelter, and so, the only facility appropriate for me was a Transgender specific facility.

I expressed to Christine Quinn she should stand up against DHS forcing Trans people into facilities originally designed for cis gender individuals. I explained that the issue DHS was facing was a lack of enough Trans shelter within DHS.

I believed she would do the right thing based on her previous public appearance and actions on trans issues (she cried during the public hearings while hearing public testimony from

Transgender New Yorkers who experienced abuse and discrimination based on gender-based stereotypes).

I encouraged her to follow the law as to my gender identity and expression (urging her to house me within her agency some place other than WIN West like an apartment, which WIN has access to), and she refused, stating to me in substance  "...but you're a woman now right....isn't that what you want people to think? Isn't that what you and other fought so hard for?".

She was referring to 1. What she believed to be my gender based on gender stereotypes and; 2. my having had gender affirming surgery, when she said 'now' during our call (referring to my genitals and medical transition).

Her interpretation of gender identity, motivations for changing my body, and her knowledge of my history as an activist for Transgender rights lead her to a decision to participate in denying me protections under local law 3. It's like she was saying I am no longer transgender.

She was effectively refusing to acknowledge my gender identity as a Transgender woman. Creating an 'all or nothin" scenario for Trans individuals in DHS shelters. Either you can be in the closet among cis gender women, or live openly as transgender, and face constant questions, harassment and being the subject of gossip within the shelter.

10

I expressed my concerns with her ignoring the NYC Human Rights Law (along with other laws), and the fact that the facility in question was for "women" which means that local law 3 prohibits the forced placement of Trans identified individuals into it, as a gender segregated facility.

This shelter, and the shelter DHS tried to force me into next faile to accommodate my multiple disabilities.

DHS is fully aware of these disabilities and the recommendations of experts who have or are treating me, yet, they have chosen to ignore their recommendation.

In order to be operating in compliance with numerous laws and precedent, the solution is for DHS and WIN West to have enough Transgender specific beds to accommodate the projected number of Trans individuals with the shelter system; not for City lawyers or Christine Quinn to determine people's gender for them, to deny Trans people the option of not being forced into intimate settings with cis gender individuals.

Other Transgender individuals who have been placed at the same facility run by Christine Quinn or her agents, have come forward and provided proof that facilities under Quin's control were/are dangerous for Transgender residents, underscoring my argument that the law should not be ignored, and DHS needs to open new shelters for specifically for Transgender specifically for individuals. This proof includes video of a Transgender women being verbally

11

abused and later physically assaulted in the very shelter DHS and Quinn were attempting to

place me at with the attackers making anti trans comments during the incident.

Denying a Transgender person their identity via refusing to acknowledging it as a determinant

social factor in gender segregated places of public accommodation, is not consistent with the

laws of NYC and State since Governor Cuomo issued an Executive Order adding Transgender

people as a protective group under the NYS Human Rights Law.


Refusal to protect and accommodate Trans individuals in NYC DHS run shelters is a violation of

the  Americans with Disabilities Act (referred to as the ADA) 2. Fair Housing Act (referred to as

the FHA) 3. Title VI of the 1964 Civil Rights Act (referred to as Title VI) 4. Section 504 of the

Rehabilitation Act (referred to as Section 504).


Medical Needs; undue stressed caused by lack of accommodations and harassment by

defendants.


I entered the NYC shelter system because I was experiencing personal crises. As per several

legal disabilities I suffer from (including PTSD, GID ADHD) I was in need of a calm environment

where I could have a refuge from avoidable triggers, sex work for survival; lack of sleep and

balanced nutrition, all while accompanied by my service animal. I was in treatment, prescribed

medication as a part of treating my symptoms, but medication is only one component of

treatment. The defendants have all ignored the recommendations of my medical providers as to

my needs as well as what will trigger my conditions (resulting in avoidable symptoms like hyper-vigilance, flashbacks, aggression, insomnia).

Ignoring the documented recommendations of at least three providers (surgeon, psychiatrist, social worker) in addition to my requests as a disabled person to reasonable accommodations for my multiple conditions and disabilities, represents a failure to provide me with reasonable accommodations for my disabilities.

Beginning in April of last year the Defendants (DHS, Project Renewal QPS Christine Quinn WIN) engaged in actions which caused me considerable psychological stress and triggered the worst PTSD symptoms I have ever experienced. My PTSD is triggered in part by discrimination based of my Transgender identity and the harassment that comes with it or; or the legal conflict which can arise when cisgender government or non profit administrators stand in opposition to the medical treatment prescribed by doctors. I have experienced the NYC Law Department opposition to my gender identity and medical treatment since I was a child. All of this back and forth is triggering for me.

Other actions by the defendants, such as male staff making sexual advances towards me, and our engaging in sexual intercourcse (staff and myself); other staff harrassing me with terms such as faggot or him.

The defendants have ignored that my symptoms are made worse by their actions, such as anxiety, aggression and insomnia. All of my conditions were made worse by the prospect of needing to hide my Trans identity in a "female" shelter, or face constant questions about makeup and/or Transgender genitals from cisgendered shelter residents ("can I see your surgery?"). The refusal to place (or refuse to place) me according to my gender identity (and so with my doctors recommendations) all represent failures in providing reasonable accommodations for my disabilities.


### Claims

Among others violations of the law;

These actions are in violation of the NYC Human Rights Law, as well as the State Human Rights Law, under Disability, Sex Sexual Orientation and Transgender related protections.


These actions violate my rights under the Americans with Disabilities Act.


These actions violate my rights under the Fair Housing Act (referred to as the FHA).


These actions violate my rights under Title VI of the 1964 Civil Rights Act (referred to as Title VI)

4. Section 504 of the Rehabilitation Act.

14

These actions also violate the rights guaranteed to me under the First and Fourteenth

Amendments of the United States Constitution.

Prayer for Relief

Because the actions of the defendant caused me to be homeless, mental and physical injury,

deprived me protections against discrimination based on my transgender identity and against

sex based discrimination;

1.  I ask this court to award punitive monetary damages in the amount of $10,000,000 for

    the above conduct (which the defendants had full knowledge of, and for which there is

    overwhelming evidence to support as fact). This conduct represents violations of multiple

    local state and federal laws. I have lost a year of my life to homelessness, PTSD

    symptoms; my education and future have been derailed (as I would have enrolled back

    in college last fall, if my housing was stable) and I fear that my public image may have

    been damaged beyond repair by untrue rumors spread by the defendants and by the

    humiliation caused by being stigmatized as homeless as I refuse placement at a

    cisgender shelter. I may have permanent psychological scars from the past years events

    as well. The actions and abuses of the Defendants in particular, cause me horrible

    flashbacks and nightmares.

2. I also ask that this court rule that the defendant's refusal to follow the specific recommendations of my medical providers to be failure to provide reasonable accommodations for my multiple disabilities, under local, state and federal law.

3. Additionally I ask that this court issue an order compelling the DHS place me within the DHS system at a shelter or SRO, which follows the recommendations of my treating doctors (including mental health experts) and surgeons.

4. Accordingly, I move for this court to issue an order directing DHS to immediately begin the process of assessing the fastest way that shelters designed specifically transgender individuals and populations can be created (just as ACS, DOC and other city agencies have done);

5. Lastly I ask this court to issue an order barring DHS from placing individuals in facilities which are not consistent with their legal gender identity, and which violate laws meant to protect against sex based discrimination (including discrimination against transgender individuals).

I pray for this, and any additional damages or relief which the court it deems just and appropriate.

Respectfully Submitted,

Mariah Lopez

PLAINTIFF

16

INDEX NUMBER _____

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

_____
                                        Plaintiff / Petitioner

- against -

_____
                                        Defendant/ Respondent,

To the best of my knowledge, information and belief,
formed after an inquiry reasonable under the circumstances,
the presentation of these papers and the contentions therein
are not frivolous as defined in subsection (c) of section 130-1.1
of the Rules of the Chief Administrator (22 NYCRR).

Sign Name: _____

Print Name: _Morlish Corger_

Address: _Homeless_

Telephone _212 476 9169_

Service of a copy of the within is hereby admitted

Dated: _____, 200__

Attorney for _____

---

*****************NOTICE OF ENTRY****************************
Madam:
Please take notice that the within is a (certified) true copy of a

_____ duly entered in the office of the clerk of

within named court on the _____ day of _____, 200__

d:

ney for: _____          Yours, etc.

_____          Petitioner /
                                 Respondent
_____          Office and Post

_____          Office Address

ney(s) for _____

******************NOTICE OF SETTLEMENT*****************
Madam:

e take notice that an _____

hich the within is a true copy will be presented for settlement

e Hon. _____, one of the Justices

e within named court at _____, on

_____, 200__ at _____ AM/PM

l: _____

_____, 200__          Yours, etc

oner

ney(s) for _____

_____

_____