# EXHIBIT E

Mariah Lopez, Plaintiff
Lopez v. City of New York et. al, 17cv 3014

Aug 6th 2018

Honorable Valerie Caproni
United States District Judge
Southern District of New York
40 Foley Square, Room 240
New York, NY 10007

Re: Lopez v. City of New York et. al, 17cv 3014


Dear Judge Caproni:

I am writing this letter to serve as an update for the court as it relates to the case and parties
and facts in the above named action. As Plaintiff I believe that the court should be made aware
of certain recent events. Also, I end the letter with a request for this court to consider appointing
me counsel, given the many developments related to the parties and witnesses to this case, as
well as my request as a Disabled person unable to continue as is.

First, I wish to inform the court that since last appearing for Magistrate Wong, a criminal
investigation lead by The New York City Inspector General for DHS/DOI into claims Marsha's
clients were neglected and abused by shelter staff/security, has picked up considerable speed.
As such, I have been asked not to engage in public discussion regarding the events I witness at
Marsha's and the investigation. It's hard for me to imagine how this case is to proceed as
normal considering the criminal probe underway.

The DOI investigation was stepped up after I recently handed a paper file and cell phone
containing evidence supporting my claims of abuse at Marsha's, over to staff of NYC Speaker
Council Corey Johnson. Speaker Johnson's office alerted General Counsel for City Counsel of
my claims about what occurred at Marsha's; I was adamant that  the file and cell phone
contained evidence of criminal activity, relevant to any DOI investigation into Marsha's. Next
General Counsel for City Counsel advised the Speaker's via his staff to forward the file and
phone to DOI. Speaker Johnson's Special Assistant Sean Coughlin eventually got the file to
DOI, and helped initiate contact between DOI and myself.

Shortly afterwards, I called in to DOI and was interviewed in accordance with the investigation,
during which time two things were made clear to me by investigators from DOI (whether directly
communicated or implied):

The first was that, the official Inspector General lead probe into what occurred last year at
Marsha's (as well as any existing pattern) is just beginning, and, based on the evidence I
provided to DOI, the Inspector General/DOI, it seems investigators and City officials are leaning
in the direction of believing mines and others resident's version of what happened at Marsha's,

specifically related to the abuses and failure by Marsha's staff and security last year. Certainly DOI is not calling myself or other former residents liars, as Mr Roberts and the other Defendants have in the past.

It is my understanding after speaking with investigators that the 'City of New York' (the Municipal Defendants via Corporation Counsel) can no longer say for sure what did not or did not occur (at Marsha's) at this point. This means Mr Roberts nor any other lawyers for the City can state or recall the events (from Marsha's) definitively, without being challenged for intentionally attempting to misguide the court, as well as for ignoring the facts apparent to everyone but the Defendants in this case.

Mr Roberts legal marching orders from the municipal Defendants do not take precedence over his obligation to be truthful before, and as an officer of, this court. How can Corporation Counsel know what occurred before DOI? City officials from DHS cannot asked City lawyers to knowingly lie or mischaracterized unsubstantiated and conflicting staff accounts, pertaining to the goings on at Marsha's (either last year or presently). This is especially true while DOI is still investigating.

I am certain from the photographic and digital proof within the cell phone I provided to investigators and Speaker Johnson, that DOI has been able to corroborate several of my claims.

The second thing which struck me as I spoke with investigators was that, until the criminal investigation of Marsha's staff security and administration beng conducted by DOI is complete, this civil proceeding should take a legal back seat to the work of the Inspector General as per the rights of criminal subjects or witnesses of the DOI probe. This is because Defendants and witnesses in this civil matter may be prompted to communicate as part of the proceedings, including giving voluntary statements or providing documents during the course of this case that may not only incriminate said Defendants and witnesses, but also jeopardize the investigation itself in the process.

In effect, this civil case presents witnesses and and subjects of the DOI criminal investigation, the unfair opportunity and impetus to compare legal notes and strategies as a part of their civil defense. What's to keep rogue shelter or security staff, who will be alerted of both the civil case and the criminal probe within this case, from reaching out to each other or even former shelter clients, especially if this case motivates them to compare stories via the pressure of criminal exposure. It is my opinion that there exists no way for this court and
within these proceedings, to ensure that statements or documents put forward in the context of this case (by either side or any party) will not taint or influence accounts of events by witnesses to, and subjects of, the criminal probe being conducted by the Inspector General/DOI.

It is my respect for the law and aspirations to possibly one day study and practice criminal defense, that forces me to highlight the rights of all individuals who may become witness or subjects of DOI's investigation, to be free from self incrimination, and that includes within the

2

context of an ongoing civil case which happens to precedes said criminal probe. Even shelter clients may inadvertently incriminate themselves as witnesses for the Plaintiff (this writer). There's no telling.

On the other hand, I also feel that the risk of tipping off the potential criminal subjects of the probe is real. DOI investigators certainly seemed concerned with subjects being tipped off of the investigation. As such I plead this court to consider ways of proceeding with the lawful review of my claims weighed against Due Process, in a which does not give criminals or suspects of a criminal investigation, an advantage.

There are roughly 20 Project Renewal and QPS staff, as well as 40 Marsha's ex residents, who need to be interviewed by DOI investigators in order for the investigation to be considered fully underway. This creates an incredibly complicated and sensitive legal situation for dozens of potential witnesses, Defendants and interested parties if this case continues with no deference or consideration given to the DOI investigation.

In terms of upcoming events or other factors I would like the court to consider or be made aware of as a matter of course, I'd like the court to also be made aware of the following;

I am pleased to announce that I have been asked by United Trans Fund (a national social justice/political org' which seeks to promote and support the election of Trans and GNC political candidates, as well as provide financial and capacity building support for Trans and GNC folk and organizations through fiscal sponsorship, training etc), to serve as the organizations New York chapter head (the fcae of UTF NYC), and I have accepted. Working with United Trans Fund presents an amazing opportunity for me to grow and evolve as an activist and professional.

United Trans Fund is also likely to serve as STARR's fiscal sponsor in the very near future.

As for my immediate schedule, I plan to be enrolled at Borough of Manhattan Community College in the next few weeks. In all likelihood, once I begin taking classes in early September I will be handing over the reigns of STARR and my 24/7 activist hat, in order to focus on school and work with United Trans Fund.

In terms of housing, I am still struggling and suffering (as DHS is still refusing to provide me with appropriate housing). I still must work the streets, my PTSD symptoms raging, my permanenet psychological scars  (as well as real, new scars) thickening. I was recently viciously assaulted while engaging in survival sex work outdoors in order to provide stable housing for myself and my service dog. I suffered a mild concussion and a laceration to my face which will most likely result in a permanent scar. I am trying to remain positive though. Its hard as I am in physical pain as well. My doctors have recomended surgeries which are impossible to plan at this point.

I ask that this court consider and prioritize my medical needs. Moving forward. I am in the process of attempting to plan/schedule multiple surgeries related to chronic pain which I am

experiencing (and which is well documented) as well as medical conditions which warrant surgery as soon as possible. Being a full time student and a full time pro se Plaintiff in a complicated civil action in Federal Court, may prove too much for me to handle.

Between the DOI investigation and my medical needs which would prevent me from fully preparing my case pro se; combined with my busy yet productive schedule set to begin a month from now, moving forward as Plaintiff pro se may soon become unfeasible.

Therefore I respectfully request for this court to consider appointing me counsel, as reasonable accommodation under the ADA. Medically speaking, proceeding as Plaintiff pro se seems impossible. I'd like to focus on school and healing my body this fall/winter.

I would also ask Your Honor to consider that I have suffered for more than a year without stable housing; street homeless while being forced to engage in survival sex work, all the while managing to remain steadfast in my planning for the future, and my version of events relating to the Defendants. I may need the help a lawyer at this point, or at least court consideration by way of a very long adjournment (allowing me to focus on school and work while DOI investigates), if and when this court's issues its ruling on Plaintiffs request for injunctive relief.

I cannot imagine how I could adhere to the requests of DOI investigators and refrain from public discussion of Marsha's House, and also prepare to proceed as pro se if and when this court moves parties and this case towards discovery and trial.

Respectfully

/s/Mariah Lopez

4