

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

THOMAS B. ROBERTS
Phone: (212) 356-0872
Fax: (212) 356-2089
E-mail: throbert@law.nyc.gov
(not for service)

July 24, 2019

**By ECF**

Honorable Ona T. Wang
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, N.Y. 10007

Re: <u>Lopez v. City of New York et. al, 17cv 3014 (VEC)(OTW)</u>

Dear Judge Wang:

Pursuant to paragraph 2 of your July 11, 2019 Order (Dkt. no. 158), I write on behalf of the Municipal Defendants to oppose Ms. Lopez' motion for class certification (Dkt. no.143). The motion must be denied for multiple reasons.

First, Ms. Lopez is acting *pro se* in this litigation, and it is well settled that a *pro se* plaintiff may not bring a class action. *Cooke v. Jones*, 2019 WL 2930009, 2019 US Dist. LEXIS 1132832 at *17-18 (D. Conn., July 8, 2019) ("as a pro se litigant, the plaintiff cannot bring a class action lawsuit." (citations omitted)); *Miller v. Zerillo*, 2007 WL 4898361, 2007 US Dist. LEXIS 96353, at *3-4 (E.D.N.Y. Nov. 2, 2007) (same, collecting cases); and *Johnson v. Newport Lorillard*, 2003 WL 169797, at *1, n.4, 2003 US Dist. LEXIS 939 (S.D.N.Y. Jan. 23, 2003) (same). This mandates denial of the motion.

Second, Ms. Lopez has not submitted evidence demonstrating that she meets the requirements of either F.R.C.P. 23(a) or 23 (b). The Supreme Court made clear in *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) that "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." (emphasis in original). "[A]ctual, not presumed, conformance with Rule 23(a) remains . . . indispensable." *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147 (1982). Here, Ms. Lopez has not defined the proposed class and has

presented no admissible evidence demonstrating compliance with any of the elements of Rule 23. This also mandates denial of the motion.

Third, on the merits of the motion, Ms. Lopez cannot satisfy the requirements of either F.R.C.P. 23(a) or 23 (b). Pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, a "party seeking [class] certification must demonstrate [that] '(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.'" *Wal-Mart*, 564 U.S. at 345 (quoting Fed. R. Civ. P. 23(a)) (internal quotation marks omitted). Additionally, "the proposed class must satisfy at least one of the three requirements listed in Rule 23(b)." *Id.*

Ms. Lopez satisfies none of these requirements. (1) In her motion, Ms. Lopez has identified four TLGBQ people whom she claims have been neglected and abused in the City's shelter system. This does not satisfy numerousity. *Lewis v. Nat'l Fin. Sys., Inc.*, No. 06-1308, 2007 WL 2455130, at *8, 2007 U.S. Dist. LEXIS 62320 (E.D.N.Y. Aug. 23, 2007) ("Although evidence of exact size or identity of class members is not required, evidence of numerosity is nonetheless required.") (citation omitted). (2) Ms. Lopez has not identified questions of law or fact that are common to the proposed class. *Wal-Mart*, 564 U.S. at 350 ("Plaintiffs' counsel make no showing whatsoever that there is a common contention '. . . of such a nature that it is capable of class-wide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'") (3) Ms. Lopez' claims or defenses are not typical of the claims or defenses of the proposed class. Typicality looks at the relationship between the proposed class representative and the rest of the class. Herbert B. Newberg, William B. Rubenstein & Alba Conte, Newberg on Class Actions § 3:26. (5th ed. 2014). Ms. Lopez' claims, among other things, that she has not been provided a reasonable accommodation because of her alleged PTSD and other medical conditions, and she seeks money damages. Her claims and the quantum of her potential damages are not typical and shared by all TLGBQ people who live in the City's shelter system. (4) The representative, Ms. Lopez – a *pro se* litigant with an individual damages claim, is not competent to fairly and adequately protect the interests of the class. Adequacy requires that class counsel is "qualified," "experienced," and "generally able to conduct the litigation," and that there are no conflicts of interest between the named plaintiffs and the other members of the class. *Marisol A. v. Guiliani*, 126 F.3d 372, 378 (2d Cir. 1997). Ms. Lopez is not a lawyer, is not experienced in class actions and would have a conflict of interest with the class members concerning the quantum of damages she should receive as opposed to the other purported class members. Similarly the questions of law or fact common to the purported class members (if a class definition were specified) would not predominate. Any case advancing the claims of multiple TLGBQ individuals living in the City's shelter system would require individual evidence of the individual "neglect or abuse" suffered by each purported class member. Each individual's claims would be different.

For the above reasons, the motion for class certification should be denied.

Respectfully,

Thomas B. Roberts
Assistant Corporation Counsel

CC: Mariah Lopez by email
Mariah4change@gmail,com