UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------X
MARIAH LOPEZ,                                               :
                                                            :
                                   Plaintiff,               :
                                                            :
              -against-                                     :
                                                            :
NEW YORK CITY DEPT. OF HOMELESS                             :
SERVICES, ET AL.,                                           :
                                   Defendants.              :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/23/2019

17-CV-3014 (VEC)
18-CV-4293(VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

Pro se plaintiff Mariah Lopez ("Lopez") brought this action against Women in Need, Inc. and its president, Christine Quinn,[1] among other defendants, alleging violations of the New York City and New York State Human Rights laws, the Americans with Disabilities Act ("ADA"), the Fair Housing Act ("FHA"), Title VI of the Civil Rights Act ("Title VI"), Section 504 of the Rehabilitation Act, the First Amendment, and the Fourteenth Amendment. The WIN Defendants moved to dismiss, and Magistrate Judge Wang recommended dismissal of all claims for lack of standing or, alternatively, for failure to state a claim. *See Lopez v. New York City Dep't of Homeless Servs.*, No. 17-CV-3014, 2019 WL 3531955, at *1 (S.D.N.Y. Aug. 2, 2019). Because Lopez's objections are meritless, the Court ADOPTS the Report and Recommendation and GRANTS the WIN Defendants' motion to dismiss; leave to amend is GRANTED subject to the parameters detailed below.

---

[1] Collectively "WIN Defendants."

1

# BACKGROUND

Lopez, a transgender woman, claims that the New York City Department of Homeless Services (DHS) transferred her to a female-only homeless shelter to keep her quiet about abuses at Marsha's House, a shelter for transgender individuals. *See* Second Amended Compl. (No. 18-CV-4293, Dkt. 1-2) at 6, 8–10.[2] DHS had transferred her from Marsha's, which is operated by Project Renewal, to a female-only shelter, WIN West, operated by the WIN Defendants. *Id.* at 10. Lopez contends that being transgender female is distinct from being cisgender female and that she has a right to a placement that is "apart from traditional 'cisgender, hetero' facilities." *Id.* at 11. Specifically, Lopez requested that she be provided housing in an apartment controlled by the WIN Defendants that is not part of the WIN West facility.[3] *Id.* at 12.

Because the WIN Defendants did not (or could not) grant Lopez's request for a different placement, she argues that the WIN Defendants violated her rights under the ADA, FHA, Title VI, Section 504 of the Rehabilitation Act, the First Amendment, and the Fourteenth Amendment, as well as discriminated against her under New York City and New York State Human Rights Laws. *Id.* at 14–15.

The WIN Defendants moved to dismiss for lack of standing and for failure to state a claim. In support of their standing argument, the WIN Defendants submitted an affidavit stating that "DHS is responsible for placing homeless women and their families at all WIN facilities, including Win West. WIN has no influence or control over who DHS sends to its

---

[2] Because the Second Amended Complaint has a pagination error, the Court cites to the page number affixed to the docket entry by the ECF system.

[3] In her later briefing, Lopez contended that she only needed a separate room "with minimal social stressors," rather than a separate apartment, but this is contradicted by her Seconded Amended Complaint. Dkt. 146.

shelters, nor does WIN have anything to do with which of its shelters any clients are placed."
Dkt. 108 at 2.  Lopez opposed the motion but did not submit any competing affidavits or other proof.  *See* Dkt. 146.

Judge Wang recommended granting the WIN Defendants' motion to dismiss in its entirety.  *See Lopez*, 2019 WL 3531955, at *1.  As to standing, Judge Wang concluded that Lopez's injuries were caused by DHS, not the WIN Defendants, and in the alternative, she concluded that Lopez failed to plausibly state a single claim for purposes of Rule 12(b)(6).  *Id.* at *3–6.

## DISCUSSION

In reviewing a Report and Recommendation (R&R), a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  The standard of review employed by the district court in reviewing an R&R depends on whether any party makes timely and specific objections to the report.  *Williams v. Phillips*, No. 03-CV-3319, 2007 WL 2710416, at *1 (S.D.N.Y. Sept. 17, 2007).  To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record."  *King v. Greiner*, No. 02-CV-5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (quoting *Wilds v. United Parcel Service, Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)).  The Court also reviews objections that are "conclusory or general" for clear error.  *See Pineda v. Masonry Const., Inc.*, 831 F. Supp. 2d 666, 671 (S.D.N.Y. 2011).  Where, however, specific objections to the R&R have been made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *see United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38–39 (2d Cir. 1997).  The Court need not consider arguments and

factual assertions that were not raised initially before the magistrate judge. *Robinson v. Keane,* No. 92-CV-6090, 1999 WL 459811 at *4 (S.D.N.Y. June 29, 1999) ("These issues were not raised before the Magistrate Judge and therefore were not addressed by him; accordingly, they may not properly be deemed 'objections' to any finding or recommendation made in the Report and Recommendation."); *see also Abu–Nassar v. Elders Futures, Inc.,* No. 88-CIV-7906, 1994 WL 445638 at *4 n.2 (S.D.N.Y. Aug. 17, 1994) ("If the Court were to consider [new arguments in an objection], it would unduly undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a report is issued to advance additional arguments.").

Because Lopez is proceeding *pro se*, the Court construes her submissions "liberally" and interpret them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 472 (2d Cir. 2006).

### A. Standing (Rule 12(b)(1))

This Court agrees with Judge Wang that Lopez's alleged injury—being transferred from a transgender-specific shelter into a female-specific shelter—was caused by DHS, not WIN Defendants, and cannot be redressed by any relief obtained from the WIN Defendants. The causation element of Article III standing requires an alleged injury to be "fairly traceable" to the defendant. *Rothstein v. UBS AG*, 708 F.3d 82, 91 (2d Cir. 2013) (citation omitted). That is, Lopez must show that the alleged injury "has not resulted from the independent action of some [] party" other than the defendant at issue. *See MGM Resorts Int'l Glob. Gaming Dev., LLC v. Malloy*, 861 F.3d 40, 44 (2d Cir. 2017); *Holland v. JPMorgan Chase Bank, N.A.*, No. 19-CV-233, 2019 WL 4054834, at *6 (S.D.N.Y. Aug. 28, 2019) ("A plaintiff proceeding against multiple defendants must establish standing as to each defendant and each claim." (citing *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 65 (2d Cir. 2012))). Here, the Court agrees with Judge

4

Wang's factual conclusion that DHS, not the WIN Defendants, has the exclusive authority to determine shelter assignments. *See Lopez*, 2019 WL 3531955, at *3 ("[E]ven if the WIN Defendants had transgender-specific housing, the WIN Defendants lacked the authority to transfer Plaintiff to that housing."). For that reason, any injury arising from DHS's transferring Lopez out of Marsha's is not fairly traceable to any actions by the WIN Defendants.

For the same reason, the R&R is correct that Lopez has not and cannot show that DHS's refusal to assign her to a transgender-appropriate shelter can be redressed by any judicial action against the WIN Defendants. The redressability element of standing requires Lopez to show a "likelihood that the injury will be redressed by a favorable decision," such that "the prospect of obtaining relief from the injury as a result of a favorable ruling is not too speculative." *Malloy*, 861 F.3d at 44 (citations omitted). Here, even if the WIN Defendants were to reject Lopez's placement, DHS will almost certainly assign Lopez to another female-only shelter, rather than return her to Marsha's House, allegedly the City's only transgender-specific shelter, where Lopez had been allegedly abused.[4]

Lopez objects to the R&R, arguing that Judge Wang should not have considered the WIN Defendants' affidavit and failed to construe her allegations in her favor. Lopez Objections (Dkt. 171) at 1. When resolving a jurisdictional issue, courts "may consider affidavits and other materials beyond the pleadings" to resolve disputed facts. *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004). Lopez's objection is therefore without merit.

Lopez also contends that Judge Wang failed to consider her allegation that the WIN Defendants colluded with DHS to retaliate against her. In fact, the R&R clearly discusses

---

[4] Because WIN Defendants' actions were unlikely to result in Lopez's transfer to a transgender-specific shelter, whether the WIN Defendants were required to reject and resist DHS's placement decision is immaterial. Lopez's objection on that point is therefore meritless. *See* Lopez Objections at 1.

Plaintiff's argument as to retaliation by the WIN Defendants. *See Lopez*, 2019 WL 3531955, at *5 n.13 ("Plaintiff suggests in her Opposition that she brought a retaliation claim against the WIN Defendants."). Moreover, the Court sees no clear error as to Judge Wang's conclusion that DHS alone was responsible for transferring Lopez.

The only injury even arguably ascribable to the WIN Defendants is their failure to accommodate Lopez within WIN West, such as by offering her a separate room apart from the other residents. In her Second Amended Complaint, however, Lopez appears to reject that theory of injury and alleges that "the only facility appropriate for me was a Transgender specific facility." *See* Second Amended Compl. at 11. Nor does the pleading contain any allegation that she requested an accommodation within WIN West or that WIN West denied such a request. *See* Second Amended Compl. at 12 ("I encouraged [Defendant Quinn] to follow the law as to my gender identity and expression (urging her to house me within her agency some place other than WIN West like an apartment."). Accordingly, the operative pleading does not allege any injury flowing from any lack of accommodation *within* WIN West; instead, it alleges injury only from the WIN Defendants' failure to transfer her to another placement.

For those reasons, any assignment-based injury caused by Lopez's transfer to a non-transgender-specific shelter is not traceable to the WIN Defendants and not redressable by any remedy against them; and no post-assignment, on-site, failure-to-accommodate injury has been alleged in the Second Amended Complaint. Because Lopez failed to establish standing to proceed against the WIN Defendants, her claims against them must be dismissed.

### B. Failure to State a Claim (Rule 12(b)(6))

Lopez contends that Judge Wang erred in concluding that the ADA is categorically inapplicable to the WIN Defendants and failing to consider the WIN Defendants' knowledge of

6

her medical conditions. Lopez Objections at 1–2. On both counts, Lopez misreads the R&R. *See Lopez*, 2019 WL 3531955, at *4 ("Because neither WIN Defendant is a government entity, Plaintiff's claims against them would be under Title III of the ADA, not Title II."); *id.* at *5 ("[T]he WIN Defendants were on notice of Plaintiff's medical needs requiring a private room."). Because Lopez's other contentions are general and conclusory and simply demand the right to discovery, the Court reviews the remainder of the R&R for clear error—and finds none.

### C. Leave to Amend

Neither party, nor the R&R, discusses whether Lopez should be granted leave to amend. The Court must "hew to the liberal standard set forth in Rule 15, which states that '[t]he court should freely give leave [to amend] when justice so requires.'" *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015). The Court concludes that Lopez's constitutional claims are futile because the WIN Defendants are not state actors; the Court grants Lopez leave to amend her statutory claims against the WIN Defendants, to the extent that she alleges a failure to accommodate at WIN West. If Lopez does amend her accommodation claims, the pleading must allege the precise accommodation within WIN West that she requested, whether such accommodation is reasonable, whether the WIN Defendants were aware at the time of Lopez's request for such accommodation, and whether the WIN Defendants denied her the requested accommodation.

If the subsequent amended complaint rehashes the same arguments as the submissions to-date, or continues to allege liability based on the WIN Defendants' failure to transfer to Lopez to another placement or their refusal to decline DHS's assignment, the new pleading may be summarily dismissed as frivolous. The new pleading may also be summarily dismissed if it is otherwise inconsistent with this Order or the R&R.

### D. Temporary Restraining Order

Lopez also previously sought a temporary restraining order, which Judge Wang recommended be denied in a separate R&R. Dkt. 116. Lopez did not file any objections to that R&R, in which the Court sees no clear error. In any event, because a temporary restraining order is a form of interim emergency relief not to last longer than fourteen days (a period that expired during Lopez's objection window), her motion is now moot. *See* Fed. R. Civ. P. 65(b). Lopez's motion for a temporary restraining order is therefore denied.

## CONCLUSION

The report & recommendation dated August 2, 2019, Dkt. 165, is ADOPTED, and the WIN Defendants' motion to dismiss is GRANTED. Lopez is granted leave to amend her complaint in a manner consistent with the foregoing. Any such amended complaint must be filed no later than **October 11, 2019**. Lopez's motion for a temporary restraining order is DENIED for the reasons set forth above.

The Clerk of Court is respectfully directed to terminate docket entries 105 and 113 and terminate Defendants Women in Need, Inc. and Christine Quinn from both of the above-captioned cases. The Clerk of Court is further requested to mail a copy of this Order to Ms. Lopez's last known address and note mailing on the docket.

**SO ORDERED.**

Date: September 23, 2019  
New York, NY

VALERIE CAPRONI  
United States District Judge