UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

MARIAH LOPEZ,

                                      Plaintiff,

          -against-                          17 CV 3014 (MKV) (OTW)

THE CITY OF NEW YORK, et al,                **STIPULATION AND**
                                                             **PROTECTIVE ORDER**
                                  Defendants.

------------------------------------------------------------------- x

      WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

      ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS EYES ONLY" if counsel determines, in good faith, that such designation is necessary to protect the interests of a person from an unwarranted invasion of personal privacy or to protect information that is proprietary, a trade secret or otherwise sensitive non-public information. However, materials produced in aid of settlement, including without limitation the materials referenced in the Court's June 16, 2020 Order (ECF 202), shall not be subject to a "CONFIDENTIAL – FOR ATTORNEYS EYES ONLY" designation, though an ordinary "CONFIDENTIAL" designation may be applied.

    Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL." Information and documents designated by a party as confidential – for attorney's eyes only will be stamped "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY."

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible.

1

Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. All documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

   a. The requesting party and counsel, including in-house counsel;
   b. Employees of such counsel assigned to and necessary to assist in the litigation;
   c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and
   d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5. All documents designated as "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY" shall not be disclosed to any person, except:

   a. The requesting counsel, including in-house counsel;
   b. Employees of such counsel assigned to and necessary to assist in the litigation;
   c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and
   d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

6. Before disclosing or displaying the Confidential Information to any person, counsel must:

   a. Inform the person of the confidential nature of the information or documents;
   b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and
   c. Require each such person to sign an agreement to be bound by this Order in the form attached hereto. The signed consent shall be retained by counsel, and a copy shall be furnished promptly to counsel for the producing party upon request, subject to any claims of privilege or attorney work product.

7. The disclosure of a document or information without designating it as "confidential" or "confidential – for attorney's eyes only" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, information that may be used for identity theft, information that identifies the name or non-DHS address of a client of the NYC Department of Homeless Services) may be redacted from information or documents exchanged in discovery, provided counsel provide a redaction log or apply a redaction label that reads "REDACTED-PII." PII that is inadvertently or intentionally exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential.

9. In the event a party challenges another party's use of redactions or designation of "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY," counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court.

10. Pursuant to Federal Rule of Civil Procedure 502, inadvertent disclosure of privileged communications shall not constitute a waiver of the privilege in this matter provided the parties follow the steps set forth in Rule 502.

11. Notwithstanding the designation of information as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal before filing any Confidential Information with the Court.

12. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

**SO STIPULATED AND AGREED.**

By: *[signature]*
CENTER FOR
CONSTITUTIONAL RIGHTS
Chinyere Ezie
666 Broadway, 7th Floor
New York, NY 10012
Tel: (212) 614-6464

*Counsel for Plaintiff*
Dated: June 29, 2020

By: *[signature]*
JAMES E. JOHNSON
Corporation Counsel of the City of New York
Thomas B. Roberts
Assistant Corporation Counsel
100 Church Street
New York, NY 10007
(212) 356-0872

*Counsel for Defendant*
Dated: June 29, 2020

**SO ORDERED.**

_____
Ona T Wang
United States Magistrate Judge

Dated:   New York, New York
         30 June 2020

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
MARIAH LOPEZ,

                        Plaintiff,                17cv 3014 (MKV)(OTW)

    -against-

THE CITY OF NEW YORK, et al

                        Defendants.
------------------------------------------------------------x

### Agreement

I, _____, state that:

1. I have received a copy of the Stipulation and proposed Protective Order (the "**Stipulation**") entered in the above-entitled action on _____.
2. I have carefully read and understand the provisions of the Stipulation.
3. I will comply with all of the provisions of the Stipulation.
4. I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this action, any Confidential Material as defined in the Stipulation or identifying information derived therefrom that is disclosed to me.
5. I will return all Confidential Material that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Material.
6. I hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcement of the Stipulation in this action.

Dated: _____

Signed:

_____
Print Name