# EXHIBIT 3

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This is a Settlement Agreement and General Release (the "Agreement") by and between plaintiff Mariah Lopez ("Plaintiff") and defendant Quality Protection Services, Inc. ("QPS"), two of the parties (the "Parties") to the matter of *Mariah Lopez vs. NYC Department of Homeless Services, et al.*, Case No. 1:17-cv-03014 (VEC), United States District Court for the Southern District of New York (the "Action"). The Parties recite, agree and provide as follows:





- 2 -







5. **General Release of All Claims by Plaintiff.** In consideration of the covenants contained in this Settlement Agreement by QPS, to which Plaintiff is not otherwise entitled, Plaintiff hereby releases the Releasees from, and holds them harmless against, any and all claims, obligations, liabilities, promises, agreements, damages, actions or expenses (including attorney's costs) of any nature whatsoever, known or unknown, which Plaintiff may have now or claims to have against QPS or any of the Releasees, jointly, severally or singly, in both their individual and representative capacities, that may be waived or released by law, which have arisen or which may arise by reason of any matter, cause or thing whatsoever, from the beginning of time to the date of Plaintiff's execution of this Agreement. The terms "claims, obligations, liabilities, promises, agreements, damages, actions or expenses" include, but are not limited to, any and all claims of age, disability, national origin, retaliation, race, sex, religion, and/or other forms of discrimination, breach of express or implied contract, breach of an implied covenant of good faith and fair dealing, violation of public policy, defamation or misrepresentation, libel, slander, intentional tort, whistleblower or

wrongful dismissal arising under any federal, state or local common or statutory law; or any other claim before any state or federal court, tribunal, or administrative agency, arising out of or in any way related to Plaintiff's assignment to, residency at and removal from the Marsha's House Shelter; or any claim for attorneys' fees, physical or emotional distress or injuries, punitive damages, compensatory damages, or any other duty or obligation of any kind or description whether arising in law or equity (the "Released Matters"), with the exception of any claims arising out of the enforcement of this Settlement Agreement. This General Release constitutes a waiver and release of any and all rights and claims Plaintiff has under the New York State Human Rights Law, New York City Human Rights Law, Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Civil Rights Act of 1991, the Americans With Disabilities Act ("ADA"), the Fair Housing Act ("FHA"), and any claims arising out of the United States Constitution.

6. **Limitations on the General Release.** For the avoidance of doubt, the release in Paragraph 5 of this Agreement is limited by the following:

    6.1. This General Release does not release the Parties from obligations under this Agreement. Either party may bring a claim for breach of this Agreement. If either party brings any claim or action for breach of this Agreement or to enforce its respective rights under this Agreement, the prevailing party shall be entitled to reasonable attorneys' fees and costs that they incur in connection therewith.

    6.2. Nothing contained in this Agreement is intended to, or shall, interfere with Plaintiff's rights under federal, state, or local civil rights or equal housing laws (including, but not limited to, Title VII, the ADA, the FHA or their state or local counterparts) to file or otherwise institute a charge of discrimination, to participate in a proceeding with any appropriate federal, state, or local government agency enforcing discrimination laws, or to cooperate with any such

agency in its investigation, none of which shall constitute a breach of this Agreement. Notwithstanding the foregoing, Plaintiff shall not, however, be entitled to any relief, recovery, or monies in connection with any such complaint, charge or proceeding brought against QPS and/or any of the other Releasees, regardless of who filed or initiated any such complaint, charge, or proceeding.

6.3. The Parties intend that the General Release shall be as broad as possible and shall apply to all claims not specifically excepted, to the greatest extent permitted by applicable law.

7. **Sufficient Consideration.** The Parties acknowledge that they have received sufficient consideration as set forth in this Agreement, including but not limited to the General Release and Settlement Payment provided herein. The Parties expressly acknowledge that the release provisions herein shall be given full force and effect in accordance with each and all of the terms and provisions expressed herein, including but not limited to those terms and provisions relating to unknown or unsuspected rights, claims, demands and causes of action, if any, to the same effect as those terms and provisions relating to any other claims, demands or causes of action herein specified.

8. **Covenant Not to Sue.** In consideration of QPS' undertakings in this Agreement, including the payment of the Settlement Sum described in Paragraph 3 and its subparts, to which Plaintiff is not otherwise entitled, Plaintiff, for herself, her heirs, executors, administrators, attorneys, agents and assigns promises not to sue QPS or any of the other Releasees, both in their individual and representative capacities, based on any claim which Plaintiff may have or claim to have against any of them, whether or not presently known to her, as a result of or related to her assignment to, her residency at, or her reassignment from the Marsha's House shelter, or any subject covered in the General Release contained in Paragraph 5 from the beginning of time to the date of Plaintiff's

execution of this Agreement, with the exception of claims arising out of or attributable to: (i) events, acts, or omissions taking place after QPS' execution of the Agreement; and (ii) QPS' breach of any terms and conditions of the Agreement, or any claims arising out of the enforcement of the Agreement. If Plaintiff institutes, is a party or is a member of a class that institutes any claim or action against the Releasees, Plaintiff agrees that her claims shall be dismissed or class membership terminated immediately upon presentation of this Agreement. Plaintiff shall execute any papers necessary to achieve this end. Plaintiff shall reimburse the Releasees for all legal fees, costs, and disbursements they incur in defending and obtaining the dismissal of such claims instituted with Plaintiff's consent.



Case 1:17-cv-03014-MKV-OTW   Document 236-3   Filed 09/20/21   Page 10 of 17



- 9 -

- 10 -







- 13 -



IN WITNESS HEREOF, the Parties now voluntarily and knowingly execute this this Settlement Agreement and General Release as follows:

Dated:   April 24, 2019          SIGNED AND AGREED TO:

_____
Mariah Lopez

STATE OF NEW YORK  )
                   ) ss.:
COUNTY OF          )

On April 24, 2019, before me personally appeared Mariah Lopez, known to me to be the individual whose name is subscribed therein, and executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that she executed the same.

NERESA ANNE DE BIASI
NOTARY PUBLIC-STATE OF NEW YORK    _____
No. 02DE6361128                    Notary Public
Qualified In New York County
My Commission Expires 07-03-2021

[Remainder of Page Intentionally Left Blank]

Dated:   April _____, 2019        SIGNED AND AGREED TO:

_____
Quality Protection Services, Inc.

By:

Title:

*[Remainder of Page Intentionally Left Blank]*

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------

MARIAH LOPEZ,

                      Plaintiff,

-v.-

NYC DEPT OF HOMELESS SERVICES, NYC
HUMAN RESOURCES ADMINISTRATION,
PROJECT RENEWAL INC, QPS SECURITY INC,
WIN INC, CHRISTINE Q. QUINN,

                      Defendants.
------------------------------------------------------------------------

**STIPULATION OF DISMISSAL WITH PREJUDICE**

Case No. 1:17-cv-03014 (VEC)

**WHEREAS**, no party to this Stipulation of Dismissal With Prejudice is an infant, an incompetent person for whom a committee has been appointed, or conservatee, and that no person not a party has an interest in the subject matter of this action as between the undersigned;

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned parties to the above-entitled action listed below and their attorneys of record, that Plaintiff hereby voluntarily dismisses with prejudice all claims, counterclaims and defenses asserted in this action as against Quality Protection Services, Inc., incorrectly named herein as QPS Security, Inc., without costs, expenses or attorneys' fees to either party.

MARIAH LOPEZ
*Plaintiff Pro Se*

By: _____
Mariah Lopez
mariah4change@gmail.com

Dated: 4/24/19

CLIFTON BUDD & DeMARIA, LLP
*Attorneys for Quality Protection Services, Inc.*

By: _____
Stephen P. Pischl, Esq.
350 Fifth Ave 61st Floor
New York, NY 10118
sppischl@cbdm.com

Dated: 04/24/2019