UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| MARIAH LOPEZ,<br><br>       Plaintiff,<br><br>-against-<br><br>THE NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES, et al.<br><br>Defendants. | **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REDACT DOCUMENT & FILE UNDER SEAL**<br><br><br><br>Case No. 1:17-cv-03014-MKV-OTW |

_____

  On May 4, 2023, this Court entered an order requesting detailed submissions regarding Plaintiff Mariah Lopez ("Plaintiff," "Ms. Lopez"), including without limitation "whether Plaintiff currently resides primarily in New York City," "the dates of Plaintiff's residence in New York City," "whether Plaintiff *presently* is homeless or has a stable residence," and "whether Plaintiff has spent any extended periods (e.g. more than two weeks at a time) outside of New York City." ECF No. 264 at 12 (emphasis added). The Declaration of Plaintiff Mariah Lopez ("Lopez Declaration"), filed herewith, responds to these questions, at times by providing, or otherwise referring to, confidential and sensitive information concerning Ms. Lopez, including her current and former places of residence, sources of income, crime victim status, and identities and medical information of third parties.

  Plaintiff respectfully requests that the Court enter an order authorizing her to redact and file under seal portions of the Lopez Declaration that contain this sensitive personal information. "The right to access court documents is not absolute and can easily give way to privacy interests or other considerations." *In re Fairfield Sentry Ltd.*, 714 F.3d 127, 140 (2d Cir. 2013) (cleaned up). Accordingly, courts in the Second Circuit have approved the redaction and sealing of court

documents in a variety of cases, including to protect the "privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). In the instant case, two important factors warrant granting Plaintiff's motion to redact portions of the Lopez Declaration: Ms. Lopez's privacy interests, and considerations related to Ms. Lopez's safety.

Ms. Lopez is an outspoken advocate for the rights of transgender individuals and individuals with disabilities who has been frequently targeted for harassment due to her activism. Lopez Decl. ¶ 28. She is also a survivor of domestic violence and sex trafficking, Lopez Decl. ¶¶ 9-13, 19, 29, who has been subjected to criminal stalking on previous occasions. Ms. Lopez keeps personal information—such as her current place of residence—strictly private for purposes of her safety. Lopez Decl. ¶ 29. As such, redacting Ms. Lopez's residence information is appropriate to prevent the harassment and stalking that would likely reoccur if this information was disclosed to the public. *See Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (authorizing the redaction of "sensitive personal information…including home addresses [and] biographical information"); *Lugosch*, 435 F.3d at 120 (authorizing sealing where "essential to preserve higher values and [] narrowly tailored to serve that interest.").

Ms. Lopez's privacy interests will also be injured if an unredacted version of the Lopez Declaration is disclosed to the public, because it includes private and sensitive content. Courts in the Second Circuit "have long declined to allow public access simply to cater to a morbid craving for that which is sensational and impure." *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) (cleaned up). Courts also consider the degree to which the subject matter is traditionally considered a private, personal matter, when deciding if there is a presumption or need for public access. *Id.* at 1051; *accord Dependable Sales & Serv., Inc. v. TrueCar, Inc.*, 311 F. Supp. 3d 653, 666 (S.D.N.Y. 2018).

The Lopez Declaration includes information "traditionally considered private rather than public" under the Second Circuit's rubric. *Amodeo*, 71 F.3d at 1051. This includes medical information concerning Ms. Lopez's non-party family members, embarrassing financial information, information about the exploitation she endured during time periods for which she lacked stable housing, and her sources of income. Lopez Decl. ¶¶ 5, 9-10, 12-13, 15-17, 19, 21-22, 26. *See also Amodeo*, 71 F.3d at 1051 (describing "family affairs, illnesses, *embarrassing* conduct with no public ramifications" as traditionally private).

Ms. Lopez also has well-founded concerns that her private information will be used for improper purposes if it is disclosed to the public, as Ms. Lopez's private and personal information has previously been used to harass and embarrass her by opponents of her public advocacy. Lopez Decl. 28-29. Since courts have the "supervisory power" to ensure that public access is not "a vehicle for improper purposes," and that judicial documents are not "used to gratify private spite," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (internal quotation omitted), authorizing redactions is appropriate here.

Finally, the relief that Plaintiff requests from this Court is exceedingly narrow. Plaintiff's proposed redactions are minimal–limited to just a few sentences in her Declaration. *See TrueCar*, 311 F. Supp. 3d at 666 (approving of redactions that were limited in scope). As such, Plaintiff's redaction motion should be granted because the relief Plaintiff seeks is "narrowly tailored," and the safety and privacy interests she asserts are sufficent to "overcome the presumption of public access." *Dodona I*, 119 F. Supp. 3d at 156-57 (authorizing the use of redactions to protect sensitive personal information).

For the reasons set forth above, Plaintiff respectfully requests that the Court grant her Motion to Redact portions of the Lopez Declaration, and permit her to file an unredacted copy of the Declaration under seal.

Respectfully submitted,

_____
A. Chinyere Ezie
Senior Staff Attorney
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
cezie@ccrjustice.org